**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| WINIFRED BLACKLEDGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CASE NO. 2:06CV321-ID |
| ALABMA DEPARTMETN OF | ) |
| MENTAL HEALTH & MENTAL | ) |
| RETARDATION & COMMISSONER | ) |
| JOHN HOUSTON, in his Official | ) |
| Capacity as Commissioner of the | ) |
| Alabama Department of Mental | ) |
| Health & Mental Retardation | ) |
| | ) |
|     Defendants. | ) |

**ANSWER**

    COMES NOW, the Defendants, Alabama Department of Mental Health & Mental Retardation and Commissioner John Houston, in his Official Capacity as Commissioner of the Alabama Department of Mental Health & Mental Retardation, by and through Deputy Attorney General, Courtney W. Tarver, and without waiving any defenses, make Answer to the allegations of the Plaintiff's Complaint filed on April 17, 2006, as follows:

**JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

1.  Paragraph 1 is admitted as to the legal provisions cited as the basis for this action and as to those cited as the basis for jurisdiction. Insofar as factual statements requiring an answer are made, those allegations are denied.

2.  Paragraph 2's first sentence is admitted to the extent that the complaint relates to an EEOC charge no. 130-2004-03106, concerning Ms. Blackledge's failure to be selected

for what would have been a promotion to the position of Community Service Specialist III that was announced in October 2003 and any actions by the defendants in that selection occurred within 180 prior to June 8, 2004 when the EEOC complaint relevant to this lawsuit was filed.  Paragraph 2's first sentence is denied as to any other positions sought or actions related to promotions sought or other alleged illegal actions by DMH/MR or Commissioner Houston which occurred prior to that time.  Paragraph 2's second sentence is admitted.  The third sentence in this paragraph is admitted to the same extent as described in the answer to the first sentence of Paragraph 2 above, and denied to the extent that this lawsuit attempts to include matters either not addressed in the EEOC complaint relating to this lawsuit or for actions that occurred more than 180 days prior to the date the EEOC complaint was submitted, June 8, 2004.  The fourth sentence of paragraph 2 is admitted as to the EEOC's finding but denied as to the legal appropriateness of that finding or of this lawsuit.

3. The first sentence of Paragraph 3 is admitted to the extent that unlawful employment practices are alleged.  The second sentence of Paragraph 3 is admitted.

## PARTIES

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted except as to this governmental agency defendant being subject to suit under 42 U.S.C. § 1983.

6. Paragraph 6 is admitted except as to Commissioner Houston being subject to suit in his official capacity under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

7. In response to paragraph 7, defendants incorporate by reference the foregoing answers to paragraphs 1—6 above, as though fully stated herein.

8. The allegations in Paragraph 8 are admitted to the extent that it means Ms. Blackledge was a Habilitation Treatment Coordinator.

9. The allegations in paragraph 9 are denied.

10. The allegations in paragraph 10 are admitted in part and denied in part. Defendants admit that the plaintiff filed an EEOC Charge. Defendants deny that the plaintiff has continuously complained about said discriminatory practices. Defendants admit that the EEOC investigated such charge and found reasonable cause that violations occurred. Defendants deny that plaintiff has been improperly, "passed over for promotional opportunities in which she was interested in applied for and qualified for."

11. The allegations in paragraph 11 are denied.

12. The allegations in paragraph 12 are admitted.

13. The allegations in paragraph 13 are admitted.

14. The allegations in paragraph 14 are denied.

15. The allegations in paragraph 15 are admitted in part and denied in part. Defendants admit that a Planning Quality Assurance II position posted in September 2002 was in fact filled by a white female. Defendants deny that said white Female had less experience than Plaintiff. Defendants further deny that the administrative prerequisites related to this position were met to make anything related to it actionable in this cause.

16. The allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 are admitted.

18. The allegations in paragraph 18 are admitted.

19. The allegations in paragraph 19 are denied in part and admitted in part. Defendants deny that the Plaintiff was as qualified, if not more qualified, than the individual receiving the promotion. Defendants admit that the Plaintiff had been employed with the Defendant Department for approximately 18 years and with the Community Services Division for approximately 15 years.

20. The allegations in paragraph 20 are denied.

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 are admitted. However, it is denied that the administrative prerequisites related to this position were met to make anything related to it actionable in this cause.

24. The allegations in paragraph 24 are admitted.

25. The allegations in paragraph 25 are denied in part and admitted in part. Defendants deny that the Plaintiff was as qualified, if not more qualified then the individual who received the promotion. Defendants admit that the Plaintiff was employed with the Defendant for approximately 16 years.

26. The allegations in paragraph 26 are denied.

27. The allegations in paragraph 27 are denied.

28. The allegations in paragraph 28 are denied.

29. The allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 are denied.

31. The allegations in paragraph 31 are denied.

32. The allegations in paragraph 32 are denied.

33. The allegations in paragraph 33 are denied.

## IV. CAUSES OF ACTION

### A. RACE DISCRIMINATION IN PROMOTIONS

34. In response to paragraph 34, defendants incorporate by reference the foregoing answers to paragraphs 1—33 above, as though fully stated herein.

35. The allegations in paragraph 35 are denied.

36. The allegations in paragraph 36 are denied to the extent that any violations of the law are included therein.

37. The allegations in paragraph 37 are denied.

38. The allegations in paragraph 38 are denied to the extent that any violations of the law are included therein.

39. The allegations in paragraph 39 are denied.

40. The allegations in paragraph 40 are denied to the extent that any violations of the law are included therein.

41. The allegations in paragraph 41 are denied.

42. The allegations in paragraph 42 are denied.

43. The allegations in paragraph 43 are denied.

44. The allegations in paragraph 44 are denied.

45. The allegations in paragraph 45 are denied.

46. Defendants deny in its entirety the appropriateness of plaintiff's relief sought in paragraph 46 and deny that any relief whatsoever is due to the plaintiff.

**V.    PRAYER FOR RELIEF**

Wherefore, the defendants respectfully urge this court to deny any and all relief sought by the plaintiff in this cause

**AFFIRMATIVE DEFENSES**

47. The Complaint fails to state a claim upon which relief can be granted as to the indicated claims where administrative prerequisites to the filing of this lawsuit were not met.

48. Defendants assert that the plaintiff has not stated a claim nor does she have a cause of action against defendants Department of Mental Health and Mental Retardation & Commissioner John Houston, In his Official Capacity as Commissioner of the Alabama Department of Mental Health & Mental Retardation under 42 U.S.C. § 1983 as no person was sued in their individual capacity for damages.

49. Defendants assert that the plaintiff has not fulfilled all conditions precedent to the initiation of this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

50. To the extent that any allegations in the complaint involve incidents beyond 180 days prior to the filing of her EEOC complaint, those allegations are barred.

51. To the extent the Ms. Blackledge raises issues in this lawsuit not claimed in the EEOC complaint related to this cause, those claims are barred.

52. Any portion of the Complaint that purports to rely upon the law of the State of Alabama, fails to state a claim upon which relief can be granted.

53. At all time relevant herein, the actions of the defendant regarding or affecting the plaintiff were based upon legitimate and necessary nondiscriminatory management practices, unrelated to race.

54. The complaint is insufficient pursuant to Fed. R. Civ. P., Rules 8 (a) and 10 (b).

55. As to any cognizable state law claim, this action is barred by sovereign immunity under the Constitution of Alabama, 1901, Article 1, Section 14.

56. There is no causal connection between any facts alleged in the Complaint and any cognizable injury alleged.

57. Employees similarly situated to the plaintiff and the plaintiff were treated the same by defendants.

58. Defendants generally deny that the plaintiff was subjected to any disparate or differential treatment by the defendants due to her race.

59. Defendants generally deny each and every allegation of discrimination.

60. At all time relevant herein the defendants acted in good faith in dealing with the plaintiff.

61. Other than the Title VII exceptions, this action is barred by the Eleventh Amendment.

62. To the extent plaintiff alleges violations of rights which have been presented to a state court administrative forum affording similar rights to a court, this action is barred the *Rooker-Feldman Doctrine* and/or pursuant to former adjudication principles of res judicata and collateral estoppel.

63. Similarly, to the extent the extent that the plaintiff's allegations are impacted upon by unique state forums, policy, and regulatory procedures and circumstances primarily within the province of state officials, this action is barred by principles of comity and "Our

Federalism" embodied in the *Younger, Pullman, Burford, Colorado River* and other Abstention Doctrines.

64. The defendants plead the statutory authority afforded the Commissioner of the Alabama Department of Mental Health & Mental Retardation in *Ala.Code, 1975 §§* 22-50-9, -11, -16 and -40 through -42 as amended, along with policies, procedures, directives and plans implementing that authority.

65. The defendants plead the Alabama Department of Mental Health Consolidation Plan of 2003 and its related implementation directives, plans, related to employment priorities.

66. To the extent this court determines that an individual is sued in this cause in his or her individual capacity, that individual is entitled to qualified immunity.

67. The defendants plead the *Mt. Healthy* Defense.

68. Defendants deny that plaintiff is entitled to any relief in this action.

Respectfully submitted this the 28th day of June, 2006.

                TROY KING (KIN047)
                ATTORNEY GENERAL

                /s/ Courtney W. Tarver
                COURTNEY W. TARVER (TAR009)
                Deputy Attorney General &
                 General Counsel
                State of Alabama Department of
                   Mental Health and Mental Retardation
                ATTORNEY FOR THE DEFENDANTS

ADDRESS OF COUNSEL:

State of Alabama Department of
   Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
(334)242-3038 (phone); 242-0924 (fax)

**CERTIFICATE OF SERVICE**

   I hereby certify that on June 28, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following: Rocco Calamusa, Esq., Joshua D. Wilson, Esq., and Benjamin J. DeGweck, Esq.

Rocco Calamusa, Esq.
Joshua D. Wilson, Esq.
Benjamin J. DeGweck, Esq.
Wiggins, Childs, Quinn & Pantazis, P. C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

                /s/ Courtney W. Tarver
                Courtney W. Tarver