IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION NUMBER:** |
| | ) | |
| | ) | **CV-2:06CV321-ID** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | **JURY DEMAND** |
| **MENTAL HEALTH & MENTAL** | ) | |
| **RETARDATION & COMMISSIONER** | ) | |
| **JOHN HOUSTON, in his Official** | ) | |
| **as Commissioner of the Alabama** | ) | |
| **Capacity Department of Mental Health** | ) | |
| **& Mental Retardation** | ) | |
| | ) | |
| **Defendants.** | ) | |

**FIRST AMENDED COMPLAINT**
_____

Plaintiff Winnifred Blackledge (hereinafter "Plaintiff") hereby amends her original Complaint adding a cause of action for Retaliation in violation of Title VII (42 U.S.C. § 2000, et. seq. as amended and 42 U.S.C. § 1981 and § 1981(a)).

Plaintiff hereby adopts and reincorporates by reference paragraphs 1-46 of the Original Complaint as if fully set out herein and adds the following:

IV.   **CAUSES OF ACTION**

    B.   **COUNT II: RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000, et. seq. as amended) and 42 U.S.C. § 1981 and 1981(a):**

1

47. Plaintiff has been retaliated against for opposing racial discrimination and racial harassment in employment.

48. Plaintiff filed an EEOC Charge on June 8, 2004 alleging discrimination on the basis of her race. The EEOC found cause that discrimination existed and issued a right to sue on March 22, 2006. On April 10, 2006 Plaintiff filed a lawsuit against the Alabama State Department of Mental Health and Mental Retardation and Commissioner John Houston. Plaintiff has also made numerous internal complaints of discrimination and harassment.

49. The parties are currently involved in discovery. In the Court's Uniform Scheduling Order (Doc. #11, Section 4) Plaintiff was allowed until October 24, 2006 to amend the pleadings. However, recent events have caused Plaintiff to file an additional EEOC charge on January 9, 2007 adding a retaliation claim.

50. Since the date of filing her initial EEOC charge, her original complaint and the internal complaints of harassment and discrimination Plaintiff has been retaliated against on numerous occasions. Such retaliation has materially altered her employment and her ability to do her job. Most recently, she was given a completely false and adverse performance appraisal. She has been adversely affected by these discriminatory practices as her salary is directly related to performance appraisals. She has also suffered other materially adverse terms and conditions of employment due to retaliation.

51. Upon information and belief, the adverse actions taken against her by Defendant have been done in an attempt to force her out of her employment.

52. The effect of the defendants' retaliation as outlined above has been to deprive the Plaintiff of the right to oppose discriminatory business practices in violation of Title VII and 42

U.S.C. § 1981 and 1981(a).

53. As a further consequence and effect of the defendants' unlawful conduct and practices, the Plaintiff has been deprived of income and other compensation and benefits.

54. Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of defendant's retaliatory, demeaning, and unlawful conduct.

55. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief. The Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

56. This malicious, reckless and willful discrimination on the part of the defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. § 1981 and 1981(a).

### V.   **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981.

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors,

      employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", and 42 U.S.C. §2000e et seq., 42 U.S.C. §1981.

3. Enter an order requiring the defendant to make the Plaintiff whole by awarding her the position(s), pay and benefits she would have occupied in the absence of race discrimination, back-pay (plus interest), compensatory damages and/or nominal damages, declaratory and injunctive relief, equitable relief, and benefits.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

/s/ Joshua D. Wilson
Joshua D. Wilson
ASB # 3398 J73W
*Attorney for the Plaintiff*

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 - phone
(205) 254-1500 - fax

**CERTIFICATE OF SERVICE**

I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax:   (334) 242-0924

This the ___10th___ Day of ___January___, 2007.

/s/ Joshua D. Wilson
Of Counsel

37532.wpd                                                        5