IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WINIFRED BLACKLEDGE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CIVIL ACTION NUMBER: |
| ) | |
| ) | CV-2:06CV321-ID |
| ) | |
| **ALABAMA DEPARTMENT OF** ) | JURY DEMAND |
| **MENTAL HEALTH & MENTAL** ) | |
| **RETARDATION & COMMISSIONER** ) | |
| **JOHN HOUSTON, in his Official** ) | |
| **as Commissioner of the Alabama** ) | |
| **Capacity Department of Mental Health** ) | |
| **& Mental Retardation** ) | |
| ) | |
| **Defendants.** ) | |

## FIRST AMENDED COMPLAINT
_____

Plaintiff Winnifred Blackledge (hereinafter "Plaintiff") hereby amends her original Complaint adding a cause of action for Retaliation in violation of Title VII (42 U.S.C. § 2000, et. seq. as amended and 42 U.S.C. § 1981 and § 1981(a)).

**I.    JURISDICTION, VENUE AND ADMINISTRATIVE PREREQUISITES**

1.    The jurisdiction of this Court is invoked pursuant to the Act of Congress known as 28 U.S.C. §§1331, 1334(4), 2201 and 2202, 42 U.S.C. §2000e et seq. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981 and 42 U.S.C. §1983. The jurisdiction of this Court is invoked to secure protection of and  redress

deprivation of rights secured by these statutes which provide for injunctive and other relief against race discrimination in employment.

2.   The plaintiff timely filed her charge of race discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days after the last discriminatory treatment. The plaintiff further filed her race discrimination suit within 90 days after receipt of her right-to-sue letter issued from the EEOC. The plaintiff has met all conditions precedent for filing this case under Title VII. The EEOC found reasonable cause that violations occurred.

3.   A substantial part of the unlawful employment practices challenged in this action occurred in Baldwin County, Alabama. Venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e.

## II.   PARTIES

4.   Plaintiff Winifred Blackledge is an African-American citizen of the United States and a resident of the State of Alabama. The plaintiff is employed by the defendant at its Daphne, Alabama location (Region III).

5.   Defendant Alabama Department of Mental Health & Mental Retardation is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981 and 42 U.S.C. §1983. The defendant employs at least fifteen (15) persons and conducts its business in the State of Alabama.

6.   Defendant John Houston, Commissioner of the Alabama Department of Mental Health & Mental Retardation, is a person subject to suit in his official capacity as Commissioner, under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the

"Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981 and 42 U.S.C. §1983.

**III.     FACTUAL ALLEGATIONS**

7.      The plaintiff re-alleges and incorporates by reference paragraphs 1-6 with the same force and effect as if fully set out in specific detail hereinbelow.

8.      The plaintiff has been employed with defendant from approximately 1987 through the present. She is currently employed as a Mental Health Social Worker II. She has been in a Mental Health Social Worker II position in the Community Services Division since approximately 1989. Prior to this position, she was a Treatment Coordinator at the Brewer Center.

9.      Throughout plaintiff's employment she has been repeatedly denied promotions on the basis of her race, African-American. Such conduct has caused her to be discriminated against in regards to promotions, pay, work assignments and other terms, conditions and privileges of employment.

10.     The plaintiff has continuously complained about said discriminatory practices, and has in fact filed an EEOC Charge challenging said practices. The EEOC investigated such charge and found reasonable cause that violations occurred. Despite such complaints, plaintiff has continued to be passed over for promotional opportunities in which she was interested in applied for and qualified for.

11.     Defendant has delayed in posting job opportunities and caused delays in filling positions, thus manipulating the job promotion system and allowing defendant to pre-select white candidates for positions over qualified black applicants.

12.     In September 2002, the position of Planning Quality Assurance II was posted and

opened.

13. Plaintiff was interested in said position and applied through the proper channels.

14. Plaintiff was as qualified, if not more qualified, than the individual who received the promotion.

15. The position was given to a white female with less experience than Plaintiff.

16. Prior to opening said position and conducting interviews, Defendant had already pre-selected a white candidate to fill said position.

17. In October 2003, the position of Community Service Specialist III (CSS III) was posted and opened.

18. Plaintiff was interested in said position and applied through the proper channels.

19. Plaintiff was as qualified, if not more qualified, than the individual who received the promotion. In fact, plaintiff had been employed with Defendant for approximately 16 years and with the Community Services Division for approximately 15 years at the time.

20. Plaintiff was already performing the job duties of the CSS III position for several years.

21. The position was given to a white female with no experience in the Community Service Department.

22. Prior to opening said position and conducting interviews, Defendant had already pre-selected a white candidate to fill said position.

23. In April 2004 a Planning & Quality Assurance Specialist II position was opened.

24. Plaintiff was interested in said position and applied through the proper channels.

25. Plaintiff was as qualified, if not more qualified, than the individual who received the

promotion. In fact, plaintiff had been employed with Defendant for approximately 16 years at the time.

26. The position was given to a white female with less experience than plaintiff.

27. Prior to opening said position and conducting interviews, Defendant had already pre-selected a white candidate to fill said position.

28. Upon information and belief, Defendant pre-selected said white employees for the positions.

29. Defendant utilizes a predominantly white interview panel and a subjective interview process which results in white applicants ranking higher than all of the black applicants.

29. The defendant has a pattern and practice of race discrimination.

30. The defendant has no legitimate non-discriminatory reason for its conduct.

32. Because of defendants discriminatory conduct plaintiff has been caused to suffer severe emotional distress, embarrassment and humiliation.

33. Defendant has acted with malice and reckless indifference towards the plaintiff.

34. Since the date of filing her initial EEOC charge, her original complaint and the internal complaints of harassment and discrimination Plaintiff has been retaliated against on numerous occasions. Such retaliation has materially altered her employment and her ability to do her job. Most recently, she was given a completely false and adverse performance appraisal. She has been adversely affected by these discriminatory practices as her salary is directly related to performance appraisals. She has also suffered other materially adverse terms and conditions of employment due to retaliation, including but not limited to income and other compensation and benefits.

IV.     **CAUSES OF ACTION**

    A.     **COUNT I:  RACE DISCRIMINATION IN PROMOTIONS**

35.     The plaintiff re-alleges and incorporates by reference paragraphs 1-34 with the same force and effect as if fully set out in specific detail hereinbelow.

36.     Plaintiff has been denied promotions she was interested in, she applied for, and was qualified for in favor of lesser qualified white employees.

37.     In approximately September 2002, the plaintiff was passed over for a promotion to the Planning Quality Assurance II position, which she was interested in, applied for and was qualified for.

38.     Plaintiff is as qualified, if not more qualified for the position than the white candidate selected and the reason she was not selected for such position was because of her race, African-American.  Defendant has no legitimate or non-discriminatory reason for selecting said white candidate for the position over plaintiff.

39.     In approximately October of 2003 the plaintiff was passed over for a promotion to the Community Service Specialist III position, which she was interested in, applied for and was qualified for.

40.     Plaintiff is as qualified, if not more qualified for the position than the white candidate selected and the reason she was not selected for such position was because of her race, African-American.  Defendant has no legitimate or non-discriminatory reason for selecting said white candidate for the position over plaintiff.

41.     In approximately April 2004 the plaintiff was passed over for a promotion to the Planning & Quality Assurance Specialist II position, which she was interested in, applied for and was

qualified for.

42.   Plaintiff is as qualified, if not more qualified for the position than the white candidate selected and the reason she was not selected for such position was because of her race, African-American.  Defendant has no legitimate or non-discriminatory reason for selecting said white candidate for the position over plaintiff.

43.   The defendant has a pattern and practice of race discrimination and retaliation.

44.   The defendant has no legitimate non-discriminatory reasons for its conduct.

45.   Because of such conduct, plaintiff has suffered severe emotional distress, embarrassment and humiliation.

46.   Defendant acted with malice and/or reckless indifference toward the plaintiff.

47.   The plaintiff seeks to redress the wrongs alleged herein and this suit for back-pay plus interest, injunctive and declaratory judgment is her only means of securing adequate relief.  The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

**B.   COUNT II:  RETALIATION IN VIOLATION OF TITLE VII (42 U.S.C. § 2000, et. seq. as amended) and 42 U.S.C. § 1981 and 1981(a):**

47.   The plaintiff re-alleges and incorporates by reference paragraphs 1-47 with the same force and effect as if fully set out in specific detail hereinbelow.

48.   Plaintiff has been retaliated against for opposing racial discrimination and racial harassment in employment.

49.   Plaintiff filed an EEOC Charge on June 8, 2004 alleging discrimination on the basis of her race.  The EEOC found cause that discrimination existed and issued a right to sue on March

22, 2006. On April 10, 2006 Plaintiff filed a lawsuit against the Alabama State Department of Mental Health and Mental Retardation and Commissioner John Houston. Plaintiff has also made numerous internal complaints of discrimination and harassment.

50.    The parties are currently involved in discovery. In the Court's Uniform Scheduling Order (Doc. #11, Section 4) Plaintiff was allowed until October 24, 2006 to amend the pleadings. However, recent events have caused Plaintiff to file an additional EEOC charge on January 9, 2007 adding a retaliation claim.

51.    Since the date of filing her initial EEOC charge, her original complaint and the internal complaints of harassment and discrimination Plaintiff has been retaliated against on numerous occasions. Such retaliation has materially altered her employment and her ability to do her job. Most recently, she was given a completely false and adverse performance appraisal. She has been adversely affected by these discriminatory practices as her salary is directly related to performance appraisals. She has also suffered other materially adverse terms and conditions of employment due to retaliation.

52.    Upon information and belief, the adverse actions taken against her by Defendant have been done in an attempt to force her out of her employment.

53.    The effect of the defendants' retaliation as outlined above has been to deprive the Plaintiff of the right to oppose discriminatory business practices in violation of Title VII and 42 U.S.C. § 1981 and 1981(a).

54.    As a further consequence and effect of the defendants' unlawful conduct and practices, the Plaintiff has been deprived of income and other compensation and benefits.

55.    Plaintiff has suffered embarrassment, humiliation, mental distress and emotional pain

and anguish as a consequence of defendant's retaliatory, demeaning, and unlawful conduct.

56.   The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.  The Plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

57.   This malicious, reckless and willful discrimination on the part of the defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. § 1981 and 1981(a).

## V.   **PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.   Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, by the "Civil Rights Act of 1991", 42 U.S.C. §2000e et seq., and 42 U.S.C. §1981.

2.   Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991", and 42 U.S.C. §2000e et seq., 42 U.S.C. §1981.

3.   Enter an order requiring the defendant to make the Plaintiff whole by awarding her

the position(s), pay and benefits she would have occupied in the absence of race discrimination, back-pay (plus interest), compensatory damages and/or nominal damages, declaratory and injunctive relief, equitable relief, and benefits.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

                Respectfully submitted,

                /s/ Joshua D. Wilson
                Joshua D. Wilson
                ASB # 3398 J73W
                *Attorney for the Plaintiff*

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 - phone
(205) 254-1500 - fax

## **CERTIFICATE OF SERVICE**

  I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax: (334) 242-0924

    This the  7th  Day of  February , 2007.

              /s/ Joshua D. Wilson
              Of Counsel