IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV 2:06CV321-ID |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL RETARDATION** | ) | |
| and **JOHN HOUSTON** in his official capacity as | ) | |
| Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Come now the Defendants Alabama Department of Mental Health and Mental Retardation, and its Commissioner, John Houston, by and through their attorney of record, Alabama Deputy Attorney General, Courtney Tarver and move this Honorable Court for Summary Judgment pursuant to Federal Rules of Civil Procedure, Rule 56 (b), and for cause would show that there are no disputes on issues of material fact which would allow the Plaintiff to pursue her actions under the law. In Support of this motion, defendants offer and incorporate herein, the pleadings, the exhibits 1-14 referred to on the attached exhibit list accompanying this motion, and the accompanying memorandum in support of this motion.

As will be discussed in the accompanying memorandum, defendant Houston is due to be dismissed and summary judgment is due since:

1. Ms. Blackledge failed to exhaust the required administrative remedies under Title VII prior to filing her lawsuit in this cause on each of her charges of discrimination

in that the only position she sues on that was attempted to be raised in any complaint was a failure to promote her to a community service specialist III (abbreviated as CSS III);

     2.  However, for the CSS III position, she failed to file her lawsuit within the required 180 day time period for a Title VII claim;

     3.  For the CSS III and the other two positions she improperly sues on (two Planning & and Quality Assurance Specialist II positions, otherwise abbreviated as P& Q A II), even if administrative remedies were exhausted and this lawsuit timely filed, prima facie cases of discrimination have not been made and legitimate, non-discriminatory reasons for her not being promoted have been demonstrated as more qualified individuals were promoted;

     4.  Further, Blackledge has not and cannot present evidence of pretext sufficient to establish a material fact dispute to preclude summary judgment;

     5.  Ms. Blackledge's only specified claim of retaliation in a subsequent EEOC complaint and plead with sufficient specificity under Fed. R. Civ. P., Rule 8, is that she had lowered performance appraisals and they adversely affected her terms of employment.  However, no such material and sufficient effects of her evaluations on her employment (which were either exceeds standards or meets standards) exist as she is topped out in the salary scale for her position and such grades are not adverse and could not support a raise since she is at the top of the range;

     6.  To the extent any other of numerous internal complaints to either her supervisory chain or DMH/MR Human Resources staff are deemed actionable, despite specificity with the EEOC or in the amended complaint to this lawsuit, again, legitimate non-discriminatory reasons have been demonstrated in the Exhibit 10, including Exhibit

10-2 and there can therefore, be no adverse action or required causal connection to adverse that can be demonstrated for a prima facie case;

7. If those elements of retaliation could be met, no pretext has or can be demonstrated sufficient to maintain a material fact dispute to preclude summary judgment;

8. The defenses in numbers 3-7 above and the exhibits and memorandum supporting them not only defeat Blackledge's Title VII claims but her 42 U.S.C. § 1981 claims as well. Further, no valid § 1983 claim is made as no one is sued in an individual capacity. If there was, such a claim, just as under § 1981, is barred by the Eleventh Amendment.

9. Given all of the above, no remedy is due this plaintiff.

WHEREFORE, defendants DMH/MR and Commissioner Houston move this court to grant summary judgment in this cause.

Respectfully, submitted this the 29th day of June 2007.

                                      TROY KING
                                      ATTORNEY GENERAL

                                      /s/ Courtney W. Tarver
                                    Courtney W. Tarver (TAR009)
                                    Deputy Attorney General &
                                    General Counsel
                                    courtney.tarver@mh.alabama.gov
                                    Attorney for Defendants

                                    Alabama Department of Mental Health
                                    and Mental Retardation
                                    RSA Union Building
                                    100 N. Union St.
                                    P.O. Box 301410
                                    Montgomery, Alabama 36130-1410
                                    Phone: (334) 242-3038

Facsimile (334) 242-0924

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing DEFENDANTS' MOTION FOR SUMMARY JUDGMENT has been served by use of this court's electronic filing system, CM/ECF, which will provide service to the following on this the 29TH day of June, 2007:

Joshua D. Wilson, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 Nineteenth Street North
Birmingham, AL   35203

　　　　　　　　　　　　　　　　　　　　　  /s/ Courtney W. Tarver
　　　　　　　　　　　　　　　　　　　　　Courtney W. Tarver