## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

WINIFRED BLACKLEDGE,          )
                                 )

        Plaintiff,           )
                                 )

v.                          )
                                 )   CASE NO.  2:06CV321-ID

ALABMA DEPARTMENT OF     )
MENTAL HEALTH & MENTAL     )
RETARDATION & COMMISSIONER  )
JOHN HOUSTON, in his Official    )
Capacity as Commissioner of the    )
Alabama Department of Mental    )
Health & Mental Retardation     )
                                 )

        Defendants.       )

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION

COME NOW the Defendant Alabama Department of Mental Health and Mental Retardation, in the above-styled action, by and through their attorney of record, and would respond to Plaintiff's First Set of Interrogatories and Requests for Production to Defendant Alabama Department of Mental Health and Mental Retardation as follows:

### GENERAL OBJECTONS

1.    The Defendant objects to any and all discovery requests to the extent they are vague, overly broad, unduly burdensome, harassing and/or not calculated to lead to the discovery of relevant or admissible evidence.

2.    The Defendant objects to any and all discovery requests to the extent



PLAINTIFF'S EXHIBIT

101

they seek information protected from discovery by any privilege, including the attorney-client privilege, the attorney work-product doctrine, the psychologist/psychiatrist-patient privilege, quality assurance privilege, law enforcement investigatory privilege, or any other applicable privilege or immunity.

3.    The Defendant objects to any and all discovery requests to the extent they seek the identification of documents, writings, records, or publications in the public domain since such information is equally available to the plaintiff.

4.    The Defendant objects to any and all discovery requests to the extent they require the Defendants to prepare the plaintiff's case, and to determine what plaintiff should deem relevant to or supportive of certain claims and allegations; as such, the discovery requests are not a proper method of discovery.

5.    The Defendant objects to any and all discovery requests which are not reasonably limited in time and/or scope.

6.    The Defendant objects to any and all discovery requests to the extent they contain certain key terms which are not defined or that are unreasonably compound, disjunctive, or conjunctive.

7.    The Defendant objects to any and all discovery requests propounded by plaintiff to the extent that some of the information sought by the discovery requests is in the possession and control of the plaintiff.

8.    The Defendant objects to the discovery requests to the extent they seek to impose obligations upon the Defendants beyond the scope of the requirements of the Alabama Rules of Civil Procedure, particularly with respect to the timing of the

production of the documents requested as well as the creation of documents not currently in existence.

9.    Defendant objects to the discovery requests to the extent they call for a premature response, as discovery was stayed until the Court ruled on Defendants' Motion to Dismiss and has just begun in this matter and Defendants have yet to complete their investigation of plaintiff's allegations.

These "General Objections" are applicable to and incorporated into each of these defendants' response, *infra*, as if specifically stated therein.  The stating of specific objections to a particular request shall not be construed as a waiver of the defendant's "General Objections."   Unless otherwise specifically stated, the defendant's objections to each discovery request apply to the entire request, including each and every subsection and/or subpart of the request.

## INTERROGATORIES

1.    Identify the actual date the Planning Quality Assurance II Position was announced in approximately September 2002 (a position that is the subject of this Complaint)

*Answer:  The actual date the Planning Quality Assurance II Position was announced was September 12, 2002.*

2.    Explain in detail the person or persons responsible for opening the Planning Quality Assurance II position in 2002 that is the subject of this complaint and explain why the position was opened.

*Answer:  B. C. Farnham and Eranell McIntosh-Wilson.*

3

3. Identify all persons who applied for, interviewed for, or were contacted by the ADMH/MR about, the Planning Quality Assurance II position (2002).

*Answer: The persons who applied for, interviewed for, or were contacted by ADMH/MR about the Planning Quality Assurance II position were: 1. Daphne Rosalis, 2. Melissa Ezell, 3. Brian Gordon, 4. Winifred Blackledge, 5. Eleanor Tolbert, 6. Sheritta Williams 7. Dianne Brewer, 8. Yolanda Thomas. 9. Lisa Giles, 10. Teresa Haisten, 11. Glyndon Shurney, 12. Carolyn Mendrek.*

*Announcements were sent to persons who had registered requesting notice of postings; and posted for departmental employees; and announcements were distributed to various state agencies, universities, and mental health centers statewide.*

4. Identify all persons involved in the process of selecting persons for the positions of Planning Quality Assurance II (2002) (for which the plaintiff applied), including, but not limited to, those who interviewed the candidates, had verbal or written communication with the candidates and had input into the decision-making process.

*Answer: Marilyn Benson & B. C. Farnham created an interview list after grading applications. The persons who were on the interview Panel that were involved in the process of selecting persons for the position of Planning & Quality Assurance Specialist II (2002) Position were: 1. B. C. Farnham, 2. Marilyn Benson, 3. Joe Medours, 4. Alice Widgeon. 5. Jewel Pitts. The panel made a recommendation to Eranell McIntosh-Wilson.*

5. Identify by name, race, sex and age, the employee or employees who were selected for the position of Planning Quality Assurance II at ADMH/MR in 2002. Identify the exact date the employee was selected for the position and the date the employee started the position. Furthermore, explain whether the employee was promoted from within the company (if so, identify what position

4

they were promoted from) or whether they were hired from outside the

ADMH/MR.

*Answer: The person that was selected for the position of Planning Quality Assurance II Position was Daphne Rosalis. Race: White. Sex: Female. Age: 28 years old. Her letter of appointment was dated 11-13-02 and she began work on 11-18-02. She had not been a Department Employee.*

6.  Please explain, in detail, each and every reason the plaintiff was not awarded

the Planning Assurance II Position in 2002.

*Answer: The applicant selected possessed greater knowledge, skills, and abilities than Ms. Blackledge and Ms. Rosalis ranked among the interviewers higher than Ms. Blackledge and others.*

7.  Identify the actual date the Community Service Specialist III (CSSIII) was

announced in approximately October 2003 (a position that is the subject of this

Complaint).

*Answer: The actual date the Community Service Specialist III (CSSIII) was announced was October 27, 2003.*

8.  Explain in detail the person or persons responsible for opening the Community

Services Specialist III position in 2003 that is the subject of this complaint and

explain why the position was opened.

*Answer: Susan Stuardi, Fordyce Mitchell and Eranell McIntosh-Wilson.*

9.  Identify all persons who applied for, interviewed for, were considered or were

contacted by ADMH/MR about the Community Service Specialist III (CSS III)

(2003).

*Answer: The persons who applied for, interviewed for, were considered or were contacted by ADMH/MR about the Community Service Specialist III position were: 1. Celestine A. Chappell, 2. Kathi Guy Allen, 3. Mildred Groggel, 4. Melissa Ezell, 5. Winifred Blackledge, 6. Sherrita*

*Williams, 7. James Packer, 8. Yolanda Thomas, 9. Donna Buckley, 10. Edwin Aikens, 11. Rebecca Aydelette, 12. Tina Nettles.*

*The position was announced and posted Department wide.*

10. Identify all persons involved in the process of selecting persons for the positions of Community Service Specialist III (CSS III) (2003) (for which the plaintiff applied), including, but not limited to, those who interviewed the candidates, had verbal or written communication with the candidates and had input the decision-making process.

*Answer:   Charles Smith created an interview list after grading applications.   The persons who were on the interview Panel that were involved in the process of selecting persons for the position of Community Service Specilaist III (CSSIII) Position were: 1. Joan Owens, 2. Jerryln London, 3. Susan Stuardi, 4. Hugh Wicks. The panel made a recommendation to Eranell McIntosh-Wilson.*

11. Identify by name, race, sex and age, the employee or employees who were selected for the position of Community Service Specialist III at ADMH/MR (CSS III) (2003).  Identify the exact date the employee was selected for the position and the date the employee started the position.  Furthermore, explain whether the employee was promoted from within the company (if so, identify what position they were promoted from) or whether they were hired from outside the ADMH/MR.

*Answer:  The person that was selected for the position of Community Service Specialist III was Mildred Groggel. Race: White. Sex: Female. Age: as of 2007 her age is 56 years old. Date the employee was selected for this position on December 10, 2003 and started the Community service Specialist III position on March 6, 2004. Ms. Groggel was a long time employee of the Department.*

6

12.    Please explain, in detail, each and every reason the plaintiff was not awarded

the Community Service Specialist III (CSS III) position.

*Answer: The applicant selected possessed greater knowledge, skills, and abilities than Ms. Blackledge; and Ms. Groggel ranked among the interviewers higher than Ms. Blackledge and others.*

13.    Identify by name, race, sex and age, all employees who have held the position

of Community Service Specialist III (CSS III) (or a position which is

responsible for duties of Community service Specialist III) at ADMH/MR from

June 8, 1999 (Which is five years prior to the plaintiff's EEOC charge), to the

present and indicate the territory of responsibility for each person.

*Answer: Objection. Overly broad, burdensome and harassing. In an attempt to resolve this discovery dispute, our Data Management Division accessed DMH/MR;s authorized security level view of State Personnel's data base, GHRS, and produced as bate stamped pages 3706 through 3715, for the positions in question.*

14.    Identify the actual date the Planning Quality Assurance II Position was

announced in approximately April 2004 (that is the subject of this Complaint).

*Answer: The actual date the Planning & Quality Assurance Specialist II Position was announced was April 2, 2004.*

15.    Explain in detail the person or persons responsible for opening the Planning

Quality Assurance position in 2004 that is the subject of this complaint and

explain why the position was opened.

*Answer: Jeff Williams and Eranell McIntosh-Wilson.*

16.    Identify all persons who applied for, interviewed for, were considered, or were

contacted by ADMH/MR about the Planning & Quality Assurance Specialist II

(2004) positions.

*Answer:    The persons who applied for, interviewed for, or were contacted by ADMH/MR about the Planning Quality Assurance II position were:  1.  Mildred Groggel, 2.  Winifred Blackledge.  This position was posted Department Wide.*

17.    Identify all persons involved in the process of selecting persons for the positions of Planning & Quality Assurance Specialist II (2004) (for which the plaintiff applied), including, but not limited to those who interviewed the candidates, had verbal or written communication with the candidates and had input into the decision-making process.

*Answer:  Joan Owens graded the applications.  There were only two applicants.  The persons who were on the interview Panel that were involved in the process of selecting persons for the position of Planning & Quality Assurance Specialist II (2004) Position were:  1.  Jeff Williams, 2.  Don Jones, 3.  Audrey McShan, 4.  Joan Owens.*

18.    Identify by name, race sex, and age, the employee or employees who were selected for the position of Planning Quality Assurance II at ADMH/MR in 2004.  Identify the exact date the employee was selected for the position and the date the employee started the position.  Furthermore, explain whether the employee was promoted from within the Company (if so, identify what position they were promoted from) or whether they were hired from outside the ADMH/MR.

*Answer:  The person that was selected for the position of Planning & Quality Assurance Specialist II Position  was Mildred Groggel.  Race: White.  Sex:  Female.  Age:  56 years old.  Date the employee was selected and started the Planning Quality Assurance II position: approximately April 17, 2004.*

19.    Please explain, in detail, each and every reason the Plaintiff was not awarded the Planning & Quality Assurance Specialist Ii position in 2004.

*Answer: The applicant selected possessed greater knowledge, skills, and abilities than Ms. Blackledge and Ms. Groggel ranked among the interviewers higher than Ms. Blackledge and others.*

20. Please identify by name, race, sec, and age all employees who have held the position of Planning Quality Assurance II (or a position which is responsible for duties of Planning Quality Assurance II) at ADMH/MR from June 8, 1999 (which is five years prior to the plaintiff's EEOC Charge) to the present.

*Answer: Objection. Overly broad, burdensome and harassing. In an attempt to resolve this discovery dispute, our Data Management Division accessed DMH/MR;s authorized security level view of State Personnel's data base, GHRS, and produced as bate stamped pages 3706 through 3715, for the positions in question.*

21. Identify and detail each and every complaint of race discrimination or harassment (including the Plaintiff's Complaints, other internal complaints, EEOC Charges, Charges of discrimination or lawsuits) from June 8, 1999 (Which is five years prior to the Plaintiff's EEOC Charge) to the present. Please state in detail the specifics of each complaint, including, but not limited to, the identity of all persons involved, the action the defendant took as a result of the complaints, and the status and/or outcome of the complaint.

*Answer: Objection. Overly broad, burdensome and harassing. See Response to Request for Production of Documents # 20.*

22. Please state whether the defendant investigated the plaintiff's complaints of race discrimination, and, if so, describe the steps the defendant followed in investigating the plaintiff's complaints of discrimination, the persons involved in any investigation and the conclusions reached.

*Answer: Ms. Blackledge first allegation of racial discrimination was alleged in her EEOC complaint. Yes it was investigated. See respondent's responses to the EEOC Complaint.*

23. Please provide the name and last known address of all persons who have given statements related to matters in the plaintiff's EEOC charges and Complaints.

*Answer: See respondent's responses to the EEOC charges and the audio tapes of the desk audit hearing and desk audit file Bate Stamped pages 3513 through 3582 and 3716 through 3730.*

24. Identify each and every person by name, race, and job title whom you know or believe to have signed a statement related to the subject matter of this lawsuit, state to whom the statement was given and the date the statement was signed.

*Answer: See respondent's responses to the EEOC charges. There were no written statements per se that were received.*

25. Please explain when Plaintiff "topped out" of merit raises in her current classification, Mental Health Social Worker.

*Answer: September 12, 1998.*

## REQUEST FOR PRODUCTION

1. Please provide a copy of all documents used or relied upon in responding to the interrogatories sent by the Plaintiff in this case.

*Answer: Alabama State Personnel generated a report included in the EEOC response. Department of Mental Health and Mental Retardation Human Resources Division (Personnel); Department of Mental Health and Mental Retardation Administrative Division; Department of Mental Health and Mental Retardation Data Management Division; and Mental Retardation Divisional Staff, primarily the Regional Community Services Staff, Region III Associate commissioner and Director of Community Services Division's electronic and paper records. See Attached Production Bate Stamped Pages: 0001 through 3975.*

10

2.    Provide a copy of all documents relating to any investigation concerning the plaintiff's claims of discrimination, including any affidavit or statements taken from any potential witnesses in this case. If you are claiming any privilege for such, please provide a privilege log.

*Answer: See Attached Production Bate Stamped Pages: 1731 through 3314; and 3731 through 3964.*

3.    Please produce documents describing the position of Planning quality Assurance II (2002) including, but not limited to, job descriptions and postings.

*Answer: See Attached Production Bate Stamped Pages: 0001 through 0002.*

4.    Please produce documents reflecting the range of salary associated with the position of Planning Quality Assurance II, for which the plaintiff applied, for each respective year of application to the present for each position.

*Answer: See Attached Production Bate Stamped Pages: 0003 through 0004.*

5.    Please produce any documents related to the recruitment or selection process for the Planning Quality Assurance II (2002) position, including but not limited to all documents pertaining to the job vacancy (i.e. actual job posing announcements), the application process, recruitment, the candidates considered, all applications submitted, resumes, job postings, test and psychological instruments administered and any correspondence such as memoranda, e-mail, and letters.

*Answer: See Attached Production Bate Stamped Pages: 0005 through 0176.*

11

6.  Please provide copies of source documents used to rank the individuals who applied for this Planning Quality Assurance II (2002) position.

    *Answer: See Attached Production Bate Stamped Pages: 0005 through 0176.*

7.  Please produce all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a computer or disc concerning the creation, marketing and closure of the Planning Quality Assurance II (2002) Position.

    *Answer: The database used to post exempt job announcements on the Internet is routinely known as the "Exempt Jobs Announcements" database. It was developed in an ad hoc manner for the DMH/MR Personnel Office. There are no known formal Specifications for the database. The information in the database is entered by representative(s) in the DMH/MR Personnel Office. The database is currently implemented with Microsoft Access. The application is being rewritten to use a Microsoft SQL Server database structure and will have a much improved web based user interface.*

    *See Attached Production Bate Stamped Pages: 0005 through 0176.*

8.  Provide the personnel files of the person(s) who were hired in the Planning Quality Assurance II (2002) position the plaintiff applied for.

    *Answer: See Attached Production Bate Stamped Pages: 0177 through 0388.*

9.  Please produce documents describing the position of Community Service Specialist III (CSSIII) (2003) including, but not limited to, job descriptions and postings.

    *Answer: See Attached Production Bate Stamped Page: 0389.*

10. Please produce documents reflecting the range of salary associated with the position of Community Service Specialist III (CSSIII), for which the plaintiff

applied, for each respective year of application to the present for each position.

*Answer: See Attached Production Bate Stamped Page: 0389.*

11.  Please produce any documents related to the recruitment or selection process for the Community Service specialist III (CSSIII)(2003) position, including but not limited to all documents pertaining to the job vacancy (i.e. actual job posting announcements), the application process, recruitment, the candidates considered, all applications submitted, resumes, job postings, tests and psychological instruments administered and any correspondence such as memoranda, e-mail, and letters.

*Answer: See Attached Production Bate Stamped Pages: 0390 through 0469.*

12.  Please provide copies of source documents used to rank the individuals who applied for this Community Service Specialist III Position.

*Answer: See Attached Production Bate Stamped Pages: 0390 through 0469.*

13.  Please provide copies of the personnel files of each individual that applied for the Community service III position in 2003, including the personnel files of Mildred "Mickey" Groggel; please include all applications, resumes, job evaluations and any other documents used in the decision making process.

*Answer: See Attached Production Bate Stamped Pages: 0470 through 1468. Also See Attached Production Bate Stamped Pages: 1534 through 1730; and 3315 through 3512.*

14.  Please produce all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a

computer or disc concerning the creation, marketing and closure of the

Community Service Specialist III (CSSIII) (2003) position.

*Answer:   The database used to post exempt job announcements on the Internet is routinely known as the "Exempt Jobs Announcements" database.  It was developed in an ad hoc manner for the DMH/MR Personnel Office.  There are no known formal Specifications for the database.   The information in the database is entered by representative(s) in the DMH/MR Personnel Office.  The database is currently implemented with Microsoft Access.  The application is being rewritten to use a Microsoft SQL Server database structure and will have a much improved web based user interface.*

*See Attached Production Bate Stamped Pages:  0390 through 0469.*

15.    Provide any letter from Susan Stuardi discussing the Community Service

Specialist III position that was opened in October 2003.

*Answer:  See Attached Production Bate Stamped Pages:  3513 through 3582; and 3716 through 3730.*

16.    Please produce documents describing the position of Planning & Quality

Assurance Specialist II (2004), including, but not limited to, job descriptions

and posting.

*Answer:   See Attached Production Bate Stamped Pages:  1469 through 1472.*

17.    Please produce any documents related to the recruitment or selection process

for the Planning & Quality Assurance Specialist II (2004) position, including but

not limited to all documents pertaining to the job vacancy (i.e. actual job

posting announcements), the application process, recruitment, the candidates

considered, all applications submitted, resumes, job postings, tests and

psychological instruments administered and any correspondence such as

memoranda, e-mail, and letters.

*Answer:   See Attached Production Bate Stamped Pages:   1473 through 1533.*

18.   Please produce all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a computer or disc concerning the creation, marketing and closure of the Planning & Quality Assurance Specialist II (2004) position.

*Answer:   The database used to post exempt job announcements on the Internet is routinely known as the "Exempt Jobs Announcements" database.   It was developed in an ad hoc manner for the DMH/MR Personnel Office.   There are no known formal Specifications for the database.   The information in the database is entered by representative(s) in the DMH/MR Personnel Office.   The database is currently implemented with Microsoft Access.   The application is being rewritten to use a Microsoft SQL Server database structure and will have a much improved web based user interface.*

*See Attached Production Bate Stamped Pages:  1473 through 1533.*

19.   Please produce the personnel files of the person(s) who were hired in the Planning & Quality Assurance Specialist II (2004) position the plaintiff applied for.

*Answer:   See Attached Production Bate Stamped Pages:   1534 through 1730.*

20.   Please provide a complete copy of all documents sent to or received from the EEOC Concerning the Plaintiff's charge of discrimination and all other charges of race discrimination and harassment against the defendant from June 8, 1999 (which is five years prior to the plaintiff' EEOC Charge) to the present.

*Answer:  Objection, Overly broad; burdensome and harassing.  In the attempt to resolve this dispute, see Attached Production Bate Stamped Pages: 1731 through 3314; 3731 through 3964, and the following:*

a.    *Complaining Party – Helen Tubbs and Sherry Harris*
b.    *Date Complaint Submitted – 9-4-01*
c.    *Race of Complaining Party – Black*
d.    *Facility of Division – Alice M. Kidd ICF (operated under Bryce Hospital)*
e.    *Classification – Mental Health Worker I*
f.    *Resolution – On 10-29-01, the accused employee was terminated for violation of DMH/MR Policy No. 60-77, On The Job Harassment/Hostile Work Environment.*

a.    *Complaining Party – Perry Johnson*
b.    *Date of Complaint Submitted – 7-19-00*
c.    *Race of Complaining Party – Black*
d.    *Facility of Division – Greil*
e.    *Classification – Plant Maintenance Worker*
f.    *Resolution – The Complaining Party resigned prior to the investigation being initiated*

a.    *Complaining Party – Carnell Davis*
b.    *Date of Complaint Submitted – 12-4-01*
c.    *Race of Complaining Party – Black*
d.    *Facility of Division – Searcy Hospital*
e.    *Classification – Personnel Specialist III*
f.    *Resolution – The accused employee voluntarily retired effective 6-1-02*

a.    *Complaining Party – Jimmy Paulk*
b.    *Date of Complaint Submitted – Complaint dated 6-21-02*
c.    *Race of Complaining Party – white*
d.    *Facility of Division – Searcy Hospital*
e.    *Classification – Registered Nurse IV*
f.    *Resolution – Still Pending.*

a.    *Complaining Party – Vivian White*
b.    *Date of Complaint Submitted – Unknown – Complaint dated 12-1-01*
c.    *Race of Complaining Party – Black*
d.    *Facility of Division – Greil*
e.    *Classification – Registered Nurse I*
f.    *Resolution – No documentation could be found of the resolution of this complaint. However, Ms. Susan Chambers (Facility Director)advised that the complaining party chose to move to another unit at Greil. To the best of Ms. Chamber's knowledge, this move occurred within a few weeks of the complaint being filed*

16

a.    *Complaining Party – Emilia N. Chukweumeka*
b.    *Date of Complaint Submitted – 2-21-03*
c.    *Race of Complaining Party – Black*
d.    *Facility of Division – Claudette Box ICF (operated under Searcy Hospital)*
e.    *Classification – Registered Nurse II*
f.    *Resolution – Still Pending*

a.    *Complaining Party – Edna Harville*
b.    *Date of Complaint Submitted – 8-8-05*
c.    *Race of Complaining Party – white*
d.    *Facility of Division – Searcy Hospital*
e.    *Classification – Activity Program Aide II*
f.    *Resolution – Workers were assigned separately and training ordered.*

a.    *Complaining Party – Eric Works*
b.    *Date of Complaint Submitted – 11-7-05*
c.    *Race of Complaining Party – white*
d.    *Facility of Division –*
e.    *Classification –*
f.    *Resolution – Resigned 10-28-05*

a.    *Complaining Party – Susan Davis*
b.    *Date of Complaint Submitted – 10-1-04*
c.    *Race of Complaining Party – white*
d.    *Facility of Division – Searcy Hospital*
e.    *Classification –*
f.    *Resolution –*

a.    *Complaining Party – Sara Douglas*
b.    *Date of Complaint Submitted – 8-26-03*
c.    *Race of Complaining Party – white*
d.    *Facility of Division –*
e.    *Classification –*
f.    *Resolution – Terminated 10-4-03*

a.    *Complaining Party – Glenda Lewis*
b.    *Date of Complaint Submitted – 12-17-04*
c.    *Race of Complaining Party – Black*
d.    *Facility of Division – Searcy Hospital*
e.    *Classification –*
f.    *Resolution – Litigation Resolved.*

17

a. **Complaining Party – Charles Cutts**
b. **Date of Complaint Submitted – 11-18-99**
c. **Race of Complaining Party – Black**
d. **Facility of Division –**
e. **Classification –**
f. **Resolution –**

21. Provide the plaintiff's personnel file.

    *Answer:   See Attached Production Bate Stamped Pages:  3315 through 3512.*

22. Provide all documents related to any job audit completed on Plaintiff Winifred

    Blackledge.

    *Answer:   See Attached Production Bate Stamped Pages:  3513 through 3582; and 3716 through 3730.*

23. Submit a list of promotions for the period June 8, 1999 (which is five years

    prior to the plaintiff' EEOC Charge) through the present date in the Mobile

    area of the ADMH/MR.  Please identify each individual by: Name, race, sex,

    age, date of hire, job title promoted from, job title promoted to, date of

    promotion and current job position.

    *Answer:    Objection.  Not specific as to position, division, or facility. Overly broad, burdensome and harassing.  Not calculated to lead to admissible evidence.  An accurate response to this request would require a staff member to pull all files to determine whether each could be considered promotional.*

24. Provide all documents, notes, recordings, journal entries, memoranda,

    calendar entries, computer documents or printouts, information stored on a

    computer or disc concerning the desk audit of plaintiff Winifred Blackledge by

    Ms. Marilyn Benson completed in approximately March 2004.

    *Answer:   See Attached Production Bate Stamped Pages:  3513 through 3582; and 3716 through 3730.*

25.    Provide all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a computer or disc concerning the hearing challenging the desk audit of plaintiff Winifred Blackledge completed by Ms. Marilyn Benson in approximately March 2004.

**Answer:**   *See Attached Production Bate Stamped Pages: 3513 through 3582; and 3716 through 3730.*

Respectfully submitted this the _____8TH____ day of ____March____,

2007.

TROY KING (KIN047)
ATTORNEY GENERAL

COURTNEY W. TARVER (TAR009)
Deputy Attorney General &
    General Counsel
REBECCA J. LUCK (LUC011)
Assistant Attorney General
State of Alabama Department of
    Mental Health and Mental Retardation
ATTORNEY FOR THE DEFENDANTS

ADDRESS OF COUNSEL:

State of Alabama Department of
    Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334)242-3038
Fax:    (334)242-0924
Email: courtney.tarver@mh.alabama.gov
    rebecca.luck@mh.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on ___8 $^{TH}$___ day of ___March___, 2007, a copy of the

foregoing was duly served upon counsel of record by hand delivery as follows:

Joshua D. Wilson, Esq.
Wiggins, Childs, Quinn & Pantazis, P. C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: 205-314-0545
Facsimile: 205-254-1500

20