MEMORNADUM

To: Henry Ervin
DMH/MR Personnel

From: Winifred Blackledge

Date: January 16, 2007

Re: Kendra Butler's Response To My Attachment
To Performance Appraisal Dated
January 4, 2007

It appears to me that Ms. butler is determined to lower my Performance Appraisal score. Since Ms. Butler cannot tell me why, I am requesting an explanation from personnel. Ms. Butler has missed the entire reason for my compliant. I am not asking to have my Performance Appraisal score raised any higher than it was last year. I am asking what did I not do with regards to my job performance to warrant the lowing of my score ten points?

I find it difficult to believe, as I am being told, there does not have to be a reason to lower an employer's Performance Appraisal score. Submitting an attachment does not change the score. This coming March, 2007 I would have worked 20 years for the department. My work philosophy has always been to do the best job I could in an efficiently and professionally manner. If Ms. Butler, prior to my Performance Appraisal evaluation had discussed what she though were deficits in my job performance, I most definitely would have worked to improve them.

I am annoyed that Ms. Butler is allowed, as I have been told to lower my score from Exceeds Standards to Meet Standards. I am requesting the policies & procedures for lowering an employee Performance Appraisal from personnel if any exist. There is no current employee whose Performance Appraisal score is 25 or has been lower drastically as my Performance Appraisal was lowered.

With regards to Ms. Butler's attachment dated January 12, 2007 in response to my attachment dated January 4, 2007, the information in Ms. Butler's attachment is inaccurate.
Responsibility number one: I have monitored the majority of the homes as I was assigned. I gave Ms. Butler a written schedule, which she approved with her signature until she informed me that a schedule was not required. Ms. Butler states she has not observed or received any information or documentation that reflects consistently exceeds standards, which was my previous score. Ms. Butler has not received any information at all. Ms. Butler does not review the monitoring reports or accompany me on any monitoring visits. Ms. Butler has not said or produce any documentation, which would determine what my performance was on any monitoring visits. Further, my monitoring responsibility is not about just monitoring homes. I have to maintain a database of homes visited and which staff did the visits. I implemented a monitoring checklist tracking home visits by staff that has to be maintained. I coordinate and assigned staff to monitor homes and update the staff monitoring assignment form as needed. I follow-up on any concerns I may have found on monitoring visits with the appropriate care providers and Community Services staff as needed. I red flagged other staff follow-up and follow-up with staff as needed. What did Ms. Butler use to determine my score should have been lowered?



PLAINTIFF'S EXHIBIT
57



#32

Page 2 of 4
Henry Ervin
Second Attachment to Winifred Blackledge's
Performance Appraisal
Dated January 4, 2007

Responsibility Number Two: Ms. Butler has not indicated she had any information regarding the effectiveness of my technical assistance visits. What did she use to lower my score?

Responsibility Number Three: I worked with case management on the waiting list. I assessed two potential care providers assigned to me by Ms. Butler. Although these were short-term assignments, I performed the assignments well. Ms. Butler did not complain or make any comments on my job performance regarding these assignments. What documentation did she use to lower my score?

Responsibility Number Four: Ms. Butler was in error as to the number of 310 case management Boards I worked with. Is Ms. Butler in possession of any complaints from the 310 Board Case managers with regard to my job performance? Ms. Butler is unaware of what transpired during my visits with the 310 Board Case Managers. Ms. Butler and I never had any detailed discussion regarding this responsibility would involve or informed me what her expectations were for this responsibility. What documentation did she use to lower my score?

Responsibility Number 5: Yes, all RCS staff including me for years reviewed the re-determination Medicaid Waiver forms/packets. However, from January 1, 2007 to April 3, 2007, I completely processed all Medicaid Waiver forms/packets along with my other job responsibilities. I was punitively assigned to file forms along with another employee who had filed a complaint to assist the person hired to do this responsibility. I had no problem assisting the new employee hired to do this responsibility as I had assume the entire responsibility of the re-determination/Medicaid Waiver process prior to the new employee being hired which consisted of: reviewing, correcting, copying, mailing, processing the Medicaid audit. I am sure it is apparent that my responsibilities were different from the normal responsibility of Community Services staff in the past that only reviewed the Medicaid Waiver forms/packets prior to me being assigned all the responsibilities for the re-determination/Medicaid waiver process. What documentation was used to lower my score?

Responsibility Number Six: Is it my fault that there was only one case management assignment. What documentation was used to lower my score?

The fact remains that throughout the past year Ms. Butler has not advised me of one complaint she had with my work performance. After I asked for justification for lowering my score she could not provide justification. The only response I have received is a response to my attachment dated January 4, 2006.

It is misleading when Ms. Butler refers to my desire to raise my Performance Appraisal score. I am asking why it was lowered without justification and that the score remain the same as the last year Performance Appraisal score. I am not asking for anything that I don't deserve.

Page 3 of 4
Henry Ervin
Second Attachment to Winifred Blackledge's
Performance Appraisal dated
January 4, 2007

If Ms. Butler required more communication than has been required for the last 20 years, Ms. butler should have informed me what type of communication she desired. As a new supervisor she should have most definitely conveyed her expectations. Ms. Butler is very aware of the procedures with regards to performing tasks in Region III Community Services. It is not normal practice for employees to report everything that they do with their job responsibilities to the supervisor. It is normal practice and an expectation for employees to be able to work independently.

Simply attaching a statement does not change the fact that my score was lowered 10 points. Thus far, no one has told me what is the appeal process when an employee score is lowered. I have asked personnel if such a process exist and told there were no policies and procedures for appeal and to do an attachment.

Ms. Butler's commented that she does harbor resentment against me. I contend that she does harbor resentment. It is very obvious that she has no justification other than her personal agenda for lowering my Performance Appraisal score. If she had reasons or justification why didn't she discuss it with me prior to my Performance Appraisal evaluation and given me an opportunity to correct her concerns before she lowered the score? It was Ms. Butler's attention not to allow me to improve whatever her complaints were and it was her attention to not allow me to appeal the lowering of my score. Ms. Butler and I can discuss the lowering of my Performance Appraisal score forever. I have no further desire to discuss with Ms. Butler the lowering of my Performance appraisal score.

I will be signing the Performance Appraisal under duress. However, I want my feelings about the lowering of the Performance Appraisal understood. Ms. Butler lowered my score without prior discussion with me regarding any concerns about my job performance and given me the opportunity to improve any concerns. I want to appeal the score. I find Ms. Butler's actions hostile, punitive and retaliatory.

I have talked to personnel, sent personnel information regarding my concerns with Ms. Butler's lowering of my Performance Appraisal score. How can a supervisor be allowed to arbitrarily lower an employee's Performance Appraisal score without given the employee a chance to improve any concerns that a supervisor may have? I find it punitive that personnel or Ms. Butler have not informed me of what the appeal process is and insist that none exists.

Page 4 of 4
Henry Ervin
Second Attachment to Winifred Blackledge's
Performance Appraisal dated
January 4, 2007

Again, I will be signing any Performance Appraisal score lower than last year under duress and to avoid further disciplinary action as indicated in Ms. Butler's memorandum dated January 4, 2007. I feel at this point any further discussion regarding the appeal process should be directed to my attorney: Mr. Josh Wilson, Wiggins, Childs, Quinn & Pantazis, P. C., Three hundred one-nineteenth Street North, Birmingham, Al 35203, 205-314-0566.

Sincerely,

*Winifred A. Blackledge*
Winifred A. Blackledge

P. C. Personnel File
    John Houston, Commissioner
    Eranell McIntosh-Wilson, Associate Commissioner
    Fordyce Mitchel, Director of Community Services
    Kendra Butler, Community Services
    Courtney Tarver, DMH/MR Legal Division
    Josh Wilson, Wiggins, Childs, Quinn & Pantazis