ATTACHMENT TO PERFORMANCE APPRAISAL
DATED JANUARRY 4, 2007
WINIFRED A. BLACKLEDGE

I am providing an attachment to my January 4, 2007 Performance Appraisal because my supervisor, Kendra Butler significantly reduced my score. I am signing the performance appraisal under duress and the treat of disciplinary action as indicated in a memorandum dated January 4, 2007 and given to me by Ms. Butler on January 8, 2007 at 8:30 a. m.

During my mid year PreAppraisal, which I signed July 26, 2006 and July 27, 2007 there were no concerns expressed by Ms. Butler regarding the manner in which I performed my responsibilities. At no time has Ms. Butler indicated that I was not performing my duties as well as the preceding year. I expected Ms. Butler to inform me if she felt the level of my job performance had dropped (10) points and to give me an opportunity to improve before lowering my score.

Ms. Butler stated in the Performance Appraisal meeting that I pride myself on working independently. It is common practice for Region III Community Services staff to be expected to be able to work independently and to be able to assess situations and make recommendations for improvement. At no time did Ms. Butler inform me that she viewed working independently as an undesirable trait. I disagree adamantly to being penalized for one of my strongest qualities, being able to work independently, making recommendations to improve what was and still is a poorly met objective of Region III Community Services (staff monitoring of community homes). Ms. Butler informed me during the performance appraisal meeting that I did not communicate with her regarding what I was doing. I was providing and informing Ms. Butler in writing of my schedule and she was signing the schedules. I discontinued this practice when Ms. Butler told me she did not require me to provide her a schedule. Common practice in Regional III Community Services is to indicate your whereabouts on the sign –in sheet that I proceed to do after Ms. Butler informed me that she was not requiring a written schedule. When I submitted my last schedule on September 19, 2006, Ms. Butler would not approve the schedule. Ms. Butler informed me that I could not earn compensatory time but had to flex my time. On September 19, 2006, I asked Ms. Butler to inform me in writing that I could not make compensatory time. Ms Butler responded back in writing on September 19, 2006 stating, "RCS staff can flex their hours to do monitoring visits rather than earn comp time." Ms. Butler gave me the submitted schedule back without approving the schedule along with her written response.  I am aware of the departmental policy on compensatory time but I am unaware of a departmental policy on flexing time.  Thus, I requested further information from Ms. Butler regarding whether the department has a flex policy. Ms. Butler has not provided me the policy or told me where I could find the policy. If employees are being told that they can flex. Their time. Employees need to have policies to follow on flexing time.

PLAINTIFF'S EXHIBIT
54

004004

Page Two
January 9, 2007
Winifred Blackledge
To Henry Ervin
Re: Attachment to Performance Appraisal dated January 7, 2007

Also find an attached memo dated January 4, 2007 in which Ms. London and Ms. Butler accuse me of leaving 15 minutes. This is an out right lie, and a story concocted by Mrs. Butler and Mrs. London. On the day in question I stayed past 3:30 to review the performance appraisal and pre-appraisal given to me by Mrs. Butler. As I got into my car Mrs. London drove into the parking lot. **I intentionally looked at the time**, which was 3:40 p.m. due to the fact that Mrs. London has continually harassed me.

I find it amazing that Ms. London will stoop to creating things to single me out when other employees come in late and leave during the day as they please without comment from Mrs. London. I also find it utterly amazing that Mrs. Butler would tell me I could not make compensatory time for working before and after working after (documentation sent previously to you ) when Ms. Butler and others have worked compensatory time for years to take leave while being able to allow their annual leave to accrue.

Although I am working in a hostile work environment with supervisors that have personal agendas, I requesting for the justifications attached that my score not be lower and at least maintained at the level of the previous year.

Sincerely,

*Winifred G. Blk* (signature)
Winifred A. Blackledge

Cc: Copy of all provided information in Personnel File
    Copy of memorandum given to me by Ms. Butler
    On January 8, 2007:  Memorandum dated January 5, 2007, Re: Evaluation
    John Houston, Commissioner
    Eranell McIntosh-Wilson, Associate Commissioner
    Fordyce Mitchel, Director of Community Services
    Josh Wilson, Wiggins, Childs, Quinn & Pantazis

004002