

## (PROPOSED) CONCILIATION AGREEMENT

**CHARGE NUMBER:**
130 2004 03106

IN THE MATTER OF:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

and

| | |
|---|---|
| Winifred Blackledge<br>3001 Azalea Trace Drive, North<br>Mobile, Al 36695 | Charging Party |

and

| | |
|---|---|
| Alabama Department of Mental Health<br>  and Mental Retardation<br>7400 Roper Drive<br>Daphne, Al 38526 | Respondent |

In regard to:   Charge Number 130 2004 03106



PLAINTIFF'S EXHIBIT
92

# TABLE OF CONTENTS

| SECTION | | PAGE |
|---|---|---|
| I. | GENERAL PROVISIONS | 1 |
| II. | POLICY | 2 |
| III. | CHARGING PARTY'S RELIEF | 3 |
| IV. | REPORTING AND RECORD KEEPING | 3 |
| V. | DURATION OF AGREEMENT | 3 |
| VI. | NOTICE REQUIREMENT | 3 |
| VII. | SIGNATURES | 3 & 4 |

APPENDIX "A"        NOTICE TO EMPLOYEES

An investigation having been made under Title VII of the Civil Rights Act of 1964, as amended, by the U.S. Equal Employment Opportunity Commission (EEOC) and reasonable cause having been found, the parties do resolve and conciliate this matter as follows:

## I. GENERAL PROVISIONS

1. The Charging Party agrees not to sue the Respondent or any of its members, officers, agents, servants, or employees with respect to any allegations contained in the above referenced charge. EEOC agrees not to use the above-referenced charge as the jurisdictional basis for filing a lawsuit against the Respondent. However, nothing in this agreement shall be construed to preclude EEOC and/or any aggrieved individuals from bringing suit to enforce this agreement in the event that the Respondent fails to perform the promises and representations contained herein. Neither does it preclude the Charging Party or the Commission from filing charges in the future that are based on violations or claimed violations that occur or accrue after the date of this agreement.

2. The Respondent agrees that it shall comply with all requirements of Title VII of the Civil Rights Act of 1964, as amended.

3. The parties agree that there shall be no discrimination or retaliation of any kind against any person because of opposition to any practice declared unlawful under Title VII of the Civil Rights Act of 1964, as amended, or because of the filing of a charge; giving of testimony or assistance; or participation in any manner in any investigation, proceeding, or hearing under Title VII of the Civil Rights Act of 1964, as amended.

4. The Respondent agrees that EEOC may review compliance with this Agreement, as set forth herein. As a part of such review, EEOC may require certain written reports regarding compliance, may inspect the Respondent's premises at reasonable times and with reasonable notice as contemplated by this Conciliation Agreement and may examine and copy relevant documents as set forth herein.

5. The EEOC, Charging Party, and Respondent desire to conciliate this charge without the necessity of litigation pursuant to the terms set out in this Agreement. Neither Respondent's execution of this Agreement, nor any terms set forth herein, shall constitute or be construed as Respondent's admission of any violation or liability under the Title VII of the Civil Rights Act of 1964, as amended, or any other statute or regulation.

6. Respondent agrees that its practices regarding the promotion of employees shall be conducted in a manner which does not discriminate on the basis of race, in violation of Title VII.

7. If the Commission has reason to believe Respondent has not complied with the terms of this Agreement, it shall provide written notice of the alleged non-compliance to Respondent and discovery of the alleged non-compliance and prior to taking any action with regard to the alleged non-compliance. The notice of alleged violation shall include the section(s) and

provision(s) of this Agreement alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of non-compliance. Respondent shall have 30 days from receipt of the notice of alleged violation in which to respond to the EEOC regarding the alleged violation, during which time the EEOC shall not take action with regard to the alleged non-compliance, unless there is a need for prompt judicial action by the EEOC. If the parties are unable to reach agreement regarding the alleged violation, the EEOC may seek enforcement in any United States District Court and/or any United States Court of a place subject to the jurisdiction of actions brought under Title VII of the Civil Rights Act of 1964, as amended.

8. Respondent agrees that this Agreement shall not affect the Commission's right to process other unrelated pending and future charges filed against Respondent by individual persons, or from seeking relief for such persons.

9. It is mutually agreed that this Agreement shall become effective as of the date it is signed by the District Director, and it shall remain in effect for three years from said date.

10. Respondent agrees to sign and conspicuously post within thirty (30) days from the date of this Agreement, for a period of not less than three months, the notice that is attached hereto under the section of this Agreement entitled "Notice" (Appendix A) and any posting that may be required by statute or Commission regulation on its bulletin boards or other highly visible places at its central administrative office building.

11. The Parties agree that this Agreement may be used as evidence in a subsequent proceeding in which any of the parties allege a breach of this Agreement. The Commission agrees that it will not use, or attempt to use, this Agreement as evidence, or otherwise refer to this Agreement in any subsequent investigation, administrative proceeding, or trial not related to this Agreement.

12. Both Respondent and the Commission shall treat the terms of this agreement as confidential, except insofar as the parties may be required by law to disclose such information.

## II. RACE DISCRIMINATION POLICY

Respondent agrees to the following terms with respect to race discrimination and retaliation;

1. To implement and disseminate written policies that specifically prohibit race discrimination in the workplace. The policies are to include the name of a company representative and a "hot line" telephone number so that complaints can be made at the top management level as well as at the local level.

2. Top management will meet with local management and supervisors and require absolute compliance with race discrimination and retaliation policies.

## III. CHARGING PARTY'S RELIEF

Subject to the provisions of Section I (5.) Set forth above, Respondent agrees to the following conditions:

1. Charging Party shall be paid the gross sum of $_____, constituting, including, and satisfying all amounts due or claimed to be due Charging Party for back pay, other compensation, benefits, money damages, attorney fees, interest, or monetary relief of any kind or character arising out of or relating to the allegations made the basis of the above-referenced charge. The foregoing payment shall be subjected to customary and appropriate deductions and withholding.

2. Nothing herein shall prevent Respondent from applying nondiscriminatory and otherwise lawful work rules, standards, or requirements to the Charging Party.

## IV. CLASS RELIEF

Respondent agrees to pay $_____ in back pay for the class members identified on appendix "B".

## IV. REPORTING AND RECORD KEEPING

The Respondent agrees to submit written reports as required by the terms of this Agreement to the appropriate person as designated by the Commission.

## V. DURATION OF AGREEMENT

The terms of this Agreement shall be three years. The term shall begin on the date that the last signatory signs the Agreement and shall expire three years thereafter.

## VI. NOTICE REQUIREMENT

Respondent agrees to sign and conspicuously post the "Notice to employees" found in Attachment A of this agreement. Respondent will post copies of the Notice on all employee bulletin boards in the Respondent's central administrative office building for a period of not less than three (3) months from the date of execution of this agreement.

## VII. SIGNATURES

I have read the foregoing Conciliation Agreement and accept and agree to the provisions contained therein.

_____          _____
Date                             On Behalf of Respondent
                                 Alabama Department of Mental Health and Mental
                                 Retardation


_____          _____
Date                             On Behalf of the Charging Party
                                 Winifred Blackledge

I Recommend approval of this Agreement:

_____    _____
Date                                                          Roy L. Jackson, Investigator

_____    _____
Date                                                          Eddie Abdulhaqq, Enforcement Supervisor

Approved on Behalf of the Commission:

_____    _____
Date                                                          Bernice Williams-Kimbrough
                                                                      District Director

APPENDIX A

## NOTICE TO EMPLOYEES*

Under Section 703 of Title VII of the Civil Rights Act of 1964, as amended, it is an unlawful employment practice for an employer:

    a.    to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his/her compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    b.    to limit, segregate, or classify its employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his/her status as an employee, because of such individual's race, color, religion, sex or national origin.

The ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION will not to engage in any of the above acts or practices.

The ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION will not discriminate or retaliate in any manner against any person because of opposition to any practice declared unlawful under Title VI I of the Civil Rights Act of 1964, as amended, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under Title VII of the Civil Rights Act of 1964, as amended.

The ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION is an Equal Employment Opportunity Employer.

This notice is posted under the terms of a conciliation agreement between the United States Equal Employment Opportunity Commission and the Alabama Department of Mental Health and Mental Retardation and must remain posted through the date indicated below.

_____        _____
Date                                                         for Alabama Department of Mental Health and Mental Retardation

_____        _____
Date                                                         Bernice Williams-Kimbrough, District Director

Date Posted:

Date Posting Expires:



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street, South, Suite 2000
Birmingham, AL 35205
(205) 212-2100
TTY (205) 212-2112
FAX (205) 212-2105

Charge Number:    130 2004 03106

Winifred Blackledge
3001 Azalea Trace Drive, North
Mobile, AL 36695                    Charging Party

Alabama Department of Mental Health
and Mental Retardation
7400 Roper Drive
Daphne, AL 38526                    Respondent

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et. seq. (Title VII). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that Respondent failed to promote her to the position of Community Service Specialist III because of her race (Black) in violation of Title VII. Charging Party also alleges that Respondent discriminates against her in pay, work assignments, and other terms, conditions, and privileges of employment because of her race (Black). Charging Party further alleges that Respondent has a pattern and practice of discriminating against Blacks as a class with regards to promotional opportunities by pre-selecting Whites for promotions.

Respondent denies discriminating against the Charging Party because of her race. Respondent contends that the Community Service Specialist III position was filled by an open and competitive process.

The investigation revealed that Respondent utilized a predominantly White interview panel and a subjective interview process which resulted in all of the White applicants ranked higher than all of the Black applicants. The investigation also revealed that Respondent pre-selected the successful White applicant who may not have met the stated job requirements. The investigation revealed that it is more likely than not the Respondent discriminated against Blacks as a class in its pre-selection of the White applicant and the utilization of a predominantly White interview panel and subjective interview process. The investigation further revealed that Respondent violated the Commission's recordkeeping requirements by not preserving the applications of Black applicants and Applicant Assessment Forms used in the scoring and ranking of the applicants during the interview process (29 C.F.R. 1602.31).

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.

Page 2 of 2
Blackledge v Alabama Department of Mental
Health and Mental Retardation

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the District Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation. I have enclosed a proposed conciliation agreement which contains provisions that provide relief for the Charging Party and injunctive/remedial relief in the interest of public policy.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibited. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

July 01, 2005
Date

Beverly B. Hinton for
Bernice Williams-Kimbrough
District Director

Enclosure

APPENDIX B

ALABAMA DEPARTMENT OF MENTAL HEALTH
AND MENTAL RETARDATION

CLASS MEMBERS

Melissa Ezell
James Packer
Sherrita Williams