IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WINIFRED BLACKLEDGE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | CASE No.: CV 2:06-CV-321-ID |
| ) | |
| **ALABAMA DEPARTMENT OF** ) | |
| **MENTAL HEALTH & MENTAL** ) | |
| **RETARDATION & COMMISSIONER** ) | |
| **JOHN HOUSTON, in his Official** ) | |
| **Capacity as Commissioner.** ) | |
| ) | |
| **Defendants.** ) | |

**MOTION TO STRIKE DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS OF ATTORNEYS FEES**

**COMES NOW,** Plaintiff by and through her undersigned counsel, and moves to strike Defendants' Reply To Response to Motion for Summary Judgment (Doc. #35) for the following reasons: (I) The Motion to Strike and Motion for sanction of dismissal of the CSS III claims is frivolous and without merit, therefore the sanction of attorneys fees should be considered by the Court; (II) Section 4 of Defendant's Reply Brief adds new arguments which do not specifically rebut or reply to arguments made in Plaintiff's Response in Opposition to the Defendant's Motion for Summary Judgment and should not be considered in determining the Summary Judgment Motion; and (III) the additional exhibits submitted in the Reply Brief should be stricken from consideration of the Summary Judgment Motion as untimely. In support of said motion, Plaintiff states as follows:

**I.   MOTION TO STRIKE DEFENDANTS' MOTION FOR DISMISSAL OF CLAIM AS A SANCTION AS FRIVOLOUS**

-1-

Plaintiff hereby moves to strike the Defendant's argument for sanctions[1] (the dismissal of the CSS III 2003 Position), for failure to present documents timely, as frivolous and asks for the Court to consider the sanction of attorneys fees for having to respond to such a frivolous motion.

The document that Defendant questions (Exh. T; attached here as Exh. 4) was created by Defendant ADMHMR and should have be in Defendants' possession.[2] Moreover, this document was only offered in Rebuttal to arguments made in Defendants' Motion for Summary Judgment. Therefore the Defendants' argument for the sanction of dismissal of the claims is frivolous.

Plaintiff is in no way withholding information or any documents from Defendant. In fact, Plaintiff has made it abundantly clear to Defendant that these documents are in the possession of the Defendant and were created by Defendant, therefore any such document is readily obtainable by Defendant. Furthermore, discovery is ongoing in this case and the time for witness and exhibit lists for trial is still far away. See Fed.R.Civ.P. 26(a)(3).

Plaintiff had no plans to use this document to support her claims, therefore this document did fall under Fed.R.Civ.P. 26(a)(1)(B) disclosures. Plaintiff served this document with her Response to the Motion for Summary Judgment when it became relevant, which is clearly within counsel's duty to seasonable supplement its disclosures under Fed.R.Civ.P. 26. To request the sanction of dismissing Plaintiff's CSS III claims based on Defendants' argument is frivolous and without merit.

---

[1] See Section 2 (Doc. #35). Defendant ask for dismissal of the CSS III promotion claims as a sanction for failing to disclose this document.

[2] Plaintiff is stunned that Defendant can argue in good faith that the authenticity of this document is "purporting to be from Marilyn Benson to Winnifred Blackledge purportedly dated December 15, 2006" (Doc. #35, pp. 5). Why this document is not part of the official record, as Defendant argues, gives seriously doubt as to whether Defendant has produced all documents that Plaintiff has requested in good faith. The only reason this document was in Plaintiff's possession was because the document was sent to her at her home by the Defendant.

Plaintiff further states that it was not the intention of Counsel to bring this matter to the Court, but because Defendant has done so, Plaintiff must address his position on this matter. Plaintiff states that such a motion is frivolous and without merit for the following reasons:

1. Regarding Exhibit T, this document was not in possession of Counsel for Plaintiff until a few days prior to filing the Response to Defendants' Motion for Summary Judgment. (Exh. 1: Letter from Joshua D. Wilson to Rebecca Luck; 08/10/07).

2. Although the document was Plaintiff Blackledge's files at home, Plaintiff had no intention of using this document in this lawsuit until the Defendants raised a timeliness argument in the Motion for Summary Judgment which made the document relevant. Therefore, this document was only offered for rebuttal purposes.

3. Ms. Blackledge has been employed by the Defendant for over twenty (20) years and to require Ms. Blackledge to automatically produce every document that she has ever received from ADMHMR is objectionable as unduly burdensome, especially considering that Defendant has not sent any discovery request that this document is responsive to.

4. Because Defendant has not sent any Interrogatories or Requests for Production, this document is not responsive to any request by Defendants. Defendant only attached a subpoena duces tecum to Blackledge's Notice of Deposition, which was served on February 14, 2007. Blackledge's deposition was scheduled for and took place March 13, 2007 in Mobile, Alabama, 27 days after the service of the Deposition Notice, therefore the subpoena duces tecum was not timely.

5. Moreover, the subpoena duces tecum is objectionable as vague, ambiguous and

       unduly burdensome as to be incapable of a definite response because it requested that Blackledge provide all documents that "support her claim" without listing any specific request for documents. If Defendant wanted to question Ms. Blackledge about any specific documents they had the opportunity to propound interrogatories and send a proper request for production of documents, not ask Plaintiff to provide every document that could possibly support her claims.

6. Counsel of Plaintiff specifically objected to the vague subpoena duces tecum by stating that there were a lot of documents that support her claim, including "all the documents that we have asked for from the Department... all the personnel files, all of the – I mean, every document is part of the evidence of her claims." (Doc. #35-4; Winnifred Blackledge depo. pp., pp. 26-27).

7. Counsel further stated that "when the Court requires us to list those documents [prior to trial in accordance with Fed.R.Civ.P. 26] we're going to use [at trial]. I mean, it's discovery, and we requested a lot of documents that we're going to use for evidence, and we were just given these documents Friday. I'm not going to bring a box of documents...." Counsel for Plaintiff was not going to bring from Birmingham to Mobile over 4,000 pages of documents when those documents are already in the possession of Defendant.

8. Plaintiff did produce documents to Defendant during depositions on March 14-15, 2007 which related to her claims and which Plaintiff intended to use at trial. These documents were also created by Defendants or were already in Defendants possession. Regardless, by March 14-15, 2007 Defendant had in its possession every

document that had already been created, which were available, were relevant and which Plaintiff intended to use in this case at that time. Plaintiff clearly followed the supplementation rules of Fed.R.Civ.P. 26.

9. Plaintiff adamantly states that neither she or Counsel is withholding any information or documents and Plaintiff has not created any additional documents that it intends to use at the trial of this case. If Plaintiff does, Plaintiff will serve Defendants with these documents in a timely manner according to Fed.R.Civ.P. 26.

10. Plaintiff sent interrogatories and requests for production to obtain information to prove her case on October 18, 2006. Defendant did not respond until March 8, 2007 (almost six months after service) despite several requests for Defendant to respond. In an apparent attempt to harass Counsel for Plaintiff, Defendant responded four days prior to the depositions by submitting 4,000 pages of documents. The objectional subpena duces tecum did not require Plaintiff to turn around and re-produce these documents to Defendant.

11. To require Ms. Blackledge to produce documents that were either already in the possession of Defendant, or should have been, would be unduly burdensome and repetitive. In response to vague requests for production, it was not Plaintiff's duty to dig through these documents already in Defendant's possession four days prior to depositions and explain to Defendant which specific documents support her claims or what she plans to use in trial

12 Again, Exh. T should have been included in Defendant's response to Plaintiff's Interrogatories and Requests for Production as it was created by Defendant. (See

Exh. 2; Request for Production #11, #13, #14)(Exh. 3; Defendant's Response to Discovery Requests).

13. Defendant has filed a Motion for Sanctions without consulting Counsel for Plaintiff and without filing a Motion to Compel as required in Rule 37. Fed.R.Civ.P. Rule 37(a)(2)(A)("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosures without court action."). Counsel for Defendant sent a letter stating she was going to file a Motion to Strike, then in Defendant's Reply to Response to Motion for Summary Judgment, Defendant moved for the sanction of dismissing Plaintiff's CSS III promotion claims.

13. In the letter to Counsel for Defendant Counsel for Plaintiff explained that Defendant did not have grounds to file a motion to strike because the document was served upon Defendant within a few days after it became relevant to Plaintiff's claims and a few days after it was in the possession of Counsel for Plaintiff. Plaintiff further stated "If you intend to file a Motion to Strike, I will have to consider my options as well if I am forced to have to spend time responding to such a motion that is without merit." (See Exh. 1).

For the foregoing reasons, Plaintiff aks that this Court respond as follows:

(A) Strike Defendants' Motion for Sanctions to Dismiss Plaintiff's CSS III 2003 Position;

(B) Order an award of reasonable attorneys fees as a Sanction for Counsel for Plaintiff having to spend time to respond to a frivolous and meritless motion.

**II.     MOTION TO STRIKE SECTION 4 OF DEFENDANTS' REPLY BRIEF**

Defendant adds additional arguments and evidence which were not contained in Defendant's Initial Motion for Summary Judgment and which do not specifically rebut or reply to arguments made in Plaintiff's Response in Opposition to the Defendant's Motion for Summary Judgment. Therefore these initial arguments are untimely as they are filed after the Dispositive Motion deadline of June 29, 2007 and should be stricken and not considered by the Court in determining the Summary Judgment Motion.

**III.    MOTION TO STRIKE DEFENDANTS' EXHIBITS**

Defendant introduces new documents which were not submitted in its Defendants' Motion for Summary Judgment and therefore were not timely filed in support of its Motion and should therefore be stricken while the Court reviews the Motion for Summary Judgment. These documents included the following:

1. Defendant's Exh. 15: Affidavit of Eranell McIntosh-Wilson
2. Defendant's Exh. 16: Daphne Rosalis Documents
3. Defendant's Exh. 17: Mickey Groggel Documents

These documents and exhibits were filed after the Dispositive Motion deadline of June 29, 2007 and are therefore untimely. Therefore these documents should be stricken and not considered by the Court in determining the Summary Judgment Motion.

**WHEREFORE**, Premises considered, Plaintiff asks the Court to: (I) Strike Defendants' Motion to Strike and Motion for the sanction of dismissal as frivolous and without merit, and consider whether the sanction of attorneys fees in responding to such a motion is appropriate; (II)

Strike Section 4 of Defendant's Reply Brief which adds new arguments that do not specifically rebut or reply to arguments made in Plaintiff's Response in Opposition to the Defendant's Motion for Summary Judgment and are therefore not timely; and (III) Strike the additional exhibits which Defendant has submitted in its Reply, which are not timely.

                Respectfully submitted,

                /s/ Joshua D. Wilson
                Joshua D. Wilson
                *Attorney for the Plaintiff*

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax:   (334) 242-0924

                This the ___15th___ Day of ___August___, 2007.

                                            /s/ Joshua D. Wilson
                                            Of Counsel