LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
JON C. GOLDFARB
GREGORY O. WIGGINS
LEE D. WINSTON
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

MAURY S. WEINER
EDWARD McF. JOHNSON
KELL A. SIMON
RODERICK T. COOKS
*LORI KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
MINTREL D. MARTIN
SUSAN DONAHUE
BENJAMIN J. DeGWECK
JOSHUA D. WILSON
*HARSIMRAN KAUR DANG
ALLISON W. LOWELL
TONI J. BRAXTON
*Not Licensed in Alabama

October 18, 2006

E-mail: jwilson@wcqp.com
Direct Dial: (205) 314-0566
Direct Fax: (205) 314-0766

Courtney W. Tarver, Esquire
State of Alabama Department of
    Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410

    *Re:*   *Winifred Blackledge v. Alabama Department of Mental Health & Mental Retardation and Commissioner John Houston*
           *Civil Action No.: 2:06CV321-ID*
           *WCQP File No. 014942-0001*

Dear Mr. Tarver:

    Please find enclosed the Plaintiff's First Interrogatories and Requests for Production of Documents to the Defendant.

Very truly yours,

*[signature]*

Joshua D. Wilson

JDW/jde
Enclosure

36419.wpd

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WINIFRED BLACKLEDGE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER: |
| | ) | |
| | ) | CV-2:06CV321-ID |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| MENTAL HEALTH & MENTAL | ) | |
| RETARDATION & COMMISSIONER | ) | |
| JOHN HOUSTON, in his Official | ) | |
| as Commissioner of the Alabama | ) | |
| Capacity Department of Mental Health | ) | |
| & Mental Retardation | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT ALABAMA DEPARTMENT OF MENTAL HEALTH AND MENTAL RETARDATION

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, plaintiff Winnifred Blackledge hereby propounds these Interrogatories and Requests for Production of Documents to the defendants Alabama Department of Mental Health and Mental Retardation (hereinafter, "ADMH/MR") and Commissioner John Houston in his Official Capacity as Commissioner of the Alabama Department of Mental Health and Mental Retardation and its officers, attorneys, agents, contractors, and employees, having any information or documents which are available to the defendant. These interrogatories and

33614.wpd                                                 1

document requests are to be answered separately and severally by the defendants in the manner and form provided by law and rules of this Court and within the time provided by the Federal Rules of Civil Procedure.

Where facts set forth in answers, or portions thereof, are supplied upon information and belief, rather than upon personal knowledge, defendant should so state and specifically identify and describe the source or sources of such information and belief. Should defendant be unable to answer any interrogatory or admission or portion thereof by actual knowledge, or upon information and belief, it shall state in detail its efforts to obtain such knowledge as will enable it to answer said interrogatory or admission or portion thereof.

Answers to these interrogatories and document requests shall be responsive to the date on which the answers are filled, shall be continuing in character, and shall require the filing of supplemental answers if further or different information on documents relative thereto becomes known before trial. Where knowledge or information of the defendant is requested, such request includes knowledge of its agents, contractors, representatives, and unless privileged, its attorneys.

## DEFINITIONS

A.   As used herein, the definitions for the term "document" means without limitation, the following items, whether printed, recorded or reproduced by any other mechanical means or process, or written or produced by hand: agreements; contracts; communications; correspondence; letters; telegrams; tape recordings; memoranda; notes; summaries or other recordings of telephone conversations; personal conversations, or meetings; agenda of meetings; notices; records; bids records; personal memoranda;

photographs; photographic slides; motion picture films; charts; graphs; diagrams; reports; statement of witnesses; findings of investigations; files; reports of experts' reports of consultants; papers; books; records; summaries; and any and every other writing or other graphic means by which human intelligence is in any way transmitted or reported.

B.  As used herein, the term "oral communications" means any words heard or spoken, and including, without limitation, words spoken at any meeting, discussion, speech or conversation, including any telephone conversation.

C.  As used herein, the term "person" includes natural persons, governments (or agencies thereof), quasi-public entities, corporations, partnerships, ventures, and all other forms of organization, association of business entities.

D.  As used herein, the term "you" or "defendant" means the named defendant in this action and the officers, attorneys, agents and employees of such defendant having information available to the defendant within the meaning of Rule 33 (a).

E.  "Identify" when referring to a natural person means to provide an identification sufficient to notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation and address, title or occupation, and each of the positions held by such persons during the applicable time covered by any answer referring to such person.

F.  "Identify" when referring to a document or writing means to give sufficient characterization of such document or writing so as to have identified it "with reasonable particularity" for purposes of Rules 33 and 34 of the Federal Rules of Civil Procedure. More particularly, the term "identify" when used with

reference to a document includes:

    a. date the document bears, or if none, under the date it was written;
    b. name and address of each person who wrote it or participated in the writing of it;
    c. name and address of each person to whom it was addressed and each person to whom a copy was identified as being directed;
    d. name and address of each person who received a copy of the document;
    e. description of the document, as for instance, a letter or memorandum;
    f.. its present location or custodian of each copy, or if unknown, its last known location or custodian;
    g. if any document is no longer in defendant's possession, or subject to defendant's control state what disposition was made of it, the reason for such deposition, the identity of the person currently having possession or control and the date that possession or control was relinquished by the defendant or any one of them.

When used with reference to an oral communication, "identify" includes:

    a. persons participating in such oral communication;
    b. date, manner (e.g., telephone) and place at which persons participated in or heard the oral communication were located;
    c. a description of the circumstances surrounding the communications, as, for instance, meeting, speech or conversation;
    d. name of each person who was present, other than the participants;
    e. substance of the oral communication.

    G. As used herein, the term "date" shall mean the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationship to other events.

    H. "Personnel Information" shall include date or information which pertains to employees, applicants for employment, persons seeking employment, or former employees, and includes, but is not limited to, information on any individual or aggregate of individuals concerning applicant flow, residence, interviews, tests, evaluations, referrals from referral agencies, length of service, educational level, selection, job assignments, performance, training, qualifications, validation of tests, promotions, health, safety, vacancies, job applications, test results, marital status, race, family status, recruitment, etc.

I.   As used herein, the term "he" or "she" is intended to refer to persons of both sexes regardless of which term is used.

J.   As used herein, the term "employee" includes temporary employees hired through a temporary agency.

## INTERROGATORIES

1. Identify the actual date the Planning Quality Assurance II Position was announced in approximately September 2002 (a position that is the subject of this Complaint).

2. Explain in detail the person or persons responsible for opening the Planning Quality Assurance II position in 2002 that is the subject of this complaint and explain why the position was opened.

3. Identify all persons who applied for, interviewed for, or were contacted by the ADMH/MR about, the Planning Quality Assurance II position (2002).

4. Identify all persons involved in the process of selecting persons for the positions of Planning Quality Assurance II (2002)(for which the plaintiff applied), including, but not limited to, those who interviewed the candidates, had verbal or written communication with the candidates and had input into the decision-making process.

5. Identify by name, race, sex and age, the employee or employees who were selected for the position of Planning Quality Assurance II at ADMH/MR in 2002. Identify the exact date the employee was selected for the position and the date the employee started the position. Furthermore, explain whether the employee was promoted from within the company (if so, identify what position they were promoted from) or whether they were hired from outside the ADMH/MR.

6. Please explain, in detail, each and every reason the plaintiff was not awarded the Planning Quality Assurance II position in 2002.

7. Identify the actual date the Community Service Specialist III (CSS III) was announced in approximately October 2003 (a position that is the subject of this Complaint).

8. Explain in detail the person or persons responsible for opening the Community Services Specialist III position in 2003 that is the subject of this complaint and explain why the position was opened.

9. Identify all persons who applied for, interviewed for, were considered or were contacted by

ADMH/MR about the Community Service Specialist III (CSS III) (2003).

10. Identify all persons involved in the process of selecting persons for the positions of Community Service Specialist III (CSS III) (2003) (for which the plaintiff applied), including, but not limited to, those who interviewed the candidates, had verbal or written communication with the candidates and had input into the decision-making process.

11. Identify by name, race, sex and age, the employee or employees who were selected for the position of Community Service Specialist III at ADMH/MR (CSS III) (2003). Identify the exact date the employee was selected for the position and the date the employee started the position. Furthermore, explain whether the employee was promoted from within the company (if so, identify what position they were promoted from) or whether they were hired from outside the ADMH/MR.

12. Please explain, in detail, each and every reason the plaintiff was not awarded the Community Service Specialist III (CSS III) position.

13. Identify by name, race, sex and age, all employees who have held the position of Community Service Specialist III (CSS III) (or a position which is responsible for duties of Community Service Specialist III) at ADMH/MR from June 8, 1999 (which is five years prior to the plaintiff's EEOC charge), to the present and indicate the territory of responsibility for each person.

14. Identify the actual date the Planning Quality Assurance II Position was announced in approximately April 2004 (that is the subject of this Complaint).

15. Explain in detail the person or persons responsible for opening the Planning Quality Assurance position in 2004 that is the subject of this complaint and explain why the position was opened.

16. Identify all persons who applied for, interviewed for, were considered, or were contacted by ADMH/MR about the Planning & Quality Assurance Specialist II (2004) positions.

17. Identify all persons involved in the process of selecting persons for the positions of Planning & Quality Assurance Specialist II (2004) (for which the plaintiff applied), including, but not limited to, those who interviewed the candidates, had verbal or written communication with the candidates and had input into the decision-making process.

18. Identify by name, race, sex and age, the employee or employees who were selected for the position of Planning Quality Assurance II at ADMH/MR in 2004. Identify the exact date the employee was selected for the position and the date the employee started the position. Furthermore, explain whether the employee was promoted from within the company (if so, identify what position they were promoted from) or whether they were hired from outside the ADMH/MR.

19. Please explain, in detail, each and every reason the plaintiff was not awarded the Planning & Quality Assurance Specialist II position in 2004.

20. Please identify by name, race, sex and age, all employees who have held the position of Planning Quality Assurance II (or a position which is responsible for duties of Planning Quality Assurance II) at ADMH/MR from June 8, 1999 (which is five years prior to the plaintiff's EEOC charge) to the present.

21. Identify and detail each and every complaint of race discrimination or harassment (including the plaintiff's complaints, other internal complaints, EEOC charges, charges of discrimination or lawsuits) from June 8, 1999 (which is five years prior to the plaintiff's EEOC charge) to the present. Please state in detail the specifics of each complaint, including, but not limited to, the identity of all persons involved, the action the defendant took as a result of the complaints, and the status and/or outcome of the complaint.

22. Please state whether the defendant investigated the plaintiff's complaints of race discrimination, and, if so, describe the steps the defendant followed in investigating the plaintiff's complaints of discrimination, the persons involved in any investigation and the conclusions reached.

23. Please provide the name and last known address of all persons who have given statements related to matters in the plaintiff's EEOC charges and Complaints.

24. Identify each and every person by name, race and job title whom you know or believe to have signed a statement related to the subject matter of this lawsuit, state to whom the statement was given and the date the statement was signed.

25. Please explain when Plaintiff "topped out" of merit raises in her current classification, Mental Health Social Worker.

## REQUESTS FOR PRODUCTION

1. Please provide a copy of all documents used or relied upon in responding to the interrogatories sent by the plaintiff in this case.

2. Provide a copy of all documents relating to any investigation concerning the plaintiff's claims of discrimination, including any affidavit or statements taken from any potential witnesses in this case. If you are claiming any privilege for such, please provide a privilege log.

3. Please produce documents describing the position of Planning Quality Assurance II (2002) including, but not limited to, job descriptions and postings.

4. Please produce documents reflecting the range of salary associated with the position of Planning Quality Assurance II, for which the plaintiff applied, for each respective year of application to the present for each position.

5. Please produce any documents related to the recruitment or selection process for the Planning Quality Assurance II (2002) position, including but not limited to all documents pertaining to the job vacancy (i.e. actual job posting announcements), the application process, recruitment, the candidates considered, all applications submitted, resumes, job postings, tests and psychological instruments administered and any correspondence such as memoranda, e-mail, and letters.

6. Please provide copies of source documents used to rank the individuals who applied for this Planning Quality Assurance II (2002) position.

7. Please produce all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a computer or disc concerning the creation, marketing and closure of the Planning Quality Assurance II (2002) position.

8. Provide the personnel files of the person(s) who were hired in the Planning Quality Assurance II (2002) position the plaintiff applied for.

9. Please produce documents describing the position of Community Service Specialist III (CSS III) (2003) including, but not limited to, job descriptions and postings.

10. Please produce documents reflecting the range of salary associated with the position of Community Service Specialist III (CSS III), for which the plaintiff applied, for each respective year of application to the present for each position.

11. Please produce any documents related to the recruitment or selection process for the Community Service Specialist III (CSS III) (2003) position, including but not limited to all documents

33614.wpd                                   8

pertaining to the job vacancy (i.e. actual job posting announcements), the application process, recruitment, the candidates considered, all applications submitted, resumes, job postings, tests and psychological instruments administered and any correspondence such as memoranda, e-mail, and letters.

12. Please provide copies of source documents used to rank the individuals who applied for this Community Service Specialist III Position.

13. Please provide copies of the personnel files of each individual that applied for the Community Services Specialist II position in 2003, including the personnel files of Mildred "Mickey" Groggel; please include all applications, resumes, job evaluations and any other documents used in the decision making process.

14. Please produce all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a computer or disc concerning the creation, marketing and closure of the Community Service Specialist III (CSS III) (2003) position.

15. Provide any letter from Susan Stuardi discussing the Community Services Specialist III position that was opened in October 2003.

16. Please produce documents describing the position of Planning & Quality Assurance Specialist II (2004), including, but not limited to, job descriptions and postings.

17. Please produce any documents related to the recruitment or selection process for the Planning & Quality Assurance Specialist II (2004) position, including but not limited to all documents pertaining to the job vacancy (i.e. actual job posting announcements), the application process, recruitment, the candidates considered, all applications submitted, resumes, job postings, tests and psychological instruments administered and any correspondence such as memoranda, e-mail, and letters.

18. Please produce all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a computer or disc concerning the creation, marketing and closure of the Planning & Quality Assurance Specialist II (2004) position.

19. Provide the personnel files of the person(s) who were hired in the Planning & Quality Assurance Specialist II (2004) position the plaintiff applied for.

20. Please provide a complete copy of all documents sent to or received from the EEOC concerning the plaintiff's charge of discrimination and all other charges of race discrimination and harassment against the defendant from June 8, 1999 (which is five years prior to the plaintiff' EEOC charge) to the present.

21. Provide the plaintiff's personnel file.

22. Provide all documents related to any job audit completed on plaintiff Winifred Blackledge.

23. Submit a list of promotions for the period June 8, 1999 (which is five years prior to the plaintiff' EEOC charge) through the present date in the Mobile area of the ADMH/MR. Please identify each individual by: Name, race, sex, age, date of hire, job title promoted from, job title promoted to, date of promotion and current job position.

24. Provide all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a computer or disc concerning the desk audit of plaintiff Winifred Blackledge by Ms. Marilyn Benson completed in approximately March 2004.

25. Provide all documents, notes, recordings, journal entries, memoranda, calendar entries, computer documents or printouts, information stored on a computer or disc concerning the hearing challenging the desk audit of plaintiff Winifred Blackledge completed by Ms. Marilyn Benson in approximately March 2004.

Respectfully submitted,

*[signature]*

Joshua D. Wilson
*Attorney for the Plaintiff*

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500 - phone
(205) 254-1500 - fax

## CERTIFICATE OF SERVICE

I do hereby certify that on this the **18TH** day of **OCTOBER**, 2006 a copy of the foregoing was duly served upon counsel of record by placing a copy in the United States mail, first class postage prepared and properly addressed as follows:

Courtney W. Tarver, Esquire
State of Alabama Department of
   Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
(334) 242-3038 (phone)
(334) 242-0924 (fax)

 

_/s/ Jack W._____
Of Counsel