UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
(NORTHERN DIVISION)

| | |
|---|---|
| **WINIFRED BLACKLEDGE** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Case No.: 2:06 CV 321-ID** |
| ) | |
| **ALABAMA DEPARTMENT OF MENTAL** ) | |
| **HEALTH AND MENTAL** ) | |
| **RETARDATION, JOHN HOUSTON** ) | |
| **in his official capacity as Commissioner,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S RESPONSE**
**to Plaintiff's**
**"MOTION TO STRIKE DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR**
**SUMMARY JUDGMENT AND MOTION FOR SANCTIONS OF ATTORNEYS FEES"**
(filed August 15, 2007)

Comes now the Defendant, by and through its attorneys of record, Alabama Deputy Attorney General, Courtney Tarver, and Alabama Assistant Attorney General Rebecca Luck, and respond to plaintiff's "Motion to Strike Defendants' Reply to Response to Motion for Summary Judgment and Motion for Sanctions of Attorneys Fees", as follows:

Plaintiff's Motion to Strike generally argues that the plaintiff had no duty to produce her Exhibit "T" until she responded to the Motion for Summary Judgment; that Exhibit "T" had not been made relevant until the Motion for Summary Judgment; that the Defendant should have had possession of Exhibit "T" and should have produced Exhibit "T"; and that the Defendant cannot introduce the evidence offered in reply. Plaintiff argues that she produced some documents during the second day of depositions; that Plaintiff doesn't have any more un produced documents; and that counsel for Plaintiff didn't have possession of Exhibit "T" until "a few

days" before he produced it on behalf of the plaintiff. Plaintiff characterizes our request for FRCP Rule 37(c) automatic sanctions, as a Motion to Strike.

By this brief, we will establish that Exhibit "T" is pivotal to Ms. Blackledge's claim of discrimination for alleged failure to promote to the CSS III 2003 position because she has offered Exhibit "T" to establish that she satisfied pre-litigation administrative prerequisites to filing claims of discrimination. Ms. Blackledge had a duty to produce evidence, including Exhibit "T", pursuant to Federal Rules of Civil Procedure, Rule 30(b)(5) and Rule 34(b), at the deposition of Ms. Blackledge on March 13, 2007, and we will demonstrate that her duty to produce documents was vigorously debated and pursued. We will point to the record establishing that Plaintiff knew or should have known that the position file for the CSS III 2003 from Region III, disappeared and was not found.

**Facts Relevant to Plaintiff's Motion to Strike**

Plaintiff filed an EEOC Charge alleging discriminatory failure to promote to several positions including the CSS III 2003 position which is a subject of Ms. Blackledge's action in this case. During the EEOC investigation, EEOC asked DMHMR for the "source documents" used for the CSS III 2003 position, and DMHMR responded:

> "2. Please provide copies of source documents used to rank the seven individuals who applied for the position of Community Service Specialist III.
>
> *"A copy of a blank Applicant Assessment Form used to score each person interviewed for this position is attached as Exhibit A*. ***A thorough search was conducted; however, we were unable to find the Applicant Assessment Forms that were actually completed by the interview panel members***.
> *  "Also attached is a copy of a document with the last names of the panel members and the persons interviewed, individual scores, and the total score for the person interviewed (Exhibit B). Joan Owens, Personnel Specialist, who was on the interview panel, wrote this document at the time of the interviews.* ***No other source documents can be found.***" *(Exhibit "32"Letter to EEOC, Mr. Roy L. Jackson, Sr., April 6, 2005,* (produced to Plaintiff as page 1734) (emphasis added).

On completion of its investigation, the EEOC District Director made a Determination including a finding that DMHMR had failed to produce all relevant interview records.

> " . . .The investigation further revealed that **Respondent violated the Commission's recordkeeping requirements by not preserving the applications of Black applicants and Applicant Assessment Forms used in scoring and ranking of the applicants during the interview process . . .** (29 C.F.R. 1602.31)."

*U.S.EEOC Determination letter dated July, 1, 2005* and produced to the Plaintiff as pages 004096 and 004097 (emphasis added).

The parties agree that EEOC file was copied to Plaintiff's counsel in Defendant's production of documents several days before the Plaintiff's deposition.

### Timeline of Relevant Filing Dates.

The only "failure to promote" issue addressed by the EEOC was for the CSS III 2003 position that was awarded on December 10, 2003. Ms. Blackledge filed her EEOC Charge on June 9, 2004. Ms. Blackledge was issued a Right to Sue Letter by the EEOC on March 22, 2006, and filed suit alleging racial discrimination in the instant action on April 10, 2006 (two years and three months after the alleged discriminatory action). Ms. Blackledge filed her First Amended Complaint in the instant action on February 7, 2007, adding allegations of retaliation, summarized as follows:

| | |
|---|---|
| 12-10-2003 | Another candidate was awarded the CSS III 2003 position |
| 06-09-2004 | EEOC filed alleging discrimination re: the CSS III 2003 position |
| 03-22-2006 | Right to Sue letter issued by EEOC to Ms. Blackledge |
| 04-10-2006 | Federal suit filed alleging discrimination |
| 02-07-2007 | Federal suit amended to add allegations of retaliation. |

### Deposition Notice Duces Tecum

By January 2007, the parties were engaged in choosing deposition dates for taking testimony of the plaintiff, and of six employees of the DMHMR requested by the plaintiff.

Plaintiff noticed depositions, and the parties agreed that Mr. Blackledge's Deposition would be held March 13; the Mobile based employees (including a 30(b)(6) deponent) would give testimony on March 14; and the Montgomery based employees would give testimony on March 15. On February 14, 2007, DMHMR forwarded a formal Deposition Notice with *duces tecum* language requiring that Ms. Blackledge bring documents and things to the deposition. The Plaintiff did not object. (In Plaintiff's Motion to Strike, she asserts that she objected to the *duces tecum* notice, but the only showings on the record that I could locate were a generalized objection about the large number of pages at page 25; two objections to the form of a question on page 28; and again on page 30; and an objection requesting a protective agreement before disclosure of medical records. None of Plaintiff's counsel's objections were to the nature of the documents requested under the *duces tecum* notice.)

> "Defendant requests that the Plaintiff Winifred Blackledge produce at the time of taking said deposition, copies of the following documents:
> 1. Any and all Journals or diaries for the time period which covers your allegations in your Complaint as amended.
> 2. Each and every documents, documentation and things that you allege supports your allegations contained in your complaint as amended.
> 3. Your Birth Certificate.
> 4. Your Driver's License.
> 5. Any and all medical, psychological, psychiatric, and professional counseling documentation supporting your allegations of mental distress, emotional pain, anguish, humiliation, and embarrassment.
> 6. Any and all documents, documentation and things that support your claim for Adverse Employment Conditions.
> 7. Any and all documents, documentation and things that supports your claims for malicious, reckless and Willful discrimination.
> 8. Any and all documents, documentation and things that supports your claim for harassment.
> 9. Any and all documents, documentation and things that supports your claims for malice and/or reckless indifference.
> 10. Any and all documents, documentation and things that supports your allegation that the Department of Mental Health and Mental Retardation has a pattern of practice for discrimination against Blacks.

      11.    Any other documents, documentation and things which you allege supports your contention that you have been injured or damaged in any manner due to your allegations in your complaint as amended."
*Notice of Deposition of Winifred Blackledge Duces Tecum language, dated February 14, 2007(emphasis added).*

During Ms. Blackledge's deposition, defense counsel made great efforts to obtain copies of any documents that Ms. Blackledge believed supported her case. We have previously attached Defendant's Exhibit "30" to our Reply Brief in this matter, constituting pages 23 through 43 of Ms. Blackledge's deposition including the discussion of the whereabouts of all documents Plaintiff would offer in support of her case, and referencing the *duces tecum* notice, a part of Ms. Blackledge's deposition notice. When asked for documents in support of her claims, Ms. Blackledge responded:

> "Whatever I have, I have provided to my attorney."
> *(Exhibit 30, Blackledge depo., 25:5-6).*
>
> "Well, I can't recall all of them, but my attorney has them."
> *(Exhibit 30, Blackledge depo., 28:15-16).*
>
> "I can't recall all the documents I gave you all."
> *(Exhibit 30, Blackledge depo., 29:5).*
>
> "Repeat that again, because I'm -- really, all the documents that I have -- had has been provided to my attorney."
> *(Exhibit 30, Blackledge depo., 29:10-12).*

From time to time, plaintiff's counsel interjected:

> "All the documents that she has are in y'all's possession, so she didn't bring anything additional today."
> *(Exhibit 30, Blackledge depo., 25:9-11).*
>
> "I'm gong to object to that. I mean, there's lots of documents that support her claim, so I don't think we can try to individualize which ones right now."
> *(Exhibit 30, Blackledge depo., 25:23-26:1).*
>
> "I don't think it's time in litigation for us to let you all know exactly what documents we

>plan on using at trial, or anything.  I mean --"

*(Exhibit 30, Blackledge depo., 26:4-7)*

>"Well, that would be all the documents that we have asked for from the Department."

*(Exhibit 30, Blackledge depo., 26:24-27:1).*

>" . . . I'm just saying the documents are already in your possession.  I don't think we're required to bring those same documents and to sit them here on the table and say, These are our documents.  I mean, those are documents that are already in your possession, the possession of the Department."

*(Exhibit 30, Blackledge depo., 29:22-30:4).*

After these exhaustive exchanges, defense counsel asked, " . . . are there going to be any other pieces of paper presented in this case that you're going to suggest support your claims for harassment or discrimination in this case?", in answer to which, both plaintiff and her counsel affirmed that they knew of no further documents.  *(Blackledge depo., 37:16-22).*

During the deposition of Ms. Blackledge's rating supervisor, Susan Stuardi, General Counsel for DMHMR clearly stated on the record that the official record of the CSS III 2003 interview process had been lost and that the loss of those documents appeared to cause the EEOC to make a negative finding.  *(Exhibit "33", Stuardi depo., 102:4-107:19).*  This exchange was occasioned by Plaintiff's introduction of some of the lost records.  Still, Plaintiff did not produce Exhibit "T".

Although, plaintiff characterized DMHMR's request for the automatic exclusion sanction to prevent the introduction of Exhibit "T" as a Motion to Strike, it is not a motion to strike and doesn't require prior notice to opposing counsel.  Nevertheless, it should be noted that counsel had several discussions about the Plaintiff's failure to produce records, as set out above. DMHMR's counsel's letter dated July 17, 2007 discusses the difficulties DMHMR had been having in obtaining documents from the plaintiff and in taking follow-up testimony on after-acquired documents. (Exhibit 34, Letter to Plaintiff's counsel, dated July 17, 2007).  Exhibit

- - 6

"34" followed an exhaustive discussion with Plaintiff's counsel by telephone. Plaintiff's counsel responded by Exhibit "35", a letter dated July 23, 2007, a copy of which is attached hereto. Mr. Wilson's letter generally objects late to the records request as vague and ambiguous and incapable of a definite response, and other arguments that do not appear to be convincing. Other letters were exchanged about other discovery issues (i.e., the extent of inquiry to be allowed for Ms. Blackledge's follow-up deposition).

Upon review of Plaintiff's response to DMHMR's Motion for Summary Judgment, we noted that Plaintiff produced Exhibit "T" which had never been produced before, evidenced by DMHMR's counsel's letter dated August 6, 2007 (Defendant's Exhibit "36"). Plaintiff's counsel forwarded a letter dated August 10, 2007, (Defendant's Exhibit "37") arguing that Exhibit "T" had not become relevant until DMHMR filed its Motion for Summary Judgment (June 29, 2007), and suggesting that timeliness of filing the EEOC Charge had never been in issue until that time.

DMHMR made timeliness of filing the EEOC Charge an issue in its Answer filed in this case.

> "47. The complaint fails to state a claim upon which relief can be granted as to the indicated claims where administrative prerequisites to the filing of this lawsuit were not met.
> . . .
> "48. Defendants assert that the plaintiff has not fulfilled all conditions precedent to the initiation of this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000, et seq.
> . . .
> "50. To the extent that any allegations in the complaint involve incidents beyond 180 days prior to the filing of her EEOC complaint, those allegations are barred."

*Exhibit "38", Answer to Complaint dated June 28, 2006*
.

The same Affirmative Defenses were filed in Answer to the First Amended Complaint. Plaintiff's argument that she had no reason to know that timeliness was in issue is not supported by the record.

In response to Defendant's Motion for Summary Judgment, Ms. Blackledge offered Plaintiff's Exhibit "T", which had not been produced by either party before that time. DMHMR then filed an appropriate reply brief with evidence, and requests that the court apply the automatic sanction disallowing the use of Exhibit "T" as evidence pursuant to Federal Rules of Civil Procedure, Rule 37(c)(1).

### Applicable FRCP and Advisory Committee Notes

> "(c) Failure to Disclose: False or Misleading Disclosure; Refusal to Admit.
>    (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. . . . "

*Federal Rules of Civil Procedure, Rule 37 (c)(1).*

The Committee Notes clarify the self-executing nature of preclusion of evidence that was not disclosed without substantial justification, and distinguishes it from other sanctions under the rule requiring a formal motion to strike.

> "**Subdivision (c)**. the revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a) without need for a motion under subdivision (a)(2)(A).
>    Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56. As disclosure of evidence offered solely for impeachment purposes is not required under those rules, this preclusion sanction likewise does not apply to that evidence. . . ."
> " . . . However, the rule provides the court with a wide range of other sanctions -- such as declaring specified facts to be established, preventing contradictory evidence, or like spoliation of evidence, allowing the jury to be informed of the fact of nondisclosure -- that, though not self-executing, can be imposed when found to be warranted after a hearing. . . . "

*FRCP, Advisory Committee Notes to the 1993 Amendments to Rule 37.*

Plaintiff refused to disclose documents when properly noticed to produce them by duces tecum attachment to her deposition notice, with the knowledge that the record she now presents was missing from the official file.  Plaintiff should not be allowed to use the disputed document in response to this Motion for Summary Judgment.

WHEREFORE, the Defendant prays the Court will deny Plaintiff's Motion to Strike and deny the relief requested thereunder.

Respectfully submitted this, the 20th day of August, 2007.

    TROY KING
    ATTORNEY GENERAL

    /s/ Rebecca J. Luck
    Rebecca J. Luck (LUC011)
    Assistant Attorney General
    Courtney Tarver, (TAR009)
        General Counsel and
            Deputy Attorney General
    Attorneys for Defendants

    Alabama Department of Mental Health
     and Mental Retardation
    RSA Union Building, 100 N. Union St.
        Fifth floor
    P.O. Box 301410
    Montgomery, Alabama 36130-1410
        (334) 242-3038
        facsimile (334) 242-0924
        rebecca.luck@mh.alabama.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 20, 2007, I electronically filed the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S "MOTION TO STRIKE DEFENDANTS' REPLY TO RESPONSE TO MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS OF ATTORNEYS FEES" with the Clerk of the Court using the CM/ECF system which automatically sends electronic notification of such filing to the following:

Rocco Calamusa, Esq.
Joshua D. Wilson, Esq.
Benjamin J. DeGweck, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama   35203
Phone:  (205) 314-0500


                                              /s/ Rebecca J. Luck
                                              Rebecca J. Luck