# EXHIBIT 32





STATE OF ALABAMA

## DEPARTMENT OF MENTAL HEALTH
## AND MENTAL RETARDATION

RSA UNION BUILDING

100 N. UNION STREET
POST OFFICE BOX 301410
MONTGOMERY, ALABAMA 36130-1410

BOB RILEY
GOVERNOR

JOHN M. HOUSTON
ACTING COMMISSIONER.

April 6, 2005

<u>(Cover letter by Facsimile
and by Overnight Mail
w/attachments)</u>

Mr. Roy L. Jackson, Sr., Federal Investigator
U.S. Equal Employment Opportunity Commission
1130 22nd Street South, Suite 2000
Ridge Park Place
Birmingham, AL  35205

RE:   **Request for Additional Information
for Charge No:  130-2004-03106,
Charging Party:  Winifred Blacklege**

Dear Mr. Jackson:

The Albert P. Brewer Development Center (Brewer), a facility operated by the Department of Mental Health and Mental Retardation (DMHMR) coordinated the process of filling the position referred to in this Charge, and then closed on March 1, 2004.

1.   **Please explain why the Charging Party (Winifred Blackledge) was not selected to fill the position of Community Service Specialist III, which was posted on October 27, 2003.**

Response:

The interview panel members individually scored each person.  The scores were totaled and the seven candidates were ranked by numerical score. The Charging Party (Winifred Blackledge) was ranked number five, with a score of 84.

1733

Mr. Roy L. Jackson, Sr.
Page 2
April 6, 2005

The names of each of the individuals interviewed and their scores were submitted to Susan Stuardi, former Director of MR Region III Community Services (now retired).  Ms. Stuardi selected Mildred Groggel, who ranked third with a score of 93, as the successful candidate.

2.    **Please provide copies of source documents used to rank the seven individuals who applied for the position of Community Service Specialist III.**

Response:

A copy of a blank Applicant Assessment Form used to score each person interviewed for this position is attached as Exhibit A.  A thorough search was conducted; however, we were unable to find the Applicant Assessment Forms that were actually completed by the interview panel members.

Also attached is a copy of a document with the last names of the panel members and the persons interviewed, individual scores, and the total score for the person interviewed (Exhibit B).  Joan Owens, Personnel Specialist, who was on the interview panel, wrote this document at the time of the interviews.  No other source documents can be found.

3.    **Please provide copies of the personnel files of the seven individuals, including Mildred Groggel and Winifred Blackledge, who applied for the Community Service Specialist III position.  Please include copies of:**

a.    **Applications**
b.    **Most recent evaluations, as of October 27, 2003**
c.    **Any other documents used in the decision making process.**

Response:

The applications for Celestine Chappell, Kathi Guy Allen, Mildred Groggel and Winifred Blackledge who were interviewed are attached as Exhibit C.  No other applications can be found.  The personnel files with evaluations for the seven individuals who were interviewed are attached as indicated:

1734

Mr. Roy L. Jackson, Sr.
Page 3
April 6, 2005

| | Name | Exhibit |
|---|---|---|
| (1) | Chappell, Celestine A. | D |
| (2) | Allen, Kathi Guy | E |
| (3) | Groggel, Mildred | F |
| (4) | Ezell, Melissa | G |
| (5) | Blackledge, Winifred A. | H |
| (6) | Williams, Sherrita | I |
| (7) | Packer, James | J |

4.  **Submit a list of promotions for the period January 1, 2004, through present. Please identify each individual by:**
    a.  **Name**
    b.  **Race**
    c.  **Date of hire**
    d.  **Job title promoted from**
    e.  **Job title promoted to**
    f.  **Date of promotion**

Response:

   Attached as Exhibit K is a printout dated March 16, 2005, of DMHMR employees who have been promoted since January 1, 2004. A list of these code numbers found under the columns "Old Title" and "New Title" with each corresponding job title is attached as Exhibit L.

5.  **How long does an employee have to be in a particular position before he/she is eligible to be promoted and/or transferred to another position?**

Response:

   There is no requirement for time of service before a promotion or transfer for non-probationary employees within the DMHMR.

Mr. Roy L. Jackson, Sr.
Page 4
April 6, 2005

     If you have any questions or concerns, please contact me at the above address or at (334) 242-3038.

                    Sincerely,

                    Rebecca J. Luck
                    Assistant Attorney General
                    Bureau of Legal Services

Attachments

pc:    Eranell McIntosh-Wilson
       Fordyce Mithcell
       Jerrlyn London
       Joan Owens

# EXHIBIT 33

## FREEDOM COURT REPORTING

Page 1

1        IN THE UNITED STATES DISTRICT COURT

2        FOR THE MIDDLE DISTRICT OF ALABAMA

3              SOUTHERN DIVISION

4

5        CIVIL ACTION NUMBER   CV-2:06CV321-ID

6    WINIFRED BLACKLEDGE,

7           Plaintiff(s),

8    v.

9    ALABAMA DEPARTMENT OF MENTAL HEALTH

10   & RETARDATION; COMMISSIONER JOHN

11   HOUSTON in his Official capacity as

12   Commissioner of Alabama Department

13   of Mental Health & Mental

14   Retardation,

15

16          Defendant(s).

17

18          DEPOSITION TESTIMONY OF:

19               SUSAN STUARDI

20   Commissioner:

21   Renny D. McNaughton

22   March 14, 2007

23   Mobile, Alabama

## FREEDOM COURT REPORTING

Page 102

1      A      Yes.

2      Q      So if we match up -- if you will

3  flip to --

4            MS. TARVER:  Hang on a minute.

5            For the record, these records that

6            make up Plaintiff's Exhibit 16

7            that Ms. Stuardi has just been

8            provided are not records that came

9            from the Department of Mental

10           Health, and, in fact, have been

11           the subject of some concern

12           because the official record of

13           this particular interview was

14           lost.  And that is why the earlier

15           reference to Plaintiff's

16           Exhibit -- I'm looking for 11,

17           Josh.

18           MR. WILSON:  I'm sorry.

19           MS. TARVER:  Plaintiff's Exhibit

20           11 that has been presented to

21           Ms. Stuardi, she did not recognize

22           seeing it, which I represent is a

23           handwritten chart by John Owens

## FREEDOM COURT REPORTING

Page 103

1   from Personnel of the results of

2   the interview process is why

3   Ms. Stuardi didn't know about what

4   this was and hadn't seen it.  This

5   is significant because a large

6   part of why I believe the EEOC

7   made a finding in this case is the

8   fact that we could not produce the

9   official record of the interview

10  process.

11      MR. WILSON:  Let me object to

12  that statement about your opinion

13  about why the EEOC found cause.

14      MS. TARVER:  Fine.

15      MR. WILSON:  I don't believe that

16  should be asserted right here.

17      MS. TARVER:  That's fine.  That's

18  my opinion and you're certainly

19  subject to your objection.  But,

20  for the record, the Department of

21  Mental Health in its production to

22  the EEOC did not have these

23  records available and, therefore,

## FREEDOM COURT REPORTING

Page 105

1   they were asked for and we would

2   naturally assume that they would

3   be in the possession of the

4   department.

5       MS. TARVER:  Well, one of the

6   things that was provided in the

7   production was the department's

8   response to the EEOC, which was

9   supplemented, I believe, on more

10  than one occasion, and a large

11  part of that record demonstrates

12  that we did not have the documents

13  that are being referred to in

14  Plaintiff's 16.  So with that, can

15  we take a break and copy these so

16  we can have a copy for our records

17  before you start going down this

18  road?

19      MR. WILSON:  Sure.

20  (Whereupon, a short break was taken.)

21      MR. WILSON:  Were we finished

22  with our conversation?

23      MS. TARVER:  Let me say at this

## FREEDOM COURT REPORTING

Page 104

1   was unable to give the complete

2   picture that we're normally able

3   to give in a case like this.  So

4   the department will be propounding

5   discovery related to where these

6   documents came from and these

7   documents had not been yet

8   produced to the department as a

9   part of our request for

10  documentation from Ms. Blackledge.

11   MR. WILSON:  Okay.  And I will

12  just say that these documents were

13  asked for in our discovery

14  requests.  Whether or not they

15  were provided Friday when I got

16  all the documents, I'm not sure.

17  I know they were asked for, and

18  whether or not there's in any in

19  there or not, I'm not sure.  I

20  thought there were some in there,

21  but they were asked for by the

22  plaintiffs.  And one reason why

23  they were not given yet is because

## FREEDOM COURT REPORTING

Page 102

1      A    Yes.

2      Q    So if we match up -- if you will

3   flip to --

4           MS. TARVER:  Hang on a minute.

5           For the record, these records that

6           make up Plaintiff's Exhibit 16

7           that Ms. Stuardi has just been

8           provided are not records that came

9           from the Department of Mental

10          Health, and, in fact, have been

11          the subject of some concern

12          because the official record of

13          this particular interview was

14          lost.  And that is why the earlier

15          reference to Plaintiff's

16          Exhibit -- I'm looking for 11,

17          Josh.

18          MR. WILSON:  I'm sorry.

19          MS. TARVER:  Plaintiff's Exhibit

20          11 that has been presented to

21          Ms. Stuardi, she did not recognize

22          seeing it, which I represent is a

23          handwritten chart by John Owens

# FREEDOM COURT REPORTING

Page 106

1  point I am not objecting to

2  Plaintiff's Exhibit 16.  I just

3  want it clear for the record that

4  prior to this proceeding, the

5  department from the time the

6  interview was completed and the

7  records handed off to the Brewer

8  Personnel Department, which we

9  will get at in further

10 depositions, until now, we have

11 not had in our possession the

12 documents that Ms. Stuardi has

13 been presented and it has been a

14 concern of ours related to the

15 charges from the EEOC in this

16 case.

17    MR. WILSON:  And, for the record,

18 those were documents we had

19 requested.  I'm unaware -- I was

20 unaware of whether or not they

21 were in the production you gave

22 us.  However -- sorry, lost my

23 train of thought.  But they were

## FREEDOM COURT REPORTING

Page 107

1    in the documents we requested and

2    whether or not the department had

3    possession of them or not, I'm

4    unaware of.  So --

5        MS. TARVER:  Okay.  I will just

6    note that they are not Bates

7    stamped in accord with over 4,000

8    pages of documents we presented to

9    you.

10       MR. WILSON:  Okay.

11       MS. TARVER:  We have supplemented

12   the record and we have attempted

13   to identify in some way the record

14   since we provided you those over

15   4,000 pages of documents, and we

16   will continue to identify things

17   that are not Bates stamped in a

18   way we all can identify what was

19   given and what wasn't.

20   BY MR. WILSON

21       Q   Ms. Stuardi, back to this -- the

22   documents that were handed and identified,

23   let's look at, for example, the second page

# EXHIBIT 34



STATE OF ALABAMA

# DEPARTMENT OF MENTAL HEALTH
## AND MENTAL RETARDATION

### RSA UNION BUILDING

100 N. UNION STREET
POST OFFICE BOX 301410
MONTGOMERY, ALABAMA 36130-1410



JOHN M. HOUSTON
COMMISSIONER

BOB RILEY
GOVERNOR

July 17, 2007

Joshua D. Wilson
WIGGINS, CHILDS, QUINN and PANTAZIS
The Kress Building
301 19th Street North
Birmingham, AL  35203

     Re:  Winifred Blackledge v. DMHMR, et al

Dear Josh:

     I apologize for taking so long to respond in writing to our last conversation.  I have been out of the office for several weeks in June and the first 10 days of July due to a family emergency.

     By this letter, we are noticing a continuation of Ms. Blackledge's deposition.

     As you recall, we previously discussed the right to re-call Ms. Blackledge for further deposition because she did not produce all documents required by her duces tecum notice at deposition.

     Ms. Blackledge testified that she provided all of her documents to her attorney. Ms. Blackledge also acknowledged that she could obtain documentation of medical, psychological, psychiatric or professional counseling.  Mr. Wilson agreed that those documents would be provided with a protective agreement.

     Both Ms. Blackledge & Mr. Wilson asserted that they knew of no documents other than what the Department produced in support of her claims for harassment or discrimination at page 37.

     On the following day, March 14, 2007, during Susan Stuardi's deposition, Ms. Blackledge's attorney produced a set of "rating sheets" that had not previously been produced by any party.

     Mr. Tarver interjected a clear statement that the Department previously believed the Plaintiff's Exhibit 16 documents had been lost. Mr. Tarver stated, "This is significant because a large part of why I believe the EEOC made a finding (adverse to DMHMR) in

this case is the fact that we could not produce the official record of the interview process." (Page 101 – 107)

Sufficient time has passed since the March 2007 depositions were taken to allow for review of the documents produced. It should be clear that Ms. Blackledge had possession of copies of the interview scoring sheets for the CSS III position (marked as faxed on June, 2004, Plaintiff's Exhibit 16) and did not produce them at her deposition despite aggressive inquiry. Ms. Blackledge did not produce those interview scoring sheets until they day after her deposition was concluded.

We are entitled to inquire of Blackledge about the interview scoring sheets at the follow-up deposition. We are also entitled to examine Ms. Blackledge relative to the medical reports she has agreed to produce (subject to Protective Agreement) in support of her claims for emotional damages.

Please find enclosed a Notice of Deposition for Ms. Blackledge with a tentative date. The deposition can be rescheduled if the date is not convenient to Ms. Blackledge, or yourself.

Also enclosed is a proposed Protective Agreement to cover medical records, and personnel files. I think we all understand and agree that the relevant portions of Ms. Blackledge's personnel files showing her work history with DMHMR, her education, and her experience, accompanied by her applications are not privileged in this case. All personnel records produced at trial will have personal identifying information redacted, and be limited for relevance.

Also attached is a deposition notice for Donna Buckley, with a tentative date and time. Ms. Buckley advised that she is available.

In summary, this letter addresses the following needs:
1. Deposition of Ms. Blackledge.
2. Deposition of Ms. Buckley.
3. Production of Medical Records.
4. Deposition of Dr. Blanchard.
5. Execution of Protective Agreement.

Please advise of your availability and agreement. Thank you.

Sincerely,

Rebecca J. Luck
Assistant Attorney General
RJL/ljd

2

Enclosures:    Deposition Notice of: Winifred Blackledge, Donna Buckley, Dr. Blanchard, Consent Protective Agreement.

# EXHIBIT 35

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
EDWARD McF. JOHNSON

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

*LORI B. KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
SUSAN DONAHUE
JOSHUA D. WILSON
*KEIR BICKERSTAFFE
TONI BRAXTON
*JULIENE JAMES
ETHAN R. DETTLING
JAMES V. DOYLE, JR.
RACHEL LEE McGINLEY
MELISSA N. TAPP

CANDIS A. McGOWAN
OF COUNSEL
*Not Licensed in Alabama

July 23, 2007

Rebecca J. Luck/Assistant Attorney General
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410

> **Re:** *Winifred Blackledge v. Alabama Department of Mental Health &*
> *Mental Retardation and Commissioner John Houston*
> *Civil Action No.: 2:06CV321*

Dear Rebecca:

I am writing in response to your letter dated July 17, 2007 and the issues we have recently discussed:

1. <u>Deposition of Ms. Blackledge</u>

Based on the reasons listed below, Ms. Blackledge specifically objects to the Notice of Continuation of her Deposition. Ms. Blackledge answered questions that were posed to her regarding her claims in this lawsuit during her deposition on March 13, 2007. You had every opportunity to question her specifically about her claims and her damages and therefore the opportunity to take her deposition has passed. Fed.R.Civ.P. 30(a)(2)(B) states that a party must obtain leave of court if "the person to be examined already has been deposed in the case". To require Ms. Blackledge to reappear for a deposition is unduly burdensome, costly and unfair and not required for the following additional reasons:

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

Page 2
July 23, 2007

      Fed.R.Civ.P. 30(b)(5) states that if a request for production of documents is made with the notice of deposition, the "procedure of Rule 34 shall apply to the request." Fed.R.Civ.P. 34(b) allows parties 30 days to serve the requested documentation.     Although you did not send written interrogatories or requests for production, you did attach a request for production of documents to Ms. Blackledge's Notice of Deposition, which was served on February 14, 2007. Ms. Blackledge's deposition was scheduled for and took place March 13, 2007 in Mobile, Alabama, 27 days after the service of the Deposition Notice. Therefore, your request for documents was not timely.

      You also requested that Ms. Blackledge provide documents that "support" her claims. Such requests are objectionable as being so vague and ambiguous as to be incapable of a definite response. If you would like to question Ms. Blackledge about any specific documents you have the opportunity to propound interrogatories regarding the documents.

      Furthermore, the documents that Ms. Blackledge relies on to support her claims were or should have been in the possession of defendants. To require Ms. Blackledge to produce documents that were either already in your possession (or should have been) would be unduly burdensome, especially considering you provided me with over 4,000 pages of documents on March 9, 2007, which were responsive to my discovery requests, and which were months late in being served. It is not my duty to dig through these documents three days prior to depositions and produce to you which specific documents support her claims in response to vague requests for production.

      In fact, in order to identify specific documents that related to Ms. Blackledge's claims, I specifically asked for documents that you are currently questioning. In Plaintiff's First Requests for Production #12, you were asked to provide copies of source documents used to rank the individuals who applied for this Community Service Specialist III Position. You did not respond with any objection that these documents were lost or unobtainable, rather you pointed me to documents Bates Stamped 0390 through 0469.

      Finally, during the depositions of defendant's representatives, I provided you with documents that Ms. Blackledge relies on to support her claims. Although I noticed the depositions of your representatives first, I allowed you to take Ms. Blackledge's deposition first. If you wanted to wait to use any documents I used for the depositions of those representatives you could have done so.     Said documents were produced within 30 days of your deposition notice.

      Taking all of this into consideration, I cannot put Ms. Blackledge up for another deposition without leave of court. If you would like to discuss this further, please give me a call, otherwise I will stand on these objections.

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

Page 3
July 23, 2007

    2.    <u>Deposition of Ms. Buckley</u>

I will work with you on dates for the depositions of Ms. Buckley, however, I am not available on July 31, 2007. Due to previously scheduled depositions, a two-week trial set for August 20, 2007 and other scheduling issues, I will not be available for this deposition until After September 3, 2007. Unless the above mentioned trial is continued, I am currently available the following dates: September 5 and 6 and September 12 and 13.

    3.    <u>Production of Medical Records</u>

Please find enclosed attached medical records from Dr. Susan Blanchard, marked as Confidential (pages 1-75), along with a signed Protective Agreement. As we agreed, these documents are personal and confidential and should only be disclosed according to the terms we have agreed upon.

    4.    <u>Deposition of Dr. Blanchard</u>

As you know, Dr. Blanchard is not an expert witness in this case and the scheduling of her deposition must be done through her office. I will be happy to work with you on the dates and place to take this deposition according to Dr. Blanchard's availability. Hopefully we can arrange to have this taken at the same time as Ms. Buckley's deposition.

    5.    <u>Execution of Protective Agreement</u>

Please see attached signed copy of the Protective Agreement.

Again, I am happy to discuss these issues with you. Please do not hesitate to give me a call.

Very truly yours,

Joshua D. Wilson

Enclosures
JDW/mw

# EXHIBIT 36



STATE OF ALABAMA

# DEPARTMENT OF MENTAL HEALTH
# AND MENTAL RETARDATION

### RSA UNION BUILDING

100 N. UNION STREET
POST OFFICE BOX 301410
MONTGOMERY, ALABAMA 36130-1410



JOHN M. HOUSTON
COMMISSIONER

BOB RILEY
GOVERNOR

August 6, 2007

Joshua D. Wilson
WIGGINS, CHILDS, QUINN and PANTAZIS
The Kress Building
301 19th Street North
Birmingham, AL   35203

Re:   *Winifred Blackledge v. DMHMR, et al.*
        Civil Action No.: CV-2:06cv321-ID

Dear Josh:

My review indicates that the 12-15-03 Letter you attached as Exhibit T to your response to the Motion for Summary Judgment has never been produced before.

We object to use of this document because you have failed to timely produce it. We intend to move to strike.  Please advise if I am incorrect.

Sincerely,

Rebecca J. Luck
Assistant Attorney General
RJL/ljd

Cc:  Courtney Tarver

# EXHIBIT 37

LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

ROBERT L. WIGGINS, JR.
ROBERT F. CHILDS, JR.
C. MICHAEL QUINN
DENNIS G. PANTAZIS
TERRILL W. SANDERS
RICHARD J. EBBINGHOUSE
ANN K. WIGGINS
SAMUEL FISHER
ANN C. ROBERTSON
JOSEPH H. CALVIN, III
DEBORAH A. MATTISON
TIMOTHY B. FLEMING*
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR.
BRIAN M. CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
EDWARD McF. JOHNSON

LOUIS SILBERMAN 1889-1976

WILBUR G. SILBERMAN 1919-2003

THE KRESS BUILDING
THREE HUNDRED ONE - NINETEENTH STREET NORTH
BIRMINGHAM, ALABAMA 35203
205-314-0500
205-254-1500 (FAX)

*LORI B. KISCH
*ERIC BACHMAN
HERMAN N. JOHNSON, JR.
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
SUSAN DONAHUE
JOSHUA D. WILSON
*KEIR BICKERSTAFFE
TONI BRAXTON
*JULIENE JAMES
ETHAN R. DETTLING
JAMES V. DOYLE, JR.
RACHEL LEE McGINLEY
MELISSA N. TAPP

CANDIS A. McGOWAN
OF COUNSEL
*Not Licensed In Alabama

August 10, 2007

E-mail: jdw@wcqp.com
Direct Dial: (205) 314-0566
Direct Fax: (205) 314-0766

Rebecca J. Luck/Assistant Attorney General
State of Alabama Department of Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410

> **Re:**   ***Winifred Blackledge v. Alabama Department of Mental Health &***
> ***Mental Retardation and Commissioner John Houston***
> ***Civil Action No.: 2:06CV321***

Dear Rebecca:

I am writing in response to your letters dated August 6 and August 8, 2007.

Regarding Exhibit T, this document was not in my possession until a few days prior to filing the Response to Defendants' Motion for Summary Judgment. This document was not made relevant until Defendants raised a timeliness argument in the Motion for Summary Judgment. Furthermore, such document should have been included in your response to my requests for production as it was created by your client, the Alabama Department of Mental Health and Retardation, and therefore was already in your possession. Finally, you did not send any interrogatories or request for production and this document was not responsive to any proper request in Ms. Blackledge's subpoena duces tecum.



LAW OFFICES

# WIGGINS, CHILDS, QUINN & PANTAZIS

### A LIMITED LIABILITY COMPANY

Page 2

It is my position that you do not have grounds to file a motion to strike. The document was served on you within a few days after it was in my possession. If you intend to file a Motion to Strike I will have to consider my options as well if I am forced to have to spend time responding to such a motion that is without merit.

Regarding Ms. Blackledge's deposition, I will allow you to question Ms. Blackledge on documents that were not previously produced and those which were not already in your possession at the time of her first deposition. If the documents were already in your possession at that time, you could have inquired about those documents during this first deposition. However, I will not object to your questions regarding the CSS III scoring sheets (Exh. UU), Ms. Blackledge's confidential medical records or Exhibit T.

Very truly yours,

Joshua D. Wilson

JDW/mw

# EXHIBIT 38

## V.   **PRAYER FOR RELIEF**

Wherefore, the defendants respectfully urge this court to deny any and all relief sought by the plaintiff in this cause

## **AFFIRMATIVE DEFENSES**

47. The Complaint fails to state a claim upon which relief can be granted as to the indicated claims where administrative prerequisites to the filing of this lawsuit were not met.

48. Defendants assert that the plaintiff has not stated a claim nor does she have a cause of action against defendants Department of Mental Health and Mental Retardation & Commissioner John Houston, In his Official Capacity as Commissioner of the Alabama Department of Mental Health & Mental Retardation under 42 U.S.C. § 1983 as no person was sued in their individual capacity for damages.

49. Defendants assert that the plaintiff has not fulfilled all conditions precedent to the initiation of this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.

50. To the extent that any allegations in the complaint involve incidents beyond 180 days prior to the filing of her EEOC complaint, those allegations are barred.

51. To the extent the Ms. Blackledge raises issues in this lawsuit not claimed in the EEOC complaint related to this cause, those claims are barred.

52. Any portion of the Complaint that purports to rely upon the law of the State of Alabama, fails to state a claim upon which relief can be granted.