IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WINIFRED BLACKLEDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv321-SRW |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| MENTAL HEALTH, et al., ) | |
| ) | |
| Defendants. ) | |

## SCHEDULING ORDER

For good cause it is ORDERED by this Court as follows:

**SECTION 1.** A pretrial hearing of this case is scheduled for January 28, 2008 at 4:30 p.m. in courtroom 5-B, Frank M. Johnson, Jr. United States Courthouse Complex, Montgomery, Alabama. At least one trial counsel for each party shall attend this conference. Not less than FIVE DAYS PRIOR to the pretrial conference, the parties shall submit to the court a jointly prepared, proposed pretrial order (form attached).

This cause is set for jury selection on February 25, 2008 at 10:00 A.M. before Judge Charles Coody in Montgomery and trial shall commence immediately following jury selection in Montgomery before the undersigned.

**SECTION 2.**  No later than **THREE WEEKS PRIOR TO THE PRETRIAL HEARING**, each party shall exchange the names and addresses of all witnesses, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 9.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 3.**  No later than **TWO WEEKS PRIOR TO THE TRIAL DATE**, the parties shall identify any part of a deposition or other document that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive

parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment. Except to the extent written notice to the contrary is given prior to the scheduled trial date, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 4.** On or before **TWO WEEKS PRIOR TO THE TRIAL DATE**, the parties shall furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial. Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment. <u>Except to the extent written notice to the contrary is given no later than **SEVEN (7) DAYS PRIOR TO THE SCHEDULED TRIAL DATE**, the evidence shall be deemed genuine and admissible in evidence. The written notice shall set forth the grounds and legal authorities. All trial exhibits must be premarked prior to trial.</u>

**SECTION 5.** *If a jury trial:* The parties shall file any requested voir dire questions; motions in limine fully briefed; any proposed jury instructions, together with citations of law thereon; and proposed verdict forms **ON OR BEFORE TWO WEEKS PRIOR TO THE DATE SET FOR JURY SELECTION UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.** The court will not entertain motions to exclude or limit evidence thereafter. Responses to motions in limine, with supporting briefs **SHALL BE FILED NOT LATER THAN ONE WEEK BEFORE JURY SELECTION.** Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.

**SECTION 6.** In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

DONE, this 16th day of November, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

PROGRAM OF VOLUNTARY MEDIATION

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial.  The court stresses that <u>mediation is completely voluntary and confidential</u>.  The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation.  Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial.  Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case.  The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position.  After this meeting the mediator will meet with each side individually for a full discussion of that side's case.  Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement.  Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case.  Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 14 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case.  If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case.  Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case.  Upon such notification, the trial judge may assign a mediator to schedule a mediation conference.  However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer.  Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required.  <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA
(       ) DIVISION

(Style)  )  CASE NO. _____
        )
        )

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on _____, wherein the following proceedings were held and actions taken:

1.     PARTIES AND TRIAL COUNSEL:

       COUNSEL APPEARING AT PRETRIAL HEARING:  (same as trial counsel) or (indicate if different) _____.

2.     JURISDICTION AND VENUE:

3.     PLEADINGS:  The following pleadings and amendments were allowed:

4.     CONTENTIONS OF THE PARTIES:

       (a)  The plaintiff(s)

       (b)  The defendant(s)

5.     STIPULATIONS BY AND BETWEEN THE PARTIES:

6. The Plaintiff(s) shall file a trial brief with the court **on or before** _____. The Defendant(s) shall file a trial brief with the court **on or before** _____.

7. **If a jury trial**, the parties are ORDERED to file any requested voir dire questions **(voir dire questions should not duplicate questions contained in the jury questionnaire)**, proposed jury instructions **(together with citations of authority in support of each proposed instruction)** and proposed verdict forms no later than two weeks prior to the date shown on the docket for jury selection. Motions in limine, along with supporting briefs, shall be filed not later than two weeks before trial. The court will not entertain motions to exclude or limit evidence thereafter. Responses to motions in limine, with supporting briefs, shall be filed not later than one week before the trial.

8. Each party shall have available at the time of trial, for use by the court, two copies of the list of his exhibits and two extra copies of each photostatically reproducible exhibit.

9. It is ORDERED by this Court that all of the above-named allowances and agreements be, and the same are hereby, binding upon all parties in the above-styled cause unless this Order be hereafter modified by Order of the Court.

DONE this _____ day of _____, 19____.

_____
UNITED STATES MAGISTRATE JUDGE

Case 2:06-cv-00321-SRW     Document 51     Filed 11/16/2007     Page 6 of 6