IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WINIFRED BLACKLEDGE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV 2:06CV321-ID - SJW |
| | ) |
| ALABAMA DEPARTMENT OF MENTAL | ) |
|     HEALTH AND MENTAL | ) |
|     RETARDATION, and JOHN HOUSTON | ) |
|     in his official capacity as Commissioner, | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO AMEND
ANSWER (CM/ECF DOC # 22)**

**FACTS**

1. Plaintiff filed her Complaint in this action on April 10, 2006 [DOC 1].

2. Plaintiff alleges in her First Amended Complaint [DOC 18], paragraph 37, that she was passed over for the Planning Quality Assurance II (P&QA II 2002) position in approximately September 22, 2002. Plaintiff offers her trial Exhibit 3, a letter dated November 13, 2002, documenting the appointment of another individual to the P&QA II 2002 position Ms. Blackledge applied for. Plaintiff's Exhibit shows that Daphne Rosalis reported for work on November 18, 2002.

3. Plaintiff alleges in her First Amended Complaint [DOC 18], paragraph 39, that she was passed over for the Community Services Specialist III (CSS III 2003) position in approximately October 2003. Plaintiff offered her Exhibit "T" to her "Plaintiff's Evidentiary Submission In Response to Defendants' Motion for Summary Judgment" [DOC 34], the letter

she received giving her notice that another person was the successful candidate for the CSS III 2003 position.  Ms. Blackledge testified in the second portion of her deposition (deposition of Winifred Blackledge September 5, 2007, page 21, that she received a copy of the appointment letter on December 17, 2003.

      4.  The Plaintiff's original Complaint [DOC 1] was filed more than two (2) years after she had notice that she was not the successful candidate for the P&QA II 2002 and the CSS III 2003 positions.  The question of when the Plaintiff had knowledge that she was not the successful candidate has been actively pursued in deposition inquiry and otherwise the subject of documentary discovery.  (The parties exchanged documents in discovery, but the Plaintiff was the only party who had a copy of the CSS III 2003 notice and did not produce the letter until she was re-deposed on September 5, 2007 when she produced numerous withheld documents.)

      5.  Without belaboring the point here, The Defendants placed the Plaintiff on notice of the claims in this case being untimely in the amended answer to the first amended complaint (doc 22) paragraphs 60-62, in summary judgment (doc 30) by adoption of the answer and in their memorandum Support of the motion for Summary Judgment (doc 30) on paragraph 7-9 and 15.

      6.  Although the district court asserted that the statute of limitations defense was not sufficiently argued for purposes of entering Summary Judgment for the defendants, the Plaintiff was put on notice of her complaint being time barred by numerous such references in the Answer and Defendants' summary judgment filings as acknowledged by her assertions [DOC 30], "Therefore, pursuant to the four-year statute of limitations.  [*sic*] Plaintiff's Title VII claim and Section 1981 claim for racial discrimination regarding this position is timely."

      7.  This Honorable Court's "Memorandum Opinion and Order" [DOC 46] instructed that the Section 1983 actions contained a two-year statute of limitations in Alabama, and

acknowledged that the statute of limitations as a bar to Blackledge's Section 1983 claims was not at issue (see page 22 of DOC 46].

## ARGUMENT

8. The Federal Rules of Civil Procedure are designed to give notice of defenses to all parties in order to provide a chance to develop evidence and explore the application of the defense. Although failure to plead an affirmative defense ordinarily waives the defense of the statute of limitations, there are exceptions where the issue was raised prior to a final judgment, fairness requires amendment to include the defense, and the parties are not prejudiced by surprise.

> "(b) Amendments to Conform to the Evidence.  When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.  Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.  If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits.  The court may grant a continuance to enable the objecting party to meet such evidence."

*Federal Rules of Civil Procedure, Rule 15(b).*

9. *Federal Rules of Civil Procedure, Rule 8(c)* requires assertion of the affirmative defenses in one's pleadings.  However, Rule 8© can be relaxed where there is no prejudice to any party and fairness dictates.  *Jakobsen v. Massachusetts Port Authority,* 520 F.2d 810 (C.A. Mass. 1975).  Cases where amendment is not allowed are usually post-judgment attempts to raise the defense where no notice of the issue has been raised before trial.  The rules are designed to give notice of the defense and to provide an opportunity to dispute the claims.

10. The Eleventh Circuit Court of Appeals reviewed whether the defendant waived an affirmative defense in a Title VII and Section 1981 case from the Middle District of Alabama, where a correctional officer made claims of unlawful retaliation and discrimination based on race and disability. The Defendant had failed to plead the defense affirmatively in its answer. The appellate court stated;

> "omission of an affirmative defense is not fatal as long as it is included in the pretrial order. *See Hargett v. Valley Fed. Sav. Bank,* 60 F.3d 754, 763 (11th Cir. 1995)(stating that failure to assert affirmative defense in answer curable by insertion of defense in pretrial order); Fed.R.Civ.P. 61(e) (stating that pretrial order "shall control the subsequent course of action"). "

*Pulliam v. Tallapoosa County Jail*, 185 F.3d 1182, 1185 (11th Cir.1999). The Pulliam Court upheld the lower court's order allowing amendment even after trial where the issue had been litigated. The court noted that there was no unfair surprise to the plaintiff (*id.* at 1186).

11. Defendants are entitled to a statute of limitations defense as to Plaintiff's claims for damages and equitable relief where she failed to timely file her Section 1981/Section 1983 claims for the P&QAII 2002 and CSS III 2003 positions. Plaintiff failed to file within the applicable two (2) year statute of limitations. *Jones v. R.R. Donnelley & Sons Company*, 541 U.S. 369, 124 S.Ct. 1836 (2004).

In conclusion, the Defendants assert that a great injustice will occur if they are not allowed to amend to limit the causes of actions and issues before trial of this case.

Respectfully submitted this, the 25th day of January, 2008.

              TROY KING
              ATTORNEY GENERAL

              /s/ Courtney W. Tarver
              Courtney W. Tarver (TAR 099)
              General Counsel and
                Deputy Attorney General

                Attorneys for Defendants
                Alabama Department of Mental Health
                 and Mental Retardation, and John Houston
                RSA Union Building
                100 N. Union St., fifth floor
                P.O. Box 301410
                Montgomery, Alabama 36130-1410
                      (334) 242-3038
                      facsimile (334) 242-0924
                      courtney.tarver@mh.alabama.gov

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 25, 2008, I electronically filed the foregoing Defendant's Brief in Support of Motion for Leave to Amend Answer (CM/ECF Doc # 22) with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following: Rocco Calamusa, Esq., Joshua D. Wilson, Esq., and Benjamin J. DeGweck, Esq.

Rocco Calamusa, Esq.
Joshua D. Wilson, Esq.
Benjamin J. DeGweck, Esq.
Wiggins, Childs, Quinn & Pantazis, P. C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

                                                  /s/ Courtney W. Tarver
                                                  Courtney W. Tarver