IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WINIFRED BLACKLEDGE**    ) | |
| ) | |
| **Plaintiff,**    ) | |
| ) | |
| vs.    ) | CASE No.: CV 2:06-CV-321-ID |
| ) | |
| **ALABAMA DEPARTMENT OF**    ) | |
| **MENTAL HEALTH & MENTAL**    ) | |
| **RETARDATION & COMMISSIONER**    ) | |
| **JOHN HOUSTON, in his Official**    ) | |
| **Capacity as Commissioner.**    ) | |
| ) | |
| **Defendants.**    ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER**

**COMES NOW,** Plaintiff Winnifred Blackledge by and through undersigned counsel, and files this Opposition to the Defendant's Motion for Leave to Amend Answer. Granting such a motion for Defendants is not allowed according to the Federal Rules of Civil Procedure and would greatly prejudice the Plaintiff who has not been put on notice of this affirmative defense until now. As for grounds, Plaintiff states as follows:

**ARGUMENT**

**A.   In this Court's Memorandum Opinion and Order, the Court found that the Statute of Limitations Affirmative Defense has been Waived by Defendants, therefore this issue is moot.**

In this Court's Memorandum Opinion and Order, Judge DeMent decided that the Defendants had waived the right to bring an affirmative defense. Judge DeMent stated:

"The statute of limitations is an affirmative defense, which is waived if not

-1-

> raised. See *Day v. Liberty Nat'l Life Ins. Co.,* 122 F.3d 1012, 1015 (11th Cir. 1997); Fed.R.Civ.P. 8(c). Defendants have not raised the statute of limitations as a defense at any point during these proceedings. The statute of limitations as a bar to Blackledge's § 1983 claims is not at issue."

(Dkt. # 46; J. DeMent Memorandum Opinion and Order, pp. 22; October 25, 2007).

Because Judge DeMent has already ruled that Defendants have waived the statute of limitations defense, this issue is moot and should not be revisited so late in the litigation.

    **B.**    **Plaintiff would be greatly prejudiced if Defendant were allowed to amend its Answer at this state of the litigation process.**

Contrary to Defendant's assertion, allowing Defendant to amend its Answer less than one month prior to trial would greatly prejudice the Plaintiff. To allow Defendants to amend their answer and add a statute of limitations affirmative defense to the § 1981 (through § 1983) claims could cause Plaintiff's claims to be partially dismissed.[1]

Fed.R.Civ.P. 8(c) requires assertion of affirmative defenses in a pleading and failure to do so waives such a defense. If there are any exceptions to this rule, the Defendants fail to meet any such exception by continuously waiving the right to assertion of the affirmative defense and failing to put Plaintiff on notice that the statute of limitations was at issue. Defendant does not and cannot point to any pleading, motion, deposition, or evidentiary material that has been filed in this case where they have explicitly or impliedly raised the statute of limitations defense.

Plaintiff has not been put on notice of this defense and with less than one month prior to trial, fairness dictates that Defendants' motion be denied. Plaintiff would be severely prejudiced

---

[1] By no means does Plaintiff concede that Defendant would win a statue of limitations argument or that the statute of limitations period of two year applies in this case. It is also important to note that Defendant only raises the statute of limitations argument in regards to the §1981 (through §1983) claims for the PQA II (2002) and the CSS III (2003) position; not for the PQA II (2004) position. Plaintiffs Title VII claims for the CSS III (2003) position remain. Plaintiff also asserts that if she had been put on notice of this defense, she could have used discovery to rebut the statute of limitations defense.

as she has not had the ability to rebut a statute of limitations argument because such an argument was not presented until after the discovery deadline and after dispositive motions were due. As stated by Defendant, the "rules are designed to give notice of the defense and to provide an opportunity to dispute the claims." Without notice, Plaintiff has not had an opportunity to dispute or rebut this newly asserted defense.

      **C.**      **Defendants have known the facts related to their statute of limitations argument since the beginning of litigation, yet failed to raise the defense.**

Defendants cite to evidence that Daphne Rosalis reported for work for the PQA II (2002) position on November 18, 2002 and that Plaintiff found out about the CSS III position on December 17, 2003. However, Defendant knew these facts when they filed their Answers in this case and had the opportunity to raise the statute of limitations defense at that point in time. Plaintiff should not be punished for Defendants failure to properly defend the claims against it. If Defendant had properly raised the statute of limitations, Plaintiff could have obtained evidence to rebut the argument. However, Defendants failed to put Plaintiff on notice that the statute of limitations was at issue in this case until now.

      **D.**      **Defendants failed to raise the Affirmative Defense in its Answer and its Answer to the First Amended Complaint.**

Defendant filed an Answer to the Complaint on June 28, 2006 (Dkt. # 7) and "Answer to First Amended Complaint Filed February 7, 2007" on February 22, 2007 (Dkt. # 22). Defendants failed to raise the statute of limitations affirmative defense in both of these Answers and has therefore waived such a defense. "[T]he general rule is that, when a party fails to raise an affirmative defense to the pleadings, that party waives its right to raise the issue at trial." *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (11th Cir. 1988). Specifically, "failure to plead the bar

of the statute of limitations constitutes a waiver of the defense." *Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004)(quoting *Day v. Liberty Nat'l Life Ins. Co.,* 122 F.3d 1012, 1015 (11th Cir. 1997)); see also *Paetz v. U.S.*, 795 F.3d 1533, 1536 (11th Cir. 1986)(a panel of the Eleventh Circuit ruled that the government's failure to interpose the statute of limitations constituted waiver of the defense).

      **E.**      **Defendants failed to raise the Statute of Limitations Affirmative Defense in any Dispositive Motion.**

Despite the fact that Defendant did not raise the statute of limitation in their Answer and Answer to the Amended Complaint, Defendants had other opportunities to raise the defense, including in a dispositive motion. The dispositive motion deadline was June 29, 2007. (Dkt. #11: Scheduling Order). Defendants filed a Motion for Summary Judgment and Supporting Brief, however, Defendants again failed to raise the affirmative defense anywhere in its motion and brief. (Dkt. #26, #27). In fact, the only argument Defendants made with respect to the § 1981 (through § 1983) claims was that the claim was barred by the Eleventh Amendment. (See Dkt. #26-8, pp. 3).[2]

In Defendants Memorandum in Support of their Motion for Summary Judgment, Defendants only address this Eleventh Amendment argument. (Dkt. #27, pp. 14-15). At that time, extensive discovery had been conducted in this case and Defendants knew the facts of the case. Plaintiff should not prejudiced because of Defendants failure to raise the statute of limitations defense in a timely fashion to put Plaintiff on notice of the defense.

      **F.**      **Defendants failed to raise the Affirmative Defense in the first proposed pretrial order that was proposed in this case.**

---

[2] Interestingly, Defendants did try to raise the argument that Plaintiff failed to exhaust her administrative remedies under Title VII, which was denied by the Court. However, there is no mention, either explicitly or impliedly that Plaintiff's § 1981 (through § 1983) claims were untimely.

After the dispositive motion deadline, a pretrial hearing was set on October 9, 2007 and the parties were ordered to submit a Proposed Pretrial Order by October 2, 2007 in accordance with the Scheduling Order and the Middle District of Alabama's local rules. (Dkt. #38). Defendants again had a chance to raise the statute of limitations defense in this Proposed Pretrial Order. In this Proposed Pretrial Order,[3] Defendants again failed to raise the statute of limitations defense. (Attachment 1: E-mail and attached First Proposed Pretrial Order). Therefore, Defendants' citation of *Pulliam v. Tallapoosa County Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999)[4] and argument that the omission of an affirmative defense is not fatal as long as it is included in the pretrial order is not applicable because Defendants failed to raise the affirmative defense during the first proposed pretrial order submitted on October 2, 2007. (Attachment 1).

Although there may be some argument that as long as the affirmative defense is clearly stated in the pretrial order, such an argument does not apply here. Clearly, if this case had gone to trial as scheduled, the Defendants would not have been able to assert the defense and they should not be allowed to now, even if such a defense could allow them to escape liability. See *Morro v. City of Birmingham*, 117 F.3d 508 (11th Cir. 1997); see also *Hodges v. United States*, 597 F.2d 1014, 1017 (5th Cir. 1979)(a defendant can waive a potentially viable defense by failing to ensure that the issue is clearly preserved in the pretrial order).

The parties attended this pretrial hearing and consented to a trial by magistrate judge and the case was removed from the November 5, 2007 trial term (Dkt. #45) and eventually a new trial

---

[3] Plaintiff hereby attaches the first Proposed Pretrial Order that was sent via e-mail, pursuant to the Middle District of Alabama's local rules, to Judge DeMent's chambers on October 2, 2007.

[4] Furthermore, *Pulliam*, is distinguishable from the facts at hand because in *Pulliam*, the Defendants failed to plead the mixed-motive defense, which may or may not be an affirmative defense, not the statute of limitations defense, which is an affirmative defense. Fed.R.Civ.P. 8(c).

date was set on February 5, 2008. (Dkt. #51). Because of this change the parties are set for a new pretrial hearing and now for the first time throughout this extensive litigation, Defendants raise the statute of limitations defense to the § 1981(through § 1983) claims. Defendants filed this motion on Friday January 25, 2008, three days (one business day) prior to the pretrial hearing in this case which was scheduled for January 28, 2007 but had to be canceled. Plaintiff states that this Motion should be denied as it is untimely and all affirmative defenses not set forth in the original or amended answer have been waived.

## CONCLUSION

Based on the foregoing and the fact that Defendants had numerous chances to raise any affirmative defenses, and with less than a month left before trial, Defendants are attempting to amend its Answer and submit a new affirmative defense that it has failed to raise in this case. To allow such a motion would greatly prejudice the Plaintiff and violate Fed.R.Civ.P. 8(c).

**WHEREFORE**, Premises considered, Plaintiff asks the Court to enter an Order Denying Defendants' Motion for Leave to Amend Answer, and any other relief this Court deems just.

Respectfully submitted,

/s/ Joshua D. Wilson
Joshua D. Wilson
*Attorney for the Plaintiff*

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500

## CERTIFICATE OF SERVICE

      I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax:   (334) 242-0924

      This the    30th    Day of  January , 2008.


                                              /s/ Joshua D. Wilson
                                              Of Counsel