IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WINIFRED BLACKLEDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06cv321-SRW |
| ) | (WO) |
| ALABAMA DEPARTMENT OF ) | |
| MENTAL HEALTH, etc., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This action is presently before the court on the defendants' motion, filed January 25, 2008 (Doc. # 56), for leave to amend the answer to include the affirmative defense of the statute of limitations with regard to plaintiff's § 1981/§ 1983 claims.

This action was filed on April 10, 2006 and is scheduled for jury selection and trial commencing on February 25, 2008. In the initial complaint, plaintiff asserted employment discrimination claims under Title VII and 42 U.S.C. §§ 1981 and 1983. (Complaint, ¶ 1). In this complaint, plaintiff alleged that she was passed over for a promotion to the Planning Quality Assurance II position "[i]n approximately September 2002," and that she was passed over for a promotion to the Community Service Specialist III position "[i]n approximately October of 2003." (Complaint, ¶¶ 36, 38). In their answer, filed June 28, 2006, defendants raised the Title VII statute of limitations as a bar to plaintiff's claims, but asserted no statute

of limitations defense as to the § 1981/§ 1983 claims.[1] In the answer defendants filed on February 22, 2007 (Doc. # 22) in response to plaintiff's first amended complaint,[2] defendants again did not assert a statute of limitations defense as to plaintiff's § 1981/§ 1983 claims. (See Doc. # 22, ¶¶ 57-86).[3]

By scheduling order entered on August 22, 2006, the court allowed defendants until November 3, 2006 to amend the pleadings. (Doc. # 11). The present motion was filed well over fourteen months after the expiration of this deadline. A Rule 16 scheduling order "shall not be modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); Millenium Partners, L.P. v. Colmar Storage LLC, 494 F.3d 1293, 1299 (11th Cir. 2007)("'If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the

---

[1] At the pretrial conference defendants argued that, by raising the 180-day statute of limitations applicable to Title VII claims, they also raised the affirmative statute of limitations defense as to plaintiff's § 1983 claims. However, defendants' answer cannot fairly be read to invoke the statute of limitations as a defense to the § 1981/§ 1983 claims. Immediately following the paragraph alleging that plaintiff had failed to fulfill the conditions precedent to initiation of this action under Title VII, defendants asserted, "To the extent that any allegations in the complaint involve incidents beyond 180 days prior to the filing of her EEOC complaint, those allegations are barred." (Answer, ¶¶ 49-50). Rule 8(c)'s requirement that the statute of limitations defense be "set forth affirmatively" would be rendered meaningless if it were construed to allow the averment set forth at ¶ 50 of the answer to apply also to plaintiff's § 1981/§ 1983 claims. Plaintiff and the court are entitled to rely on the explicit language of the answer to determine the affirmative defenses defendants intend to prove.

[2] In the amended complaint, plaintiff alleges the posting dates of the positions, but does not allege the dates on which they were filled by the defendants.

[3] Defendants argue that the statute of limitations defense was raised in paragraphs 60-62 of the answer to the first amended complaint. (See Defendants' brief in support of motion to amend, doc. # 57, ¶ 5). This again is true only with regard to plaintiff's Title VII claims.

Federal Rules of Civil Procedure.'")(citation omitted). In their motion, defendants suggest – as to the Community Services Specialist III position only – that they lacked knowledge of the date on which plaintiff was informed that she was not selected as the successful candidate, and that plaintiff failed to produce the non-selection notification letter until September 5, 2007. (Doc. # 57, ¶ 4). However, Defendants were provided a copy of the notification letter no later than August 1, 2007 – six months ago – when plaintiff filed it as an exhibit to her response to defendant's motion for summary judgment. (See Doc. # 34, Exhibit T).[4]

At the pretrial conference held in this case on February 5, 2008, defendants argued that they have shown good cause for modification of the scheduling order because: (1) they were not aware until the court entered its order on summary judgment on October 25, 2007 that their pleadings would be read to have omitted the statute of limitations defense as to the § 1981/§ 1983 claims; and (2) one of the defense counsel was out of town due to a family emergency on several occasions in fall and winter, 2007. The court declines to find that the district judge's interpretation of the plain language of the affirmative defenses set forth in defendants' answers constituted good cause for defendants' omission of the statute of limitations defense. Further, although the court is sympathetic to counsel's need to attend

[4] In their reply brief, filed on August 13, 2007, defendants strenuously argued for exclusion of the notification letter because of plaintiff's failure to produce it in discovery. In his order on summary judgment, the District Judge overruled defendants' request for exclusion of the exhibit as a discovery sanction.

to a family emergency, it cannot conclude that defendants had insufficient opportunity to raise the statute of limitations defense as a result. Even if the court were to accept defendants' argument that they had reason to believe the statute of limitations defense had been raised until the District Judge entered the order on summary judgment, that order was entered on October 25, 2007. The present motion was not filed until three months after the order issued, and only one month before the scheduled commencement of trial. Defendants have not demonstrated good cause for their decision to wait for three months after they became aware of the need for amendment to seek leave of the court to amend.

Upon consideration of the motion and for good cause, it is

ORDERED that defendants' motion for leave to amend (Doc. # 56) is DENIED.

DONE, this 8th day of February, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE