**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>DEFENDANTS' REQUESTED JURY INSTRUCTIONS</u>**

The Defendant Alabama Department of Mental Health and Mental Retardation and

Commissioner John Houston in his official Capacity, ("the Defendant") respectfully submits the

attached requested jury instructions to the Court.

<div style="margin-left: 40%;">

TROY KING (KIN047)
ATTORNEY GENERAL
<u>/s/ Courtney W. Tarver</u>
COURTNEY W. TARVER (TAR009)
Deputy Attorney General &
 General Counsel
State of Alabama Department of
  Mental Health and Mental Retardation
ATTORNEY FOR THE DEFENDANTS

</div>

ADDRESS OF COUNSEL:

State of Alabama Department of
  Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
(334)242-3038 (phone); 242-0924 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2008, I electronically filed the foregoing DEFENDANT'S REQUESTED JURY INSTRUCTION with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following: Rocco Calamusa, Esq., Joshua D. Wilson, Esq., and Benjamin J. DeGweck, Esq.

Rocco Calamusa, Esq.
Joshua D. Wilson, Esq.
Benjamin J. DeGweck, Esq.
Wiggins, Childs, Quinn & Pantazis, P. C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

/s/ Courtney W. Tarver
Courtney W. Tarver

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **WINIFRED BLACKLEDGE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 2:06cv321-ID - SJW** |
| ) | |
| **ALABAMA DEPARTMENT OF MENTAL** ) | |
| **HEALTH AND MENTAL** ) | |
| **RETARDATION, and JOHN HOUSTON** ) | |
| **in his official capacity as Commissioner,** ) | |
| ) | |
| **Defendant.** ) | |

## CREDIBILITY OF WITNESS

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 15.01 (2000).

_____         _____
**ACCEPT**                                          **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## IMPEACHMENT OF WITNESSES – INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 4.1.

_____                    _____
**ACCEPT**                                         **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DUTY TO DELIBERATE—WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's Winifred Blackledge case should not be interpreted in any way as an indication that I believe that the Plaintiff Winifred Blackledge should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 7.1 (2000).

_____          _____

**ACCEPT**                                          **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ELECTION OF FOREPERSON – EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.
**[Explain Verdict]**

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

**Consideration of the evidence – Duty to Follow Instructions – Governmental Entity or Agency Involved.**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law

and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 8 (2000).

_____                           _____
**ACCEPT**                                       **DENY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GENERALLY

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to plaintiff Winifred Blackledge, and that plaintiff's Winifred Blackledge injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

Plaintiff Winifred Blackledge has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff Winifred Blackledge has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant.

Defendants have the burden of proving each element of their affirmative defenses by a preponderance of the evidence.

**Source of Instruction:**  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 165.50 (2000).

_____                                   _____
**ACCEPT**                                                                  **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## GENERALLY

In order for Winifred Blackledge to establish her claim against defendant Department of Mental Health and Mental Retardation, Winifred Blackledge has the burden of proving by a preponderance of the evidence that defendant Department of Mental Health and Mental Retardation had a discriminatory purpose or motive in that defendant's actions were, more likely than not, motivated by Winifred Blackledge's race.

In order for the Winifred Blackledge to recover on plaintiff's claim against defendant Department of Mental Health and Mental Retardation, the plaintiff must prove that defendant Department of Mental Health and Mental Retardation intentionally discriminated against Winifred Blackledge. That is, Winifred Blackledge race must be proven to have been a motivating factor in defendant's decision not to promote her.

Direct evidence would include statements showing a discriminatory motivation for the defendant's treatment of Winifred Blackledge. Indirect or circumstantial evidence would include proof of a set of circumstances sufficient to create a reasonable inference that race was a motivating factor in the defendant's Department of Mental Health and Mental Retardation treatment of Winifred Blackledge.

Your verdict must be for Winifred Blackledge and against defendant Department of Mental Health and Mental Retardation if all the following have been proved by a preponderance of the evidence:

First: Defendant Department of Mental Health and Mental Retardation *failed to promote* plaintiff; and

Second: Plaintiff's Winifred Blackledge race was a motivating factor in defendant's decision.

The mere fact that plaintiff Winifred Blackledge is *black* and was *not promoted* is not sufficient, in and of itself, to establish plaintiff's Winifred Blackledge claim under the law.

If either of the above elements has not been proved a preponderance of the evidence, you must decide in favor of the defendant Department of Mental Health and Mental Retardation and you do not have to consider the plaintiff's Winifred Blackledge claim any further.

"Motivating factor" means that the evidence must show that, but for plaintiff's Winifred Blackledge's race, Ms. Blackledge would have been promoted. The phrase "motivating factor" does not mean that it was the only motivation for defendant's decision not to promote the plaintiff. However, it must have been a factor that actually led to the decision.

In showing that Ms. Blackledge race was a motivating factor, Winifred Blackledge is not required to prove that her race was the sole motivation or even the primary motivation for defendant's Department of Mental Health and Mental Retardation decision. Ms. Blackledge need only prove that race played a significant part in the defendant's Department of Mental Health and Mental Retardation decision even though other factors may also have motivated defendant Department of Mental Health and Mental Retardation.

Defendant Department of Mental Health and Mental Retardation claims that even if race were a motivating factor in defendant's decision, defendant Department of Mental Health and Mental Retardation would have taken the same action concerning plaintiff Winifred Blackledge in the absence of the unlawful motive.
If you find that defendant Department of Mental Health and Mental Retardation would have, more likely than not, made the same employment decision not to promote concerning plaintiff Winifred Blackledge even if the unlawful motive was not present, you should so indicate on the verdict form.

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.20 (2000).

_____                    _____
**ACCEPT**                                  **DENY**

10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## INTENT

In order to establish Winifred Blackledge's case, Ms. Blackledge must prove by a preponderance of the evidence that defendant Department of Mental Health and Mental Retardation was motivated by a racially discriminatory purpose. In other words, plaintiff Winifred Blackledge must prove that defendant Department of Mental Health and Mental Retardation intentionally and purposefully discriminated against Ms. Blackledge because of race.

In determining whether defendant Department of Mental Health and Mental Retardation intentionally discriminated on the basis of race, you may consider all the evidence presented in this case. Ms. Blackledge may use either direct or indirect evidence.

Ms. Blackledge must prove that defendant Department of Mental Health and Mental Retardation actually was motivated by a racially discriminatory purpose. It is not enough for plaintiff Winifred Blackledge to show that defendant's conduct had a negative effect on members on plaintiff's race.

**Source of Instruction:**  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.21 (2000).


_____                                    _____
**ACCEPT**                                                             **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>PRETEXT</u>

Plaintiff Winifred Blackledge has introduced evidence that Defendant Department of Mental Health and Mental Retardation's articulated reason for defendant's action is a pretext for discrimination. When you consider Ms. Blackledge evidence of pretext, remember that the relevant question is whether the Department of Mental Health and Mental Retardation's reason was not the real reason for defendant's Department of Mental Health and Mental Retardation actions.

You are not to consider whether defendant's Department of Mental Health and Mental Retardation reason showed poor or erroneous judgment. You are not to consider defendant's Department of Mental Health and Mental Retardation wisdom. However, you may consider whether defendant's Department of Mental Health and Mental Retardation reason is merely a cover-up for discrimination.

You may consider whether defendant's Department of Mental Health and Mental Retardation reasons are consistent with defendant's own policies and rules and whether the defendant Department has applied these policies and rules uniformly. You should also carefully evaluate any subjective reasons the Department of Mental Health and Mental Retardation has asserted for defendant's actions.

Ms. Blackledge has the burden to persuade you by a preponderance of the evidence that defendant Department of Mental Health and Mental Retardation took action against Winifred Blackledge because of Ms. Blackledge's race. If you do not believe defendant's Department of Mental Health and Mental Retardation explanations, you may, but are not required to, infer that Ms. Blackledge has satisfied plaintiff's burden of proof that defendant Department of Mental Health and Mental Retardation intentionally discriminated against Ms. Blackledge because of Winifred Blackledge race.

**Source of Instruction:**  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.22 (2000).

_____

**ACCEPT**

_____

**DENY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **WINIFRED BLACKLEDGE,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 2:06cv321-ID - SJW** |
| | ) |
| **ALABAMA DEPARTMENT OF MENTAL** | ) |
|     **HEALTH AND MENTAL** | ) |
|     **RETARDATION, and JOHN HOUSTON** | ) |
|     **in his official capacity as Commissioner,** | ) |
| | ) |
|     **Defendant.** | ) |

## RACIAL DISCRIMINATION

       You must determine whether the discrimination, if any, was based on race. In order to find that the class being discriminated on the basis of race, you must find that the class being discriminated against constitutes a discrete "race" as that term is commonly understood today.

       If you find Winifred Blackledge was subjected to intentional discrimination because of Ms. Blackledge race or ethnic characteristics, you should find the alleged discrimination was based on race. If you find that race was not a substantial factor in defendant's award of positions to others, you must find for Department of Mental Health and Mental Retardation.

**Source of Instruction:**  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.30 (2000).

_____                      _____
**ACCEPT**                                              **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>GENERALLY</u>

Winifred Blackledge has the burden of proving each and every element of Ms. Blackledge claim by a preponderance of the evidence. If you find that Ms. Blackledge has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant Department of Mental Health and Mental Retardation.

Defendant Department of Mental Health and Mental Retardation has the burden of proving each element of defendant's affirmative defenses by a preponderance of the evidence.

**Source of Instruction:**  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.40(2000).

_____                                          _____
**ACCEPT**                                                                                  **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## PREPONDERANCE OF THE EVIDENCE

To "establish by the preponderance of the evidence" means to prove that something is more likely so than it is not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.41(2000).

_____                    _____
**ACCEPT**                                                          **DENY**

16

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **WINIFRED BLACKLEDGE,**     ) | |
|                    ) | |
|      **Plaintiff,**         ) | |
|                    ) | |
| **v.**                      ) | **Case No. 2:06cv321-ID - SJW** |
|                    ) | |
| **ALABAMA DEPARTMENT OF MENTAL**   ) | |
|      **HEALTH AND MENTAL**       ) | |
|      **RETARDATION, and JOHN HOUSTON**) | |
|      **in his official capacity as Commissioner,**   ) | |
|                    ) | |
|      **Defendant.**        ) | |

<u>**DEFENSES**</u>

If, after considering Winifred Blackledge's evidence and defendant's rebuttal of that evidence, you find plaintiff Winifred Blackledge has established each and every element of Ms. Blackledge claim, only then should you concern yourselves with the defenses offered by defendant Department of Mental Health and Mental Retardation.

With regard to any of defendant's defenses, remember that plaintiff Winifred Blackledge must disprove the defense by a preponderance of the evidence. In other words, defendant Department of Mental Health and Mental Retardation establishes the defense unless you find the evidence that opposes the existence of that defense has more convincing force to you than the evidence that supports it.

If you find Ms. Blackledge has successfully rebutted the defense, then you must find for plaintiff. If you find defendant has established defendant's defense, then you must find for Department of Mental Health and Mental Retardation.

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.50 (2000).

_____                            _____

**ACCEPT**                                                   **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON)** | | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## LEGITIMATE NONDISCRIMINATORY REASONS FOR EMPLOYMENT DECISION

You must also consider any legitimate, nondiscriminatory reason or explanation stated by defendant Department of Mental Health and Mental Retardation for its decision. If you determine that the Department of Mental Health and Mental Retardation has stated such a reason, then you must decide in favor of defendant Department of Mental Health and Mental Retardation unless Ms. Blackledge proves by a preponderance of the evidence that the stated reason was not the true reason but was only a pretext or excuse for defendant's discriminating against Ms. Blackledge because of her race.

**Source of Instruction:**  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.52 (2000).

_____                                    _____
**ACCEPT**                                                                                      **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON)** | | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MITIGATION OF DAMAGES

Winifred Blackledge must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." Defendant must prove by a preponderance of the evidence that Ms. Blackledge failed to mitigate her damages for loss of compensation.

You must decide whether Ms. Blackledge acted reasonably in not seeking or accepting a particular job. If you determine the plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from Ms. Blackledge failure to do so.

You must not compensate Winifred Blackledge for any portion of plaintiff's damages resulting from Ms. Blackledge's failure to make reasonable efforts to reduce her damages.

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.65(2000).

_____                              _____
**ACCEPT**                                                                          **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**TITLE VII—CIVIL RIGHTS ACT—RACE AND/OR SEX DISCRIMINATION—
DISCHARGE/FAILURE TO PROMOTE—INCLUDING "SAME DECISION" DEFENSE**

In this case the Plaintiff Winifred Blackledge makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of the employee's race.

More specifically, the Plaintiff Winifred Blackledge claims that she was denied three promotional opportunities by the Defendant because of the Winifred Blackledge's race.

The Defendant Department of Mental Health and Mental Retardation denies that the Ms. Blackledge was discriminated against in any way and asserts that a more highly qualified individual was selected for each of the three positions and that the Department had other legitimate non-discriminatory reasons for hiring other candidates in each position selection process; and that it used the selection process in good faith and without discriminatory intent.

In order to prevail on this claim, the Plaintiff Winifred Blackledge must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:                      That the Plaintiff Winifred Blackledge was denied a promotional opportunity by the Defendant; and

|  |  |
|---|---|
| <u>Second</u>: | That Winifred Blackledge's race was a substantial or motivating factor that prompted the Department of Mental Health and Mental Retardation to take that action. |

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may fail to promote an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of the Defendant Department of Mental Health and Mental Retardation even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for Winifred Blackledge to prove that the Plaintiff's Winifred Blackledge race was the sole or exclusive reason for the Department of Mental Health and Mental Retardation's decision. It is sufficient if the Plaintiff Winifred Blackledge proves that race was a determinative consideration that made a difference in the Defendant's Department of Mental Health and Mental Retardation decision.

If you find in the Plaintiff's favor with respect to each of the facts that the Ms. Blackledge must prove, you must then decide whether the Defendant has shown by a preponderance of the evidence that Ms. Blackledge would not have been promoted for other reasons even in the absence of consideration of Ms. Blackledge's race. If you find that the Plaintiff Winifred Blackledge would not have been promoted for reasons apart from Ms. Blackledge race, then you will make that finding in your verdict.

If you find for the Plaintiff Winifred Blackledge and against the Defendant on its defenses, you must then decide the issue of Ms. Blackledge damages:

In considering the issue of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Blackledge damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant Department of Mental Health and Mental Retardation. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are

recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. Thus, no evidence of the value of such intangible things as emotional and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff Winifred Blackledge for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits to the date of trial;

(b) Emotional pain and mental anguish.

(c) Punitive damages, if any (as explained in the Court's instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that Ms. Blackledge failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of Ms. Blackledge's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

## SPECIAL INTERROGATORIES   TO THE JURY

**Do you find from a preponderance of the evidence:**

1 That the Plaintiff Winifred Blackledge was denied a promotional opportunity by the Defendant?

<div align="center">Answer Yes or No          _____</div>

2 That the Plaintiff Winifred Blackledge's race was a substantial or motivating factor that prompted the Defendant Department of Mental Health and Mental Retardation to take that action?

<div align="center">Answer Yes or No          _____</div>

<div align="center">[Note:          If   you   answered<br>"No"   to   either</div>

Question No. 1 or Question No. 2 you need not answer the remaining question.]

3 That the Plaintiff Winifred Blackledge would have been denied a promotional opportunity for other reasons even in the absence of consideration of Winifred Blackledge's race?

Answer Yes or No                    _____

[Note:                    If you answered "Yes" to Question No. 3, you need not answer the remaining questions.]

4 That the Plaintiff Winifred Blackledge should be awarded damages to compensate for a net loss of wages and benefits regarding the CSS III position, only to the date of trial?

Answer Yes or No                    _____
If your answer is "Yes,"

In what amount?                    _____

5 That the Plaintiff Winifred Blackledge should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No                    _____
If your answer is "Yes,"

In what amount?                    _____

6(a) That a higher management official of the Defendant Department of Mental Health and Mental Retardation acted with malice or reckless indifference to the Plaintiff's Winifred Blackledge federally protected rights?

Answer Yes or No                    _____

(b) If your answer to 6(a) is "Yes," do you further find that the Defendant Department of Mental Health and Mental Retardation itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

Answer Yes or No                    _____

(c) If your answers are "Yes," to both 6(a) and (b), what amount of punitive damages, if any, should be assessed against the Defendant, Department of Mental Health and Mental Retardation? _____.

SO SAY WE ALL.


_____
Foreperson
DATED: _____



**Source of Instruction:**  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 1.2.1 (2000).







_____                                _____
**ACCEPT**                                                          **DENY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CIVIL RIGHTS ACT—42 USC § 1981—RACE DISCRIMINATION IN EMPLOYMENT—DISCHARGE/FAILURE TO PROMOTE

In this case the Plaintiff Winifred Blackledge makes a claim under the Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment because of race.

More specifically, the Plaintiff Winifred Blackledge claims that she was denied a promotional opportunity by the Defendant Department of Mental Health and Mental Retardation because of the Plaintiff's Winifred Blackledge race.

The Defendant Department of Mental Health and Mental Retardation denies that the Plaintiff Winifred Blackledge was discriminated against in any way and asserts that [describe the Defendant's theory of defense or affirmative defenses, if any].

In order to prevail on this claim, the Plaintiff Winifred Blackledge must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:      That the Plaintiff Winifred Blackledge was denied a promotional opportunity by the Defendant Department of Mental Health and Mental Retardation; and

<u>Second</u>:     That the Plaintiff's

> Winifred Blackledge race was a substantial or motivating factor that prompted the Defendant Department of Mental Health and Mental Retardation to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may fail to promote an employee for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the Plaintiff Winifred Blackledge to lead you to substitute your own judgment for that of the Defendant Department of Mental Health and Mental Retardation even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their race.

On the other hand, it is not necessary for the Plaintiff Winifred Blackledge to prove that the Plaintiff's Winifred Blackledge race was the sole or exclusive reason for the Defendant's Department of Mental Health and Mental Retardation decision. It is sufficient if the Plaintiff Winifred Blackledge proves that race was a determinative consideration that made a difference in the Defendant's Department of Mental Health and Mental Retardation decision.

If you find in the Plaintiff's Winifred Blackledge favor with respect to each of the facts that the Plaintiff Winifred Blackledge must prove, you must then decide whether the Defendant Department of Mental Health and Mental Retardation has shown by a preponderance of the evidence that the Plaintiff Winifred Blackledge would not have been promoted for other reasons apart from the Plaintiff's Winifred Blackledge race. If you find that the Plaintiff Winifred Blackledge would not have been promoted for reasons apart from race, then your verdict should be for the Defendant Department of Mental Health and Mental Retardation.

If you find for the Plaintiff Winifred Blackledge and against the Defendant Department of Mental Health and Mental Retardation on its defense, you must then decide the issue of the Plaintiff's Winifred Blackledge damages:

In considering the issue of the Plaintiff's Winifred Blackledge damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's Winifred Blackledge damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant Department of Mental Health and

Mental Retardation. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury—tangible and intangible. Thus, no evidence of the value of such intangible things as emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff Winifred Blackledge for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a) Net lost wages and benefits to the date of trial;

(b) Emotional pain and mental anguish.

(c) Punitive damages, if any (as explained in the Court's instructions)

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages—that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff Winifred Blackledge failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's Winifred Blackledge damages by the amount that could have been reasonably realized if the Plaintiff Winifred Blackledge had taken advantage of such opportunity.

## SPECIAL INTERROGATORIES   TO THE JURY

**Do you find from a preponderance of the evidence:**

1 That the Plaintiff Winifred Blackledge was denied a promotional opportunity by the Defendant?

<div align="center">Answer Yes or No          _____</div>

2 That the Plaintiff's Winifred Blackledge race was a substantial or motivating factor that prompted the Defendant Department of Mental Health and Mental Retardation to take that action?

<div align="center">Answer Yes or No          _____</div>

[Note:           If you answered "No" to either Question No. 1 or Question No. 2 you need not answer the remaining questions]

3  That the Plaintiff Winifred Blackledge should be awarded damages to compensate for a net loss of wages and benefits to the date of trial?

Answer Yes or No           _____

If your answer is "Yes,"

In what amount?          _____

4 That the Plaintiff Winifred Blackledge should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No           _____

If your answer is "Yes,"

In what amount?          _____

5(a) That a higher management official of the Defendant Department of Mental Health and Mental Retardation acted with malice or reckless indifference to the Plaintiff's Winifred Blackledge federally protected rights?

Answer Yes or No           _____

(b) If your answer is "Yes," that the Defendant Department of Mental Health and Mental Retardation itself had not acted in a good faith attempt to comply with the law by adopting policies and procedures designed to prohibit such discrimination in the workplace?

Answer Yes or No           _____

     SO SAY WE ALL.

_____

Foreperson

DATED: _____

**Source of Instruction:**  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 1.3.1 (2000).

_____               _____

**ACCEPT**                                         **DENY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**SAME RESULT**</u>

If you determine plaintiff Winifred Blackledge proved that plaintiff's race was a factor motivating or playing a part in defendant's decision not to promote Winifred Blackledge, then you must find for Ms. Blackledge unless you determine defendant Department of Mental Health and Mental Retardation showed that it would have reached the same decision regardless of plaintiff's race.

**Source of Instruction:** Eleventh Circuit Pattern Jury Instructions (Civil Cases), Federal Claims Instruction No. 170.51(2000).

_____                                     _____
**ACCEPT**                                                                          **DENY**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>DEFENDANTS SPECIAL JURY INSTRUCTION # 1</u>

The United States Supreme Court bars individual suits for money damages against states but does not prevent individuals from seeking injunctive relief pursuant to the well-entrenched exception to sovereign immunity. The exception allows suits against state officers seeking **prospective equitable relief** to end continuing legal violations; it does not extend to claims for retrospective **relief**. "The difference between the type of relief barred by the Eleventh Amendment and the permitted under *Ex Parte Young* will not in many instances be that **\*1344** between day and night."

Blackledge contends that the Alabama Department of Mental Health and Mental Retardation and John Houston as Commissioner discriminated against her when she was not selected for three positions she applied for with Department of Mental Health and Mental Retardation. She seeks injunctive relief requiring the Department and Houston to grant her the benefits she would have been entitled to had she been appointed to the position she applied for. Although styled as prospective relief, this type of injunctive relief is barred by the Eleventh Amendment because it aims to vindicate a retrospective interest in compensation rather than a prospective interest in ending a continued legal violation. Blackledges' alleged discriminatory experiences are past transgressions. Even assuming her alleged harm is ongoing, in the sense that she continues to receive less retirement benefits, this harm does not render the relief she seeks for these alleged prior bad acts any less retrospective. Instead, when relief labeled as prospective is " 'measured in terms of a monetary loss resulting from a past breach of a legal duty,' it is the functional equivalent of money damages is not in the nature of prospective equitable relief and not available as damages to Winifred Blackledge."

**Source of Instruction:** *Ex Parte* <u>*Young,*</u> <u>209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).</u> <u>*Garrett,*</u> <u>531 U.S. at 374 n. 9, 121 S.Ct. 955.</u>; <u>*Edelman v. Jordan,*</u> <u>415 U.S. 651, 664-666, 668, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974).</u>; Id. At 667, 94 S.Ct. 1347.; Florida Ass'n of Rehab. Facilities, Inc. v. State Department of Health and Rehabilitative, Services, 225 F.3d 1208, 1219-1120 (11th Cir.2000).; *Leverette v. Alabama Revenue Depart.,* 453 F.Supp.2d 1340, 1343-44, (D.C.M.D.Ala., 2006)

_____                                        _____

**ACCEPT**                                                                                            **DENY**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON)** | | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 2

The elements of a prima facie case of discrimination in a failure to promote case are:

> A Plaintiff must first raise an inference of discriminatory intent. In failure to promote cases, this generally requires showing that: (1) Plaintiff belongs to a protected class; (2) She was qualified for the promotion; (3) She was rejected; and (4) the employer either continued to attempt to fill the position or filled the position with someone outside a protected class. If the plaintiff carries his burden, then, the defendant must proffer a legitimate, non-discriminatory reason for his action. The burden then shifts back to the plaintiff, who must show that the employer's proffered reason is a pretextual cover for discrimination. The employee must offer sufficient evidence showing that each and every proffered reason is pretextual.

**Source of Instruction:** *See Walker v. Mortham,* 158 F.3d 1177, 1186 (11th Cir.1998).; *See Chapman v. Al Transp.,* 229 F.3d 1012, 1037 (11th Cir.2000) (en banc) (citing *Combs v. Plantation Patterns,* 106 F.3d 1519, 1543 (11th Cir.1997)).; *Williams v. Alabama Indus. Dev't Tr'g,* 146 F.Supp2d 1214 (M.D.Ala., 2001)

_____                                    _____
ACCEPT                                                                              DENY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 3

In order to establish discrimination, disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

**Source of Instruction:** *Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 126 S.Ct. 1195, 1197 (2006); *Gremillion v. Walgreen Co., Inc.,* 2006 WL 1794745 (M.D.Ala.); *Cooper v. Southern Co.,* 390 F.3d 695, 732 (11th Cir.2004).

_____                                    _____
ACCEPT                                                                          DENY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 4

In a promotion discrimination claim, whether the plaintiff believed she was more qualified than the successful candidate, is not dispositive, but whether the defendant's intent was to discriminate against the plaintiff, "a plaintiff employee may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason," as long as "the reason is one that might motivate a reasonable employer"; "Merely because Plaintiff might evaluate his experience more favorably is irrelevant. An employer retains the prerogative to evaluate experience and prefer more and comparable experience to less, absent a showing that the process is a sham."

**Source of Instruction:** *Pennington v. City of Huntsville,* 261 F.3d 1262, 1267 (11th Cir. 2001).; *Farrokhi v. Laura Ashley, Inc.*, 82 F.Supp.2de 1248, 1252 (D.N.M.1999).; *Gremillion*, supra, at pages7-8.

_____          _____
ACCEPT                                                          DENY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANTS SPECIAL JURY INSTRUCTION # 5**

42 U.S.C. §§ 1981 and 1983 claims for damages, and all but prospective injunctive relief are barred by the Eleventh Amendment.

**Source of Instruction:** *See e.g., Will v Michaigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105, L.Ed.2d 45 (1989) *and Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) as to § 1983. *See Walker v. Texas, Office of Atty. Gen.,* 217 F.Supp. 2d 776 (E.D. Tex. 2002)

_____                                    _____
ACCEPT                                                                              DENY

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 6

Winifred Blackledge remained an employee of Alabama Department of Mental Health and Mental Retardation if she were successful and applying the principal of mitigation of damages, back pay would be calculated as the difference between her current salary and the salary she could have earned had she been appointed to the CSS III position.

**Source of Instruction:** *Vernon v. Port Authority of New York and New Jersey,* 220 F.Supp.2d 223,235 (S.D.N.Y. 2002)

_____                          _____
ACCEPT                                                                      DENY

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 7

Once the Department of Mental Health and Mental Retardation gives a legitimate, nondiscriminatory reason for its decision, Ms. Blackledge then has the burden of showing that the reason given by the Department of Mental Health and Mental Retardation was not the real reason for the decision but was instead, a pretext, or cover-up for race discrimination.

**Source of Instruction:** *Williams v. Nashville Network*, 132 F.3d 1123, 1131 (6th Cir. 1997) (holding that, given the plaintiff's superior qualifications, there was no reason, other than retaliation for the plaintiff's filing an EEO complaint, for the supervisor's refusal to forward the plaintiff's resume to another department for an open position).

_____                          _____
ACCEPT                                                                  DENY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| WINIFRED BLACKLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:06cv321-ID - SJW |
| | ) | |
| ALABAMA DEPARTMENT OF MENTAL | ) | |
| HEALTH AND MENTAL | ) | |
| RETARDATION, and JOHN HOUSTON) | | |
| in his official capacity as Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 8

A Plaintiff under Title VII may prove discriminatory intent by offering statistical evidence showing a pattern and practice of race discrimination by the Defendant.

Proving isolated or sporadic discriminatory acts by the employer is insufficient to establish a *prima facie* case of a pattern or practice of discrimination; rather, it must be established by a preponderance of the evidence that race discrimination was the State Department of Mental Health and Mental Retardation's standard operating procedure – the regular, rather than the unusual practice.

Where Plaintiff uses statistical evidence to challenge an employer's promotional practices, that evidence, to be probative of discriminatory intent, must compare the relevant portion of the employer's work force with the available minority persons with that expertise or qualification. To have probative value, statistical evidence must be tailored to the appropriate types of decisions and specific populations involved.

**Source of Instruction:** *Bazemore v. Friday*, 478 U.S. 385, 398 (1986); *see also Cooper v. Federal Reserve Bank of Richmond*, 467 U.S. 867, 875-76 (1984); *Hazelwood Sch. Dist. v. United States*, 433 U.S. 299, 307 (1977); *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 651-55 (1989); *In re: Employment Discrimination Litigation Against the State of Ala.,* 198 F.3d 1305, 1312 (11th Cir.1999).

_____          _____
ACCEPT                                      DENY

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 9

To determine whether the Department of Mental Health and Mental Retardation intentionally discriminated against Ms. Blackledge on the basis of her race, you must decide whether race accounted for Department of Mental Health and Mental Retardation's personnel decisions to reorganize the Department closing facilities and to promote Milldred Groggel and Daphne Rosalis to the positions instead of the Plaintiff. In other words, you must decide whether the same events would have transpired if the Plaintiff had not been African American, and everything else had been the same.

**Source of Instruction:** *Gehring v. Case Corp.*, 43 F.3d 340, 344 (7th Cir. 1994).

_____                                    _____
ACCEPT                                                                      DENY

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>DEFENDANTS SPECIAL JURY INSTRUCTION # 10</u>

Ms. Blackledge cannot prove pretext, or a cover-up, by simply arguing, or even by showing that Ms. Blackledge was better qualified than Daphne Rosalis and Milldred Groggel to be a P & QA II and CSS III.  Instead, Ms. Blackledge must show that Department of Mental Health and Mental Retardation's decisions were each motivated by race.

**Source of Instruction:**  *Alexander v. Fulton County*, 207 F.3d 1303, 1341 (11th Cir. 2000).

_____                                      _____

ACCEPT                                                                            DENY

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 11

In order to establish discrimination, disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

**Source of Instruction:**  *Ash v. Tyson Foods, Inc.,* 546 U.S. 454, 126 S.Ct. 1195, 1197 (2006); *Gremillion v. Walgreen Co., Inc.*, 2006 WL 1794745 (M.D.Ala.); *Cooper v. Southern Co.,* 390 F,3d 695m 732 (11th Cir.2004).

_____          _____
ACCEPT                                      DENY

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 12

The Standard for evaluating whether an action rises to the level of an adverse employment action in the context of a Title VII retaliation claim is whether a reasonable employee would have found the challenged action materially adverse.

**Source of Instruction:** *Burlington Northern v. White,* 126 S.Ct. 2405, 2414-15 (2006) *citing Rochon v. Gonzales,* 438 F.3d 1211, 1219 (C.A.D.C. 2006) (quoting *Washington v. Illinois Dept. of Revenue,* 420 F.3d 658 at 652 (C.A.7 2005).

_____                                    _____
ACCEPT                                                                    DENY

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 13

A Section 1981 Action will not survive if the employer has provided relief from the adverse employment action.

**Source of Instruction:**  *Shelby v. American Colloid Company, Inc.* 2005 WL 3804725 (M.D.Ala.).

_____                                    _____

ACCEPT                                                                                    DENY

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 14

A "meets expectations" evaluation is not an adverse employment action.

**Source of Instruction:** *Malore v. K-Mart Corp.* 51 F.Supp 2d 1287, 1308 (M.D. Ala. 1999)


_____                                        _____
ACCEPT                                                                                  DENY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:06cv321-ID - SJW** |
| | ) | |
| **ALABAMA DEPARTMENT OF MENTAL** | ) | |
| **HEALTH AND MENTAL** | ) | |
| **RETARDATION, and JOHN HOUSTON** | ) | |
| **in his official capacity as Commissioner,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANTS SPECIAL JURY INSTRUCTION # 15

Determinations findings and reports made by the EEOC constitutes unfair prejudice and confusion of the issues and maybe misleading and should be disregarded by the Jury.

**Source of Instruction:** *Federal Rules of Evidence Rule 403*

_____                                    _____
ACCEPT                                                                                      DENY