**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE No.: CV 2:06-CV-321-ID** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **MENTAL HEALTH & MENTAL** | ) | |
| **RETARDATION & COMMISSIONER** | ) | |
| **JOHN HOUSTON, in his Official** | ) | |
| **Capacity as Commissioner.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY, EVIDENCE**
**OR ARGUMENT REGARDING THE PLAINTIFF'S RETALIATION CLAIMS**
**AND THE DISMISSAL OF PLAINTIFF'S  RETALIATION CLAIMS**

 **COMES NOW,** Plaintiff Winnifred Blackledge, by and through undersigned counsel, in the

above-styled matter and pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence and

applicable state and federal law, and move to exclude from the trial any testimony, evidence or

argument by any party, witness or attorney regarding Plaintiff's retaliation claims or the dismissal

of her retaliation claims on summary judgment.  As grounds for said motion, Plaintiff states the

following:

1.      Federal Rule of Evidence 402 states that only evidence which is relevant to the legal issues

 in this case may be admitted as competent evidence.  "Relevant" is evidence defined as "evidence

having any tendency to make the existence of any fact that is of consequence to the determination

of the action more probable or less probable than it would be without the evidence."  Fed.R.Evid.

401.  On October 25, 2007, Plaintiff's retaliation claims were dismissed on summary judgment. (Dkt. # 46; Memorandum Opinion and Order).  The claims to be tried in this action are solely the claims for discriminatory denial of promotions on the basis of race.  Therefore, testimony, evidence or argument regarding Plaintiff's retaliation claims has no tendency whatsoever to make a material fact of the present action more or less probable.  Such testimony, evidence or argument is not relevant to the legal issues at hand, which is whether Plaintiff was denied promotions because of her race. Therefore, any testimony, evidence or argument should be excluded pursuant to Fed.R.Evid. 401 and 402.

2.       In the event this testimony is deemed to have some probative value, the evidence should still be excluded because it is substantially more prejudicial, confusing, and misleading than it is probative.  Fed.R.Evid. 403. As the comments to Rule 403 states, the Rule is intended to prohibit evidence which, although may have somewhat probative value, should be excluded based on the fact that it may induce a decision based on emotion or prejudice.  See Fed.R.Evid. 403, Advisory Committee Notes, 1972.  Testimony, evidence and argument regarding retaliation or the dismissal of such claims could lead a jury to believe that Plaintiff's remaining promotion claims should be dismissed or lead them to believe her remaining promotion claims are without merit.  Rule 403 also allows the exclusion of evidence which may confuse the jury.  In the instant case, the pertinent legal issues are whether the defendant violated Title VII and Section 1981 regarding promotions.  The retaliation claims are no longer remaining in this action and therefore testimony, evidence and argument regarding these claims or testimony regarding the dismissal of these claims should not be put before the jury in any way.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully request this Honorable

Court to grant Plaintiff's Motion in Limine regarding the exclusion of any testimony, evidence or

argument concerning Plaintiff's retaliation claims and the granting of summary judgment as to such

claims.

Respectfully submitted,

/s/ Joshua D. Wilson
Joshua D. Wilson
*Attorney for the Plaintiff*

**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax:   (334) 242-0924

This the   11th   Day of  February  , 2008.


/s/ Joshua D. Wilson
Of Counsel