**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE No.: CV 2:06-CV-321-ID** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **MENTAL HEALTH & MENTAL** | ) | |
| **RETARDATION & COMMISSIONER** | ) | |
| **JOHN HOUSTON, in his Official** | ) | |
| **Capacity as Commissioner.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION IN LIMINE REGARDING TESTIMONY, EVIDENCE OR ARGUMENT**
**REGARDING LEGITIMATE NON-DISCRIMINATORY REASONS FOR OFFERING**
**PQA II POSITIONS TO PERSONS OTHER THAN PLAINTIFF**

**COMES NOW,** Plaintiff Winnifred Blackledge, by and through undersigned counsel, in the

above-styled matter and pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence and

applicable state and federal law, and move to exclude from the trial any testimony, evidence or

argument by Defendants,  any witness of Defendants, or any other party regarding any alleged

legitimate non-discriminatory reason why persons other than Plaintiff were awarded the PQA II

position in 2002 and the PQA II position in 2004.  As grounds for said motion, Plaintiff states the

following:

1.    **Defendant has failed to identify or clearly set forth any legitimate non-discriminatory**
    **reason for the selection of person other that Plaintiff for the two PQA II Positions.**

Defendant has failed to clearly set forth a specific legitimate non-discriminatory for the

selection of

1

Daphne Rosalis for the PQA II Position in 2002 or for the selection of Mickey Groggel for the PQA II Position in 2004.[1]

In its Answer, Defendants state as an Affirmative Defense: "At all times relevant herein, the actions of the defendant regarding or affecting the plaintiff were based upon legitimate and necessary nondiscriminatory management practices, unrelated to race." (Dkt. #7).  In their Answer to First Amended Complaint Filed on February 7, 2007, Defendants offer *McDonnell-Douglas Corp v. Green*, 411 U.S. 792, 802 (1982) as an Affirmative Defense but again fail to clearly set forth any specific reasons for the selection of candidates other than Plaintiff.  (Dkt. #22, ¶ 82).  Defendants merely state: "Defendants actions were taken for legitimate, non-discriminatory business reasons and not for any unlawful purpose.  See *McDonnell Douglas Corp*., 411 U.S. 802."  *Id*. Therefore, in their pleadings Defendants have failed to affirmatively and clearly set forth the reasons for Plaintiff' rejections for PQA II positions in both 2002 and 2004.

In a race promotion case such as this one, "**the defendant must clearly set forth**, through the introduction of admissible evidence, the reasons for the plaintiff's rejection".  *Tex. Dep't of Cmty. Affiars v. Burdine* ("*Burdine*"), 450 U.S. 248, 255 (1981), (emphasis added).  Defendant's articulated reasons as set forth in the Order on Pretrial Hearing is stated as follows:

> "In each case, the successful candidates were equally or more qualified than Ms. Blackledge, and each was interviewed before a panel resulting in higher interview scores than the Plaintiff..... Other legitimate non-discriminatory reason for hiring the successful candidates included their backgrounds in the particular functions and their

---

[1]This motion is based on the two PQA II positions and not the CSS III position.  Clearly, Defendants were aware that they needed to articulate legitimate nondiscriminatory reasons for selection of candidates instead of Plaintiff as indicated by their Legitimate, Nondiscriminatory assertion of reasons regarding the CSS III position. (See Dkt. #46; Memorandum Opinion and Order, pp. 34-41).  However, as stated, Defendants have failed to do so and should be barred from offering any reasons during the trial of this action.

known "skill sets" applicable to the positions offered."
(Dkt. #63, pp. 5).

Other than these cursory statements, Defendants fail to specifically cite or mention *McDonnell-Douglas Corp v. Green*, 411 U.S. 792, 802 (1982) or *Tex. Dep't of Cmty. Affiars v. Burdine* ("*Burdine*"), 450 U.S. 248, 255 (1981) at any point in this litigation regarding the two PQA II positions. Therefore, Defendants have failed to affirmatively set forth any specific reasons for the actions taken as they are required to do.

**2.    Defendant's Decision-makers Must Articulate a Legitimate, Non-discriminatory Reason for Plaintiff's Non-selection**.

"Once a plaintiff meets his burden of establishing a prima facie case[2], an inference of discrimination arises and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its hiring decision." *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1268-1269 (11th Cir. 1999) (citing *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093). Articulated reasons for selection decisions **must come from the testimony of the decisionmaker** himself/herself, not from lawyers rummaging through the record looking for possible or hypothetical reasons that might have motivated the decisionmaker. *Burdine*, 450 U.S. 257, 255 n.9 (1981)(emphasis added) ("An articulation not admitted into evidence will not suffice. Thus, the defendant cannot meet its burden merely through an answer to the complaint or by argument of counsel."); *Walker v. Mortham*, 158 F.3d 1177, 1184 (11th Cir. 1998)("The defendant may not satisfy its burden by presenting a hypothetical reason for the employment decision in question.").

Throughout the entire litigation process, Defendant's have not clearly set forth admissible

---

[2]This was not in dispute at the time of the Motion for Summary Judgment and not in dispute according to Judge DeMent's Order. (See Dkt. # 46, pp. 34)("Because Blackledge's prima facie case stands unrebutted, the court finds for present purposes that those elements are satisfied.")

evidence to explain the specific reason for Plaintiff's rejection for the two PQA II positions or identify any legitimate reason for the selection of other candidates. Specifically, Defendant cannot identify any decision-maker or offer any testimony from a decision-maker who testifies as to any alleged legitimate non-discriminatory reason why someone other than Plaintiff was selected for the two PQA II Positions. Furthermore, no such decision-maker appears on Defendants' Trial Witness List. (Dkt. # 42). Therefore, Defendants should be barred from offering a such testimony during the trial.

The Eleventh Circuit has explained the basis for requiring the decisionmaker to articulate the reason for selection decisions:

> [I]f a defendant raises as its legitimate, nondiscriminatory reason relative qualifications of the applicants, the defendant "must include the fact that the decision-maker knew that the promoted individual's qualifications were superior at the time the decision was made." The defendant cannot testify in abstract terms as to what might have motivated the decision-maker; it must present specific evidence regarding the decision-maker's actual motivations with regard to each challenged employment decision. **Likewise, a court may not assume, based on its own perusal of the record, that the decision-maker in a particular case was motivated by a legitimate reason when the defendant has offered none**.

*Walker*, *supra* at 1181 n.8 (citations omitted)(emphasis added); see also *Price Waterhouse v. Hopkins*, 490 U.S. 228, 252-53 (1989) ("The crucial inquiry, the one commanded by the words of §§ 703(a), **is whether [race] was a factor** in the employment decision **at the moment it was made**.") (emphasis added).

According the Eleventh Circuit, "where a plaintiff''s prima facie case is established[3], but the employer fails to meet its burden of production, the unrebutted presumption of discrimination

---

[3]See footnote 2.

4

stands." *Turnes v. AmSouth Bank*, 36 F.3d 1057, 1061 (11th Cir. 1994) (citing *Joshi v. Florida State Univ. Health Ctr.*, 763 F.2d 1227, 1236 (11th Cir. 1985))(emphasis in original). Such is the case here.   Defendant cannot identify any evidentiary submission or testimony where they identify any specific legitimate reason for the selections other than the vague language identified in the Pretrial Order.  Defendants, should not be allowed to offer any testimony during the trial of this action because they have failed to do so throughout extended litigation in this action.

Fordyce Mitchell did not play a direct role into who received these two job promotions.  Mr. Mitchell  testified that his function was to help with a staffing plan rather than actually putting people into positions and deciding who would be awarded positions.  (Attachment 1: Fordyce Mithcell Depo. pp. 42:13-22; 45:3-5).  Likewise, Ms. Eranell McIntosh-Wilson did not play a direct role in selecting candidates for these positions. (Attachment 2: Eranell McIntosh-Wilson Depo. pp. 40:11-20; 52:1-23; 53:5-10; 85:16-20).   Susan Stuardi did not play a role in Daphne Rosalis receiving the PQA II (2002) Position.  (Attachment 3: Susan Stuardi Depo. pp. 115:7-23).  Stuardi also testified that she was not on the interview panel and did not play a role in filing the PQA II (2004) Position and why Mickey Groggel was promoted to that position.  (Attachment 3: Stuardi Depo. pp. 87:21 - 88:13; 132:6-18).  There are no other decision-makers who could have played a role in determining who should receive these promotions and Defendant has not identified any other decision-makers on its Trial Witness List.

Other than general conclusory statements prepared by counsel and offered in the Pretrial Order, Defendant has not and cannot produce specific evidence or specific testimony from any decision maker why Daphne Rosalis and Mickey Groggel were allegedly more qualified than Ms. Blackledge or why the their "skill sets' were allegedly more suited for the respective PQA II

Positions.

**3.    As determined by Judge DeMent, Defendants have effectively waived the right to assert any articulated legitimate nondiscriminatory reasons for the selection of candidates other that Plaintiff for the two PQA II Positions.**

Judge DeMent mentions the fact that Defendants failed to articulate legitimate reasons for the selection of candidates other than Plaintiff in the Memorandum Opinion and Order, stating as follows:

> "As pointed out by Blackledge, in their summary judgment brief, Defendants do not address the § 1981/ § 1983 merits of Blackledge's two claims alleging denials of promotions in 2002 and 2004 to the PQA II positions. (Pl. Mem. Of Law at 24-25 (Doc. No. 33).)... In their reply brief, Defendants continue to argue exhaustion, and, for the first time, challenge the merits of the § 1981/ § 1983 failure to promote claims by asserting that Blackledge failed to rebut Defendant's legitimate, nondiscriminatory reasons for hiring other applicants. (Def. Reply at 9 (Doc. No. 35).) The court agrees with Blackledge that Defendants' argument comes too late in a reply brief." (Memorandum Opinion and Order; Dkt. #46, pp. 23).

Defendant clearly waived their right to assert a specific legitimate non-discriminatory reason for the selection of white females rather than Plaintiff for the two PQA II positions. Similar to Defendants failure to plead and assert the statute of limitations defense for the § 1981 (through § 1983) claims, Defendants have waived any right to assert legitimate, non-discriminatory reasons at the trial of this action. (See this Court's Order, Dkt. # 62, 02/08/2008) (Plaintiff's Response in Opposition to Defendant's Motion to Amend Answer, Dkt. # 59, 01/30/2008).

In the instant action, Defendants have failed to provide testimony of a legitimate, non-discriminatory reason from the decision-maker for the two PQA II promotions that Plaintiff challenges. Instead, Defendant has offered general, conclusory statements prepared by counsel as to possible or hypothetical reasons that *might have* motivated the decisionmaker. Therefore,

6

Defendant should be barred from offering such testimony at the trial of this action.

   **WHEREFORE**, for the foregoing reasons, the plaintiffs respectfully request this Honorable Court to grant Plaintiffs' motion in limine regarding the exclusion of any testimony concerning any alleged legitimate non-discriminatory reasons for the selections of the persons to the PQA II Positions.

                                    Respectfully submitted,


                                    /s/ Joshua D. Wilson
                                    Joshua D. Wilson
                                    *Attorney for the Plaintiff*


**OF COUNSEL:**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500

## CERTIFICATE OF SERVICE

   I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of

Mental Health and Mental Retardation

RSA Union Building

100 N. Union Street

P.O. Box 301410

Montgomery, Alabama 36130-1410

Phone: (334) 242-3038

Fax:   (334) 242-0924

This the ___11th___ Day of __February__, 2008.


/s/ Joshua D. Wilson

Of Counsel