**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **WINIFRED BLACKLEDGE** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE No.: CV 2:06-CV-321-SRW** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **MENTAL HEALTH & MENTAL** | ) | |
| **RETARDATION & COMMISSIONER** | ) | |
| **JOHN HOUSTON, in his Official** | ) | |
| **Capacity as Commissioner.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**INTRODUCTION**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not.  Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.  Also, you are not to single out one instruction alone as stating the law but must consider these instructions as a whole.

You must also not let your decision be influenced in any way by either sympathy for or prejudice against anyone.  Both the public and the parties expect that you will carefully and impartially consider all of the evidence without prejudice or bias or sympathy, follow the law as stated by the court, and render a just verdict regardless of the consequences.  Our system of law does not permit jurors to be governed by bias, prejudice, or sympathy, or by public opinion.

1

In your deliberations you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits -- that I have admitted in the record.    However, as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.   "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.   "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that anything the lawyers say is not evidence in the case.   The function of the lawyers is to point to those things most significant or most helpful to their side of the case.   It is your own recollection and interpretation of the evidence that controls.   What the lawyers say is not binding upon you.   Also, you should not assume from anything that I may have said or any question I may have asked that I have any opinion concerning any of the issues before you in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.   You should decide whether you believe what each witness had to say, and how important that testimony was.   In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not necessarily controlling.   You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did the witness have

2

any particular reason not to tell the truth?   Did the witness have a personal interest in the outcome of the case?   Did the witness seem to have a good memory?   Did the witness have the opportunity and ability to observe accurately the things he or she testified about?   Did the witness appear to understand the questions clearly and answer them directly?   Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.   So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## **PROPOSED JURY INSTRUCTIONS**

**Proposed Jury Instruction No. 1**

The burden is on the Plaintiff in a civil action such as this to prove their claims by a "preponderance of the evidence".  A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.  In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

Pattern Jury Instructions, Fifth Circuit - Civil l983
(Pamphlet), Instruction No. 7A.

Given _____

Refused _____

4

**Proposed Jury Instruction No. 2**

Although the burden is on the party who asserts the affirmative of an issue to prove the claim by a preponderance of the evidence in the case, this rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In a civil action such as this, it is proper to find that a party has succeeded in carrying that burden of proof on an issue of fact if, after consideration of all the evidence in the case, the jurors believe that what is sought to be proved on that issue is more likely true than not true.

<u>Federal Instructions</u>, Section 71.13

Given _____

Refused _____

**Proposed Jury Instruction No. 3**

Now, this is a civil case, not a criminal case.  Some of you may know that in a criminal case the

burden of proof is "beyond a reasonable doubt."   This is not a burden of proof in this case because,

as I said this is a civil case.  In this case, the burden of proof is a "preponderance of the evidence".

Given _____

Refused _____

**Proposed Jury Instruction No. 4**

A "preponderance of the evidence" simply means an amount of evidence which is enough to persuade you that what is sought to be proved is more likely true than not true.

Given _____

Refused _____

**Proposed Jury Instruction No. 5**

When I say in these instructions that a party has the burden of proof of any proposition, or use the expression "if you find", or "if you decide", or "if you believe", I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

<u>Federal Instructions</u>, Section 7l.l5

Given _____

Refused _____

**Proposed Jury Instruction No. 6**

As the sole judges of the facts, you must determine which of the witnesses you believe, what portion of their testimony you accept and what weight you attach to it. At times during the trial, I may have sustained objections to questions asked without permitting the witness to answer or, where the answer has been made, may instruct that it be stricken from the record and that you disregard it and dismiss it from your minds. You may not draw any inference from an unanswered question nor may you consider testimony which has been stricken in reaching your decision. The law requires that your decision be made solely upon the competent evidence before you. Such items as I exclude from your consideration will be excluded because they are not legally admissible.

The law does not, however, require you to accept all of the evidence I shall admit. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and determine the degree of weight you chose to give his or her testimony. The testimony of a witness may fail to conform to the facts as they occurred because he or she is intentionally telling a falsehood, because he or she did not accurately see or hear that about which he or she testifies, because his or her recollection of the event is faulty, or because he or she has not expressed himself or herself clearly in giving his or her testimony. There is no magical formula by which one may evaluate testimony. You bring with you to this Courtroom all of the experience and background of your lives. In your everyday affairs you determine for yourself the reliability or unreliability of statements made to you by others. The same tests that you use in your dealings are the test which you apply in your deliberations. The interests or lack of interest of any witness in the outcome of this case, the bias or prejudice of a witness, if there be any, the age, the appearance, the manner in which the witness gives his or her testimony on the stand, the opportunity

9

that the witness had to observe the facts concerning which he or she testifies, the probability or improbability of the witness' testimony when viewed in light of all evidence in the case are all items to be taken into your consideration in determining the weight, if any, you will assign that witness' testimony.  If such considerations make it appear that there is a discrepancy in the evidence, you will have to consider whether the apparent discrepancy may not be reconciled by fitting the two stories together.  If, however, that is not possible, you will then have to determine which of the conflicting versions you will accept.

<u>Federal Instructions</u>, Section 72.0l at 598-600.

Given _____

Refused _____

**Proposed Jury Instruction No. 7**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor while on the stand.  Consider the witness' ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters.  Consider also any relation each witness may bear to either side of the case; the manner in which each witness may be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony.  Two or more persons witnessing an incident or a transaction may see or hear it differently.  An innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

<u>Federal Instructions</u>, Section 73.0l at 6l5.l6

11

Given _____

Refused _____

**Proposed Jury Instruction No. 8**

You are to consider only the evidence in the case. But, in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been provided, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

See <u>Federal Instructions</u>, Section 72.03.

Given _____

Refused _____

**DISCUSSION OF CLAIMS.**

**Proposed Jury Instruction No. 9**

The Plaintiff in this lawsuit is Winnifred Blackledge.   She is the one who has brought this lawsuit.    The defendant in this case is the Alabama Department of Mental Health & Mental Retardation and Commissioner John Houston.  The Plaintiff is claiming that the Defendants failed to promote her for three different positions because of her race, African-American. The Plaintiff has sued  Alabama  Department  of  Mental  Health  &  Mental  Retardation  and  Commissioner  John Houston, in  his official capacity, under Title VII of the Civil Rights Act of 1964, as amended 1991, and 42 U.S.C. § 1981.

Given _____

Refused _____

14

**Proposed Jury Instruction No. 10**

In determining whether you believe the statutes were violated, you must make a determination

for

each of the three claims separately.

Given _____

Refused _____

**Proposed Jury Instruction No. 11**

In this case the Plaintiff makes claims under the Federal Civil Rights statutes that prohibit employers from discriminating against her in promotion decisions because of the her race. Specifically, the Plaintiff claims that the Defendant failed to promote her for three different positions because of her race.

In order to prevail on her claims, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:          That the Defendant failed to promote the Plaintiff to the positions at issue; and

Second:     That the Plaintiff's race was a substantial or a motivating factor that prompted the Defendant to take that action.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

In determining whether you believe the statutes were violated, you must make a determination for

each of the three claims separately.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's race. So far as you are concerned in this case, an employer may choose not to promote an employee for any reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgement for that of the Defendant even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their

16

race.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's race was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that race was a determinative consideration that made a difference in the Defendant's decision or that race was a substantial or a motivating factor in the decision.

AUTHORITY: *Cf.* Eleventh Circuit Jury Pattern Jury Instructions (Civil) No. 1.21., pp. 71-73; 1.3.1, pp. 110-112; *EEOC v. Total Systems,* 221 F.3d 1171 (11th Cir. 2000); *Meeks v. Computer Associates Intern*, 15 F.2d 1013 (11th Cir. 1994); *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993); *Hairston v. Gainesville Sun Publishing Company*, 9 F.2d 913, 920 (11th Cir. 1993).

Given _____

Refused _____

**Proposed Jury Instruction No. 12**

One of the laws under which the Plaintiff is bringing her claims in this case is the Civil

Rights Act of 1991.  This Act provides among other things that:


It shall be unlawful for an employer - . . . to discriminate against any individual with respect
to his or her compensation, terms, conditions or privileges of employment, because of such
individual's race, color ...

Civil Rights Act of 1991 (42 U.S.C. 2000(e)-2(a).


Given _____

Refused _____

18

**Proposed Jury Instruction No. 13**

The purpose of the Civil Rights Act of 1991 is to promote the employment of persons based on their ability rather than their race and to prohibit arbitrary race discrimination in employment. In other words, the purpose of this Act is to prevent employment discrimination because of race, black or white.

Modern Federal Jury Instructions 88-64
Purpose of the Statute

Given: _____

Refused: _____

**Proposed Jury Instruction No. 14**

"The Civil Rights Act of 1991" is remedial and humanitarian legislation.  It is to be construed liberally to achieve its purpose of protecting black employees from discrimination".

*Moses v. Falstaff Brewing Corporation*, 525 F.2d 92, 93 (9th Cir. l975).  Accord, *Vazquez Eastern Airlines, Inc.*, 579 F.2d l07, l09 (lst Cir. l978); *Holiday v. Ketchum, MacLeod & Grove, Inc.*, 584 F.2d l22l, l229 (3rd Cir. l978) (*en banc*); *Gabriele v. Chrysler Corporation*, 573 F.2d 949, 954 (6th Cir.l978); *Dartt v. Shell Oil Company*, 539 F.2d 1256 (l0th Cir. l976), *affirmed*, 434 U.S. 99 (l977), rehearing denied, 434 U.S. l042 (1978); *Skoglund v. Singer Company*,  403 F. Supp. 797, 80l (D.N.H. l975); *Woodford v. Kinney Shoe Corp.*, 369 F. Supp. 9ll, 9l4 (N.D. Ga. l973).

Given _____

Refused _____

**Proposed Jury Instruction No. 15**

The other statute upon which the Plaintiff has based his claims in known as 42 U.S.C. §1981, a civil rights statute passed by Congress in 1866.  The pertinent part of the statute provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

That is to say that any citizen may seek redress in this Court by way of an action for money damages against any person or persons who violates such citizen's Constitutional rights.

Given:  _____

Refused:  _____

**Proposed Jury Instruction No. 16**

In considering whether or not the defendant discriminated against the Plaintiff on account of her race, I charge you that for you to find such discriminatory conduct you need not find that race was the only reason behind the defendant's decisions in this case.  Rather, the Plaintiff would be entitled to recover even if there were other factors in these decisions, so long as one such factor was her race, and if, in fact, it made a difference in the decisions that were made.

*Haring v. CPC International, Inc.*
664 F.2d l234, l240 (5th Cir. Unit B l98l)

Given: _____

Refused: _____

**Proposed Jury Instruction No. 17**

The Plaintiff may prove that the defendant was motivated by her race by presenting what is called indirect evidence to that effect. Indirect evidence is evidence (historical, statistical, comparative, or individual) which, though it does not speak directly to the issue sought to be proved, provides the basis for an inference with regard to that issue. The Plaintiff may use such evidence in attempting to prove to you that the defendant was motivated by race, and if you believe the evidence establishes that fact, you may use it as the basis of your finding of intent.

Modern Federal Jury Instruction
Instruction 87-13

Given: _____

Refused:_____

23

**Proposed Jury Instruction No. 18**

The Plaintiff has introduced evidence which she claims proves that the defendant discriminated against her because of her race, African-American.  The Plaintiff will have fulfilled her initial burden if this evidence proves by a preponderance of the evidence that each of the following three statements are true:

1.  That she was a member of the class protected by the Act.  In other words, that she was African-American.

2.  That the defendant took action which adversely affected the Plaintiff's employment situation; specifically that she was denied promotions, and

3.  That, in taking this action, the Plaintiff's race was a substantial or a motivating factor.

Modern Federal Jury Instructions 88-66

Given: _____

Refused: _____

**Proposed Jury Instruction No. 19**

The Plaintiff may prove intent and that race was a motivating factor by presenting indirect or circumstantial evidence that the defendant's articulated reason is untrue and is actually a pretext for discrimination by showing that reason is unworthy of credence.  Proof that the defendant's explanation is unworthy of credence is simply one form of circumstantial evidence that is probative of intentional discrimination, and it may be quite persuasive.  In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is attempting to cover up a discriminatory purpose.  Once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision.  Thus, if you do not believe the defendants' stated reasons for their actions, you may infer that discrimination is the most likely reason for the actions taken against the Plaintiff.

*Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2108-2109 (2000).

Given: _____

Refused:_____

**Proposed Jury Instruction No. 20**

If you find that the defendants have not given a legitimate, nondiscriminatory reason sufficient to rebut the Plaintiff's initial showing of intentional disparate treatment, you must rule in favor of the Plaintiff.

*Texas Dep't. of Community Affairs v. Burdine*, 450 U.S. 248, 253(1981)(cited in *Roberts v. Gadsden Memorial Hospital*, 835 F.2d 793, 796 (11th Cir. 1988)("[i]f the employer fails to satisfy this burden [of articulating a legitimate, nondiscriminatory reason for the adverse action], the inference of intentional discrimination stands unrebutted and the plaintiff is entitled to judgment as a matter of law").

Given: _____

Refused: _____

**Proposed Jury Instruction No. 21**

The defendant cannot prevail in this action by merely articulating the reasons which it may have considered in deciding on the actions which it took against the Plaintiff. The defendant must prove by a preponderance of the evidence that: (1) it was actually motivated by the other reasons it asserts at the time that it rejected the Plaintiff; and (2) the Plaintiff's race was not a part of its motivation in failing to promote Plaintiff.


*Walker v. Mortham*, 1998 WL 751043, *3, n.8 (11th Cir. 1998); *Hill v. Seaboard Coast Line R.R. Co.*, 767 F.2d 771, 774 (11th Cir. 1985); *Turnes v. AmSouth Bank*, 36 F.3d 1057, 1061-1062 (11th Cir. 1994).


Given     _____

Refused     _____

27

**Proposed Jury Instruction No. 22**

You must judge the credibility of the defendant's asserted reasons in the light of common sense and what would be expected to occur in the absence of race or retaliation.  You are, of course, not limited to these factors alone in assessing the credibility of the defendant's explanation of its motivation.  As already pointed out, you must consider all the evidence and all reasonable inferences from such evidence in determining whether the Plaintiff has carried its burden of proof in this case.

Given _____

Refused _____

**Proposed Jury Instruction No. 23**

Intent ordinarily may not be proved directly.  But you may infer a person's intent from surrounding circumstances.  You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances which indicate his or her state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is for you to decide what facts have been established by the evidence.

*U.S. v. Cotton*, 770 F.2d 940, 946 (11th Cir. 1985)

Given:        _____

Refused:        _____

**<u>DAMAGES</u>**

**Proposed Jury Instruction No. 25**

I instruct you that the purpose of the Civil Rights Act of 1991 and 42 U.S.C. §1981 is to make persons whole for injuries suffered as a result of unlawful employment discrimination and retaliation. Under these Acts, a successful Plaintiff is entitled to recover lost wages and benefits. The amount of wages and benefits due is determined by calculating the amount that would have been earned if he had gotten the promotion up to the time of your verdict, minus what he has actually made in the job he holds.

Modern Federal Jury Instructions 88-77<br>
Compensatory Damages

Given:_____

Refused:_____

**Proposed Jury Instruction No. 26**

The Civil Rights Act of 1991 also contains remedies which include awarding to the Plaintiff compensatory damages for the pain and suffering and mental anguish caused by the discriminatory act.  It is for you the jury to decide whether to award compensatory damages and if so what amount. Therefore, if you decide that the Plaintiff was discriminated against because of her race then part of your remedies would be to award her compensatory damages if you see fit to do so.

Civil Rights Act of 1991.

Given: _____

Refused: _____

31

**Proposed Jury Instruction No. 27**

<u>Mental and Emotional Damages</u>.

I instruct you that the purpose of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, is to make persons whole for injuries suffered as a result of unlawful employment discrimination and harassment. The Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, contain remedies which include awarding to the plaintiff compensatory damages for the humiliation, wounded pride, shame, despair, mental anguish, inconvenience, loss of enjoyment of life and other nonmonetary losses caused by the harassment or retaliation. It is for you the jury to decide whether to award compensatory damages and, if so, what amount. Therefore, if you decide that the plaintiff has proven her claims, then part of your remedies would be to award them compensatory damages if you see fit to do so.

If you return a verdict for the plaintiff on any of her claims, you must then decide the issue of general compensatory damages.

Compensatory or actual damages are allowed and should be awarded where a party satisfies the jury by a preponderance of the evidence that the party has been injured or damaged by the wrongful act or acts of the party charged. The purpose of awarding compensatory damages is to fairly and reasonably compensate the injured party for the loss or injury actually sustained. Compensatory damages are intended as money compensation to the party wronged, to compensate her for the injury and other damages that have been inflicted as a result of or were caused by the wrong complained of.

AUTHORITY: 42 U.S.C. §1981a.

Granted: _____

32

Refused: _____

**Proposed Jury Instruction No. 28**

<u>Mental and Emotional Damages</u>.   The law has no fixed monetary standard to compensate for emotional distress.   This element of damages is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such emotional distress as you find from the evidence he did suffer.   If you are satisfied by a preponderance of the evidence that the Plaintiff sustained mental and emotional damages as a result of the wrongs in question, you should award a sum which will reasonably and fairly compensate her for such emotional distress already suffered and for any emotional distress that you are satisfied by a preponderance of the evidence that she is reasonably certain to suffer in the future.

Even if you find that the Plaintiff has failed to provide any proof of the extent of the damages she suffered because of the defendants' conduct, you still may award her nominal damages. You may assume that some damage was done to the Plaintiff by virtue of the violation of her rights protected by federal law and violated by the defendant.

AUTHORITY: 42 U.S.C. § 1981a(b)(1) (1991).  *Ayers v. Wal-Mart Stores, Inc.*,  941 F. Supp. 1163, 1169 (M.D.Fla.1996).

Granted:  _____

Refused:  _____

**FINAL INSTRUCTIONS.**

**Proposed Jury Instruction No. 29**

Of course, the fact that I have given you instructions concerning the issues of the Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail upon her claims against the defendant.   Any verdict you reach in the jury room must be unanimous.   In other words, to return a verdict you must all agree.   Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.   While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts.   Your only interest is to seek the truth from the evidence in the case.   When you go to the jury room you should first select one of your members to act as your foreperson.   The foreperson will preside over your deliberations and will speak for you here in court.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the security officer who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time.

34

Verdict forms have been prepared for your convenience.  You will take the verdict forms to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict forms, date and sign them, and then you will return to the courtroom.

Granted:  _____

Refused:  _____

Respectfully submitted,


s/ Joshua D. Wilson_____
Rocco Calamusa, Jr.
Joshua D. Wilson

*Attorneys for the Plaintiff*

**OF COUNSEL**
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

## CERTIFICATE OF SERVICE

I do hereby certify that on this the __11th___ day of _February_, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax:   (334) 242-0924

                                        /s/ Joshua D. Wilson
                                        Of Counsel