IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WINIFRED BLACKLEDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06cv321-ID - SJW |
| ) | |
| ALABAMA DEPARTMENT OF MENTAL ) | |
| HEALTH AND MENTAL ) | |
| RETARDATION, and JOHN HOUSTON ) | |
| in his official capacity as Commissioner, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANTS' VOIRE DIRE QUESTIONS

1. The defendants, the Alabama Department of Mental Health and Mental Retardation and its Commissioner John Houston in his official capacity only, not personally or in his individual capacity, are represented by a Deputy and Assistant Attorney General of the State of Alabama for Alabama Attorney General Troy King.

    a. One of these attorneys, Courtney Tarver, has worked for the state for over twenty years as a prosecutor, program director for assistance to victims of violent crime and as a litigator in civil and civil rights cases within the Alabama Attorney General's Office, and more recently as General Counsel for the Alabama Department of Mental Health and Mental Retardation. Have you or any of your family members ever been a party to any litigation in which Mr. Tarver served as an attorney?

    b. Another one of the Department of Mental Health's attorneys, Rebecca Luck, has worked for the Department of Mental Health and Mental Retardation as an attorney for over ten years, and during and prior to that time, represented this and other arms of the State of Alabama in courts in Mobile, Baldwin County, Montgomery and other counties primarily in South Alabama. Have you or any of your family members ever been a party to any litigation in which Mr. Tarver served as an attorney?

    c. Have any of you ever been a party in any litigation in which a lawyer for the Attorney General's Office was representing someone or some agency? If so, what were the circumstances?

    d. Do any of you feel that because the Alabama Department of Mental Health and Mental Retardation (which we'll refer to sometimes in this case as, "the Department") and Commissioner Houston are represented by attorneys who work for Attorney General Troy King, that you could not be completely fair to the Department or Commissioner Houston?

2. The plaintiff in this case is represented by Rocco Calamusa, Joshua Wilson and Benjamin DeGweck of the law firm of Wiggins Childs, Quinn & Pantazis, P.C., formerly known as Gordon Silberman, Wiggins and Childs, headquartered in Birmingham, Alabama. Have any of you been a party in any litigation in which these lawyers or other lawyers from their firm represented someone or some agency or company? If so, what were the circumstances?

    a. Do you otherwise know any of these attorneys or others in their firm? If so how do you know them?

[TO BE ANSWERED IN PRIVATE TO AVOID DISCLOSING CONFIDENTIAL OR EMBARRASSING INFORMATION]

3. In this case, the Plaintiff, Ms. Blackledge is suing her employer, the Alabama Department of Mental Health and Mental Retardation. That department is responsible for, (a.) providing health and mental health services to people who suffer from various forms of mental illness, both directly and through contract with community programs locally (b.) providing what is known as support services and "habilitation" (education and training on skills needed to assist people who, due to no fault of their own, have a disability in learning that limits their ability to perform basic daily living skills) in home or homelike settings, and (c.) providing services, through funding and overseeing programs that provide substance abuse treatment in local communities throughout Alabama.

   a. Have you or any family member ever been served directly or indirectly by the Department?
   b. If so, what services were received?
   c. What is your opinion about the quality of those services and how you or your family members were treated by the Department?
   d. Do you otherwise have an opinion about the Department and the services it provides that will impact upon your ability to be fair and impartial about the Department or Commissioner Houston?

[ BACK TO OPEN VENIRE QUESTIONS & ANSWERS]

4. As stated earlier, Commissioner John Houston is sued in this case in his official capacity only. This means that he is named in the case only because in his position as Commissioner, depending on your findings and this Court's rulings, it is possible that he might be required to do, or not do something as this Court could later instruct. He is not named in this case for allegedly having injured the plaintiff himself. The Commissioner himself is not legally required to be present to sit through all of the trial. This is simply a legal way to get the court's orders met, if that becomes necessary. Therefore, the Department of Mental Health and Mental Retardation has designated as its representative, the Special Assistant to the Commissioner, Ms. Eranell McIntosh-Wilson, who currently advises Commissioner Houston on various matters concerning the Department's mental retardation operations, and, at the times relevant to the employment decisions to be addressed in this case, was the Associate Commissioner in charge of the Department's Mental Retardation Division, in which the positions in question were announced and filled. Will anyone hold it against the Department or Commissioner Houston for Ms. McIntosh-Wilson serving as their representative, rather than Commissioner Houston being personally present?

5. Do any of you personally know or have you had any dealings with Commissioner Houston or Ms. McIntosh-Wilson? If so and it has not already been covered, what are those circumstances?

6. What about Mr. Fordyce Mitchel who is in the Mental Retardation Division and directed its Community Services Offices for the relevant time periods of this case?

7. What about knowing or having dealings with any of the following individuals who are expected to be called in this case or anyone else that you now believe could be called in this case from what you have heard? Those already identified are:

[each side's expected-to-be-called list of witnesses].

8. In this case, the Plaintiff is suing the Department of Mental Health & Mental Retardation because she was not selected for several positions which, for her, would have been promotions. Have you ever been denied a promotion at work? If so,

    a. Who was chosen over you? Why?

    b. Do you think you were denied the promotion based on your race?

    c. If so, what were the circumstances?

9. Have you ever been responsible for making a hiring or promotion decision at work? If so,

    a. What was the vacant position?

    b. How many employees were eligible for the position?

    c. Were all of those employees qualified for the job?

    d. How did you choose which employee to promote/hire?

    e. Did you consider the demands of the particular position , and which employee had the skills that were best suited for the demands of the particular position?

10. In making a promotion decision, which is more important, the employee's length of service to the company, or the employee's job skills and abilities?

11. The plaintiff feels that the reason she was not selected for the positions sought is that she is African American. Do any of you feel that you have ever been the victim of race discrimination at work? If so,

   a. What happened?

   b. Did you file a grievance with your employer?

   c. Was the matter resolved to your satisfaction?

   d. Did you file a charge with the Equal Employment Opportunity Commission (EEOC)?

   e. Because of your own personal experience, do you have an opinion as to whether or not the Plaintiff in this case was a victim of race discrimination? If so, what is your opinion?

12. Do you know any persons whom you believe to be victims of race discrimination at work? If so,

   a. How many such persons do you know?

   b. What is the race of each person?

   c. What is their relationship to you?

   d. Do you believe the allegations? Why or why not?

13. Based on your own personal experience, when you hear stories or allegations of race discrimination in any workplace, do you have a gut reaction that the allegations are more likely to be true than false?

14. Does anyone believe that if the EEOC makes a finding in investigating a case, that that finding must be followed by the jury in a lawsuit and that a jury cannot come to a different conclusion?

15. If you are selected to serve on the jury in this case, you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against the Plaintiff or the Defendant. Could you put aside your own personal experience, and be an impartial

judge of the facts of this case, without being influenced in any way by sympathy or by prejudice either for or against the Plaintiff or the Defendant?

16. The evidence will show that when she applied for the jobs in question that the Plaintiff had worked for Department of Mental Health and Mental Retardation for over 15 years and that she had an excellent work record. Do any of you feel that all employees who work for the State of Alabama for more than 15 years and who have excellent work records, should be promoted? Why or why not?

17. Do any of you feel that the Alabama Department of Mental Health and Mental Retardation has enough money to promote all its dedicated and hard-working employees after they reach similar or longer years of service?

18. The Department, as an agency of state government, and the Plaintiff stand equal before the law, and both must be dealt with as equals in this Court.

    a. Do any of you feel that the government is not entitled to the same consideration that you would give a person?

    b. Do any of you feel for any reason that you cannot be fair to the Alabama Department of Mental Health and Mental Retardation, giving it the same consideration that you would give any person under the law?

19. Do any of you feel that the State of Alabama has plenty of money, and so it can afford to give money to the Plaintiff and her attorneys, regardless of whether the Plaintiff is entitled to recover, under the law and the facts of this case?

[ TAKE UP PRIVATE ANSWERS ON DEPARTMENT'S SERVICES TO POTENTIAL JURORS OR THEIR FAMILY MEMBERS.]

Respectfully submitted this, the 11th day of February, 2008.

        TROY KING
        ATTORNEY GENERAL

        /s/Courtney W. Tarver
        Courtney W. Tarver (TAR009)
        Deputy Attorney General and General Counsel
        Rebecca J. Luck (ASB8253K64R)
        Assistant Attorney General
        Attorneys for Defendants

        Alabama Department of Mental Health
         and Mental Retardation
        RSA Union Building, 100 N. Union St.
        P.O. Box 301410
        Montgomery, Alabama 36130-1410
        Phone: (334) 242-3038
        Fax: (334) 242-0924
        courtney.tarver@mh.alabama.gov
        rebecca.luck@mh.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing DEFENDANTS' VOIRE DIRE QUESTIONS has been served by use of this court's electronic filing system, CM/ECF, which will provide service to the following on this the 11TH day of February, 2008:

Rocco Calamusa, Esq.
Josh D. Wilson, Esq.
Benjamin J. DeGweck, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 Nineteenth Street North
Birmingham, AL  35203


        /s/Courtney W. Tarver
        COURTNEY W. TARVER