IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WINIFRED BACKLEDGE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALABAMA DEPARTMENT OF MENTAL )<br>   HEALTH AND MENTAL )<br>   RETARDATION, and JOHN HOUSTON )<br>   in his official capacity as Commissioner, )<br>)<br>Defendant. ) | Case No. 2:06cv321-ID - SJW |

## DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW, the Defendants, Alabama Department of Mental Health & Mental Retardation and Commissioner John Houston, in his Official Capacity as Commissioner of the Alabama Department of Mental Health & Mental Retardation, by and through Deputy Attorney General, Courtney W. Tarver, and submit our objection to plaintiffs proposed jury instruction as follows:

1. Plaintiff filed her proposed jury instructions on February 11, 2008. This document was electronically served on the Defendants at 5:15 PM.

2. Defendants object to Plaintiff's Proposed Jury Instructions as follows:

   a. # 15. Defendants object to the last sentence of Plaintiff's Proposed instruction in # 15. Which explains 42 USC § 1981. The Plaintiff's last sentence in this instruction is not applicable to the present case and is inappropriate and misleading. The Honorable United States District Court Judge Ira DeMent's summary judgment Memorandum Opinion and Order dated October 25, 2007 held that Plaintiff's 42 USC § 1981/§ 1983 case precluded and barred monetary damages, allowing only prospective equitable relief.

>    The proposed instruction is misleading by instructing the jury that monetary damages are available in this case under § 1981, though those claims for damages have been stricken and dismissed by Judge DeMent's Order.
> b. The language used in Plaintiff's proposed Jury Instruction #19 in the last sentence is not a proper reflection of the holding in the case cited. Plaintiff's proposed instruction # 19 instructs the jury that an influence is raised when an employer's stated reasons for its actions are false. However, the case law cited does not reflect that an inference is raised. Instead, the case law cited advises that falsity of an employer's given reason for actions "may permit the trier of fact to conclude," that the employer discriminated [The cases cited have negative history.]
>    Consequently, the proposed instruction is misleading and inappropriate.
> c. #20. The language recited in Plaintiff's Proposed Jury Instruction # 20 is taken out of context and consequently is misleading and in appropriate. The Plaintiff's proposed instruction cites case law describing a plaintiff's burden to prove a prime facie case. However the proposed instruction does not instruct the jury that the plaintiff must prove a prima facie case before the defendants duty to present evidence of a legitimate, non-discriminating reason for not selecting the plaintiff to fill a position.
>    Consequently, the proposed instruction is misleading and inappropriate.
> d. Plaintiff's Proposed Jury Instruction Number 21 does not correctly reflect the law of the cases cited by Plaintiff.
>    The cited cases do not reflect a requirement that the Defendant prove anything by a preponderance of the evidence, nor do the cases support other contentions in the proposed instruction. We think the instruction is in error and does not reflect the state of the law.
>    Consequently, Plaintiff's Proposed Jury Instruction # 21 is inappropriate and would be confusing to a jury.
> e. Plaintiff's Proposed Jury Instruction #22 is not supported by authority. It is not well written referring to the credibility of reasons. Credibility is associated with a witness, not a fact. It is not clear what is meant by "what

would be expected to occur in the absence of race or retaliation." Retaliation is not an issue surviving in this action.

Consequently, the proposed instruction is misleading and inappropriate.

f.  Plaintiff's Proposed Jury instructs Number 26 is not applicable to this case. The Honorable United States District Court Judge Ira DeMent's summary judgment memorandum opinion and Order dated October 25, 2007 held that Plaintiff's 42 USC § 1981/§ 1983 case precluded and barred monetary damages, allowing only prospective equitable relief.

   The proposed instruction is misleading by instructing the jury that monetary damages are available in this case under § 1981, though those claims for damages have been stricken and dismissed by Judge DeMent's Order. Consequently, the instruction would mislead a jury to believe they could and should award compensatory damages for the Section 1981/1983 claims. The instruction does not reflect that compensatory damages only remain available in this action for any finding of discrimination in Ms. Blackledge's failure to obtain the CSS III position, and not other positions.

g.  Plaintiff's Proposed Jury instructs Number 27 is not applicable to this case. The Honorable United States District Court Judge Ira DeMent's summary judgment Memorandum Opinion and Order dated October 25, 2007 held that Plaintiff's 42 USC § 1981/§ 1983 case precluded and barred monetary damages, allowing only prospective equitable relief.

   The proposed instruction is misleading by instructing the jury that monetary damages are available in this case under § 1981, though those claims for damages have been stricken and dismissed by Judge DeMent's Order. Consequently, the instruction would mislead a jury to believe they could and should award compensatory damages for the Section 1981/1983 claims. The instruction does not reflect that compensatory damages only remain available in this action for any finding of discrimination in Ms. Blackledge's failure to obtain the CSS III position, and not other positions.

h.  Plaintiff's Proposed Jury instructs Number 28 is not applicable to this case.

The Honorable United States District Court Judge Ira DeMent's summary judgment Memorandum Opinion and Order dated October 25, 2007 held that Plaintiff's 42 USC § 1981/§ 1983 case precluded and barred monetary damages, allowing only prospective equitable relief.

The proposed instruction is misleading by instructing the jury that monetary damages are available in this case under § 1981, though those claims for damages have been stricken and dismissed by Judge DeMent's Order. Consequently, the instruction would mislead a jury to believe they could and should award compensatory damages for the Section 1981/1983 claims. The instruction does not reflect that compensatory damages only remain available in this action for any finding of discrimination in Ms. Blackledge's failure to obtain the CSS III position, and no other positions.

Respectfully submitted this, the 12th day of February, 2008.

                      TROY KING
                      ATTORNEY GENERAL

                      /s/: Courtney W. Tarver
                      Courtney W. Tarver (TAR009)
                      Deputy Attorney General and General
                      Counsel
                      Rebecca J. Luck (LUC011)
                      Assistant Attorney General
                      Attorneys for Defendants
                      Alabama Department of Mental Health
                        and Mental Retardation
                      RSA Union Building, 100 N. Union St.
                            Fifth floor
                      P.O. Box 301410
                      Montgomery, Alabama 36130-1410
                         (334) 242-3038
                         facsimile (334) 242-0924
                         rebecca.luck@mh.alabama.gov

**CERTIFICATE OF SERVICE**

   I hereby certify that a copy of the foregoing **DEFENDANTS'OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** has been served by use of this court's electronic filing system, CM/ECF, which will provide service to the following on this the 12TH day of February, 2008:

Josh D. Wilson, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 Nineteenth Street North
Birmingham, AL   35203

                /s/: Courtney W. Tarver
                COURTNEY W. TARVER