**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **WINIFRED BLACKLEDGE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )**Case No. 2:06cv321-ID - SJW** |
| | ) |
| **ALABAMA DEPARTMENT OF MENTAL** | ) |
| **HEALTH AND MENTAL** | ) |
| **RETARDATION, and JOHN HOUSTON** | ) |
| **in his official capacity as Commissioner,** | ) |
| | ) |
| **Defendant.** | ) |

**DEFENDANT'S OBJECTION
TO ADMISSION OF PLAINTIFF'S EXHIBITS
(PLAINTIFF'S AMENDED EXHIBIT LIST [DOC 68])**

Defendants Alabama Department of Mental Health and Mental Retardation and John Houston, Commissioner of ADMHMR in his official capacity, hereby object to introduction of certain exhibits listed by Plaintiff (except to the extent that the same exhibit has been properly identified by the defendants), and for cause show that Plaintiff did not timely exchange copies of the exhibits pursuant to the Uniform Scheduling Order [DOC 11], and Judge Walker's February 5, 2008 Scheduling Order [DOC 51], and says:

1.  Defendants produced copies of all Defendants' proposed Exhibits, pre-marked, along with Defendant's Amended Exhibit List [DOC 43], and hand delivered to plaintiff's counsel at the originally scheduled Pre-Trial Conference on October 9, 2007 in Judge DeMent's office suite.

2.  Plaintiff produced copies of most of the Exhibits she intends to introduce at trial on February 14, 2008.  Defendants object to the introduction of Exhibits 7, 17, 19, 41, 72 and 96, as follows:

A.  Exhibit 96 was not produced.  It purports to be a chart of Plaintiff's claims for back pay.  We have not seen this attorney prepared product and object to the introduction of the same because it's accuracy and trustworthiness cannot be gauged in advance.

B.  Exhibit 7 in incomplete.  The completed memo has an attachment.  To the extent that the Exhibit List infers that the memo is complete, we object to its introduction without the appropriate attachment.

C.  Exhibit 19 is incomplete.  .  The completed memo has an attachment.  To the extent that the Exhibit List infers that the memo is complete, we object to its introduction without the appropriate attachment.

D.  Exhibit 72 is misnamed.  The name assigned to Exhibit 72 by the Plaintiff implies that the document is the work product of DMHMR.  However, most of the pages in Exhibit 72 were actually authored by Winifred Blackledge herself.  The misnaming of the document would confuse the jury.

Defendants may be prejudiced by these misnomers.  Defendants will be greatly prejudiced if the Plaintiff creates and uses a chart explaining damages that may be erroneous and disputed by the Defendants when it has been produced for our review.

WHEREFORE, Defendants pray this Honorable Court will exclude Plaintiff's Exhibits 7, 17, 19, and 72 at trial until they have been properly configured and clearly named.  We object to the introduction to Exhibit 96 as attorney comment that has not been produced for our inspection and may be inappropriate and erroneous.

Respectfully submitted this, the 14th day of February, 2008.

TROY KING
ATTORNEY GENERAL

 /s/: Rebecca J. Luck
Courtney W. Tarver (TAR009)
Deputy Attorney General and
General Counsel
Rebecca J. Luck (LUC001)
Assistant Attorney General
Attorneys for Defendants
Alabama Department of Mental
Health and Mental Retardation
RSA Union Building, 100 N. Union
St. Fifth floor
P.O. Box 301410
Montgomery, Alabama 36130-1410
        (334) 242-3038
        facsimile (334) 242-0924
rebecca.luck@mh.alabama.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing **DEFENDANT'S OBJECTION TO ADMISSION OF PLAINTIFF'S EXHIBITS (PLAINTIFF'S AMENDED EXHIBIT LIST [DOC 68])** has been served by use of this court's electronic filing system, CM/ECF, which will provide service to the following on this the 14th day of February, 2008:

>       Josh D. Wilson, Esq.
>       WIGGINS, CHILDS, QUINN & PANTAZIS
>       The Kress Building
>       301 Nineteenth Street North
>       Birmingham, AL   35203

<u>/s/: Rebecca J. Luck</u>
Rebecca J. Luck