IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WINIFRED BLACKLEDGE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE No.: CV 2:06-CV-321-SRW |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| MENTAL HEALTH & MENTAL | ) | |
| RETARDATION & COMMISSIONER | ) | |
| JOHN HOUSTON, in his Official | ) | |
| Capacity as Commissioner. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' EXHIBIT LIST AND MOTION TO STRIKE PORTIONS OF DEFENDANTS' EXHIBIT LIST**

**COMES NOW**, Plaintiff Winnifred Blackledge, by and through the undersigned counsel, and objects to the Defendants' Amended Exhibit List (Dkt. # 43) as follows:

I.  **Plaintiff specifically objects to the following exhibits:**

Plaintiff objects to the following documents on the basis of Federal Rules of Evidence 401, 402, 403, 404, 608, 701, 702, 801, 802, 803, 804, 805; Federal Rules of Civil Procedure 26 and 32; this Court's Scheduling Order, and the reasons stated in Plaintiff's Motions in Limine.

19.  **Consolidation Plan (Bate Stamped #3635-3705)**

Plaintiff's object on the grounds of relevance, hearsay and that the introduction of the documents would be more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 401, 402, 403, 701, 702.

1

Plaintiff also objects because the listing of the exhibit is too broad and that the specific documents are not properly identified. Furthermore, this collection of documents is not relevant to the issues at hand, which are whether Plaintiff was qualified for the job promotions she applied for and whether race played a factor in the decision to award the positions to persons other than Plaintiff.

20. **Exempt Selection Procedures (Bate Stamped # 4806-4856)**

Plaintiff also objects because the listing of the exhibit is too broad and that the specific documents are not properly identified.

21. **Cultural Competency Plan (Bate Stamped # 4932-4944)**

Plaintiff's object on the grounds of relevance, hearsay and that the introduction of the documents would be more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 401, 402, 403, 701, 702.

Plaintiff also objects because the listing of the exhibit is too broad and that the specific documents are not properly identified. Furthermore, this collection of documents is not relevant to the issues at hand, which are whether Plaintiff was qualified for the job promotions she applied for and whether race played a factor in the decision to award the positions to persons other than Plaintiff.

22. **DMHMR Personnel Policies and Procedures - Exempt Selection Procedure**

Plaintiff also objects because the listing of the exhibits are too broad and that the specific documents are not properly identified. Plaintiff further objects because these documents appear to be identified in Exhibit #20.

25. **Black applicants reports: 2002-2004**

Plaintiff's object on the grounds of relevance, hearsay and that the introduction of the documents

would be more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 401, 402, 403, 701, 702.

Plaintiff also objects because the listing of the exhibit is too broad and that the specific documents are not properly identified. Furthermore, this collection of documents is not relevant to the issues at hand, which are whether Plaintiff was qualified for the job promotions she applied for and whether race played a factor in the decision to award the positions to persons other than Plaintiff.

### 26.  SPRING CONFERENCE

   26(a) - 26(f)

### 27 - 41.  All Exhibits Related to Plaintiff's Retaliation Claims

Defendants has introduced Exhibits 26(a) - 26(f) and Exhibits 27-41 which are all documents related to Plaintiff's Retaliation claims which pursuant to Judge DeMent's Memorandum Opinion and Order were dismissed by the Court on Summary Judgment. (Dkt. #46: Memorandum Opinion and Order). Plaintiff has filed a Motion in Limine regarding the introduction of this evidence. (Dkt. #66: Motion In Limine to Exclude Testimony, Evidence or Argument Regarding Plaintiff's Retaliation Claims and the Dismissal of the Retaliation Claims).

Each of these Exhibits have no tendency whatsoever to make a material fact of the present action more or less probable. Such testimony, evidence or argument is not relevant to the legal issues at hand, which is whether Plaintiff was denied promotions because of her race. All of these exhibits are dated after the last of the three promotions at issue in this case was filled. Therefore, all such testimony, evidence or argument should be excluded pursuant to Fed.R.Evid. 401 and 402.

Furthermore, in the event this testimony is deemed to have some probative value, the evidence

should still be excluded because it is substantially more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 403. The retaliation claims are no longer remaining in this action and therefore, these exhibits which are directly related to the retaliation claims would be prejudicial, confusing and misleading to the jury who should only be deciding Plaintiff's three promotion claims. Such exhibits also violate Federal Rule of Evidence 608.

**53.    Significant EEOC Letters and Findings**

Plaintiff's object on the grounds of relevance, hearsay and that the introduction of the documents would be more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 401, 402, 403, 701, 702.

Plaintiff also objects because the listing of the exhibits are too broad and that the specific documents are not properly identified. A large portion of these documents are related to Plaintiff's retaliation claims, including Plaintiff's Second EEOC charge, Defendant's Response to Plaintiff's Second EEOC Charge, the First Amended Complaint. Plaintiff hereby incorporates by reference the argument made above regarding the admissibility of documents related to the Retaliation claims and in Plaintiff's Motion In Limine (Dkt. # 66).

Defendant does not identify this collection of documents by page number, therefore they are objectionable as being too broad and because they do not specifically identify each individual exhibit. Plaintiff objects to the collection of documents as a whole and specifically objects to documents related to Plaintiff's Second EEOC charge (approximately the last 35 pages of the exhibit list).

Furthermore, many of these documents are not relevant to the issues at hand, which are whether Plaintiff was qualified for the job promotions she applied for and whether race played a factor in the

decision to award the positions to persons other than Plaintiff. Without knowing the specific document from the EEOC file Defendants intend to introduce, plaintiff cannot accurately determine which document may be relevant and which document is not.

54. **Medical Records of Winnifred Blackledge from Dr. Susaan A. Blanchard, M.D.'s office, as produced by Plaintiff's Counsel.**

Plaintiff's object on the grounds of relevance, hearsay and that the introduction of the documents would be more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 401, 402, 403, 701, 702.

Plaintiff also objects because the listing of the exhibits are too broad and that the specific documents are not properly identified. Furthermore, this collection of documents is not relevant to the issues at hand, which are whether Plaintiff was qualified for the job promotions she applied for and whether race played a factor in the decision to award the positions to persons other than Plaintiff.

55. **Pharmaceutical information regarding Klonopin.**

Plaintiff's object on the grounds of relevance, hearsay and that the introduction of the documents would be more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 401, 402, 403, 701, 702, 901.

Plaintiff also objects because the listing of the exhibits are too broad and that the specific documents are not properly identified. Furthermore, this collection of documents is not relevant to the issues at hand, which are whether Plaintiff was qualified for the job promotions she applied for and whether race played a factor in the decision to award the positions to persons other than Plaintiff. In addition, these documents have not been produced to Plaintiffs.

**56.    Pharmaceutical information regarding Bellamine.**

Plaintiff's object on the grounds of relevance, hearsay and that the introduction of the documents would be more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 401, 402, 403, 701, 702.

Plaintiff also objects because the listing of the exhibits are too broad and that the specific documents are not properly identified. Furthermore, this collection of documents is not relevant to the issues at hand, which are whether Plaintiff was qualified for the job promotions she applied for and whether race played a factor in the decision to award the positions to persons other than Plaintiff. In addition, these documents have not been produced to Plaintiffs.

**57 - 63.    Depositions**

Plaintiff's object on the grounds of relevance, hearsay and that the introduction of the documents would be more prejudicial, confusing, and misleading than it is probative. Fed.R.Evid. 401, 402, 403, 701, 702, 901. Such exhibits also violate Fed.R.Civ.P. 32.

Plaintiff is also filing objections to Defendant's deposition designations and hereby incorporates by reference said objections. As Department representatives, all of the individuals listed should be required to testify live on behalf the Department. The depositions should not be read into evidence based on the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Specifically, each of the individuals listed for depositions have not been proven to be unavailable, thus, requiring the preselection of their depositions, as required pursuant to Fed.R.Civ.P. 32. Each of the individuals listed by Defendant, other than Susan Stuardi, are still employed by Defendant. Furthermore each of these individuals, other than Jerrylyn London live in Montgomery. Finally Defendant has indicated to plaintiff's counsel that each of

these individuals will be available for trial, including Ms. London and Ms. Stuardi.

In order for these deposition designations to be admitted, Fed.R.Civ.P. 32(3) requires that the Defendant prove a witness be either (A) "dead"; (B) "a greater distance than 100 miles from the place of the trial or hearing"; (C) "unable to attend or testify because of age, illness, infirmity, or imprisonment"; (D) "the party offering the deposition has been unable to procure the attendance of the witness by subpoena"; or (E) "exceptional circumstances exist".... As stated above, Defendant has the ability to produce each of these individuals, other than Ms. Stuardi, at the trial. Defendant has further indicated that Ms. Stuardi will be available for trial. Therefore, each of these deposition exhibits are not admissible.

Plaintiff further objects pursuant to Fed.R.Evid. 801, 802, 803, 804 and 805 in that such exhibits are hearsay. Furthermore, Defendant has not met the requirements of Fed.R.Evid. 804 requiring that the declarant be unavailable.

66. **Catch-All Exhibits**

Plaintiff objects on the grounds that Defendant has not produced any of these documents, therefore they are not admissible.

WHEREFORE, premises considered, Plaintiff respectfully objects to Defendants' Amended Exhibit List and moves that this Court strike the Defendants' Exhibit List, more specifically to enter an Order requiring Defendants to properly identify specific exhibits that it intends to use at trial, by some sort of title, so Plaintiff can properly identify these documents and properly prepare for trial.

          Respectfully submitted,

          /s/Rocco Calamusa, Jr.
          Rocco Calamusa, Jr.
          Joshua D. Wilson
          *Attorney for the Plaintiff*

**OF COUNSEL:**

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500

## CERTIFICATE OF SERVICE

  I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax:  (334) 242-0924

  This the __18th__ Day of __February__, 2008.

          /s/Rocco Calamusa, Jr.
          Of Counsel