IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WINIFRED BLACKLEDGE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE No.: CV 2:06-CV-321-ID |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| MENTAL HEALTH & MENTAL ) | |
| RETARDATION & COMMISSIONER ) | |
| JOHN HOUSTON, in his Official ) | |
| Capacity as Commissioner. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED JURY INSTRUCTIONS

Comes now the plaintiff, by and through the undersigned counsel, and files the following objections

to Defendants' Proposed Jury Instructions.

**Page 8**[1] - Plaintiff objects to this instruction on the basis that it is unnecessary and duplicative of

other proposed instructions. In addition, the words "or a motivating" should be inserted after "substantial"

in the second line in order to make it an accurate statement of the law.

**Page 9 -** Plaintiff objects to the inclusion of the second paragraph on page 10.

**Page 11** - Plaintiff objects that this instruction is duplicative, unnecessary, and confusing, especially

parts of paragraph 1 and 3. This instruction is covered by other instructions including the 11th Circuit

---

[1]Defendants' proposed jury instructions are not numbered. Thus, plaintiff's objections reference
the page in which the instruction begins.

Pattern Jury Instructions.

**Page 12** - Plaintiff objects that this instruction does not conform with the 11th Circuit Pattern Jury Instruction. The jury will determine only whether plaintiff's race was a substantial or a motivating factor in the decision not to promote her. The jury does not determine the shifting burdens in making its decisions. In other words, the jury does not determine whether plaintiff established her *prima facie* case, whether defendant articulated a legitimate non-discriminatory reason by the decision maker, and whether such reason was pretext for discriminatory. See 11th Circuit Pattern Jury Instructions.

**Page 14** - Plaintiff objects to this proposed instructions on the basis that it is confusing and is a misstatement of the law. It is undisputed that plaintiff is a member of a protected class. The only issue for the jury to determine is whether plaintiff's race was a substantial or a motivating factor in the decision not to promote her.

**Page 16** - Plaintiff objects to this instruction. Such instruction as worded is does not conform to the 11th Circuit Pattern Jury Instructions.

**Page 17** - Plaintiff objects to this instruction on the basis that it is an inaccurate statement of the law and attempts to place the burden on the plaintiff to disprove defendants' affirmative defense. Moreover, it omits any reference to the fact that the defendants must establish its affirmative defense by a preponderance of the evidence.

**Page 18** - Plaintiff objects on the basis that the shifting burden in discrimination claims is not presented to or an issue for the jury. The jury need only determine whether race was a substantial or a motivating factor in the decision. See 11th Circuit Pattern Jury Instructions.

**Page 19** - Plaintiff objects on the basis that failure to mitigate is not an issue in the case thus, this

instruction is not relevant, confusing, and unnecessary. Moreover, paragraph 3 is confusing and not an accurate statement of the law.

**Page 20** - This instruction is duplicative of the instruction on page 9. As for the Special Interrogatories contained in this instruction, plaintiff states as follows: The word "a" needs to be inserted prior to "motivating" in question number 2. The words "Did defendants prove by a preponderance of the evidence" needs to be inserted at the beginning of question 3. Finally, there are three promotions at issue in this case and therefore, the Special Interrogatories need to include separate questions as to each separate claim.

**Page 25** - Plaintiff objects on the basis that this instruction is duplicative of those beginning on page 9 and page 20. Moreover, the jury does not need a separate instruction on Section 1981 and Title VII.

**Page 29** - Plaintiff objects to this proposed instruction. Any such instruction needs to set forth that it is defendants' burden to prove any affirmative defense. In addition, this instruction is duplicative of other proposed charges.

**Page 30** - Plaintiff objects on the basis that this instruction is not relevant or necessary. The issues sets forth in this proposed instruction are not issues for the jury to determine.

**Page 32** - Plaintiff objects on the basis that the shifting burdens and whether or not plaintiff has established her *prima facie* case is not a determination for the jury. See 11th Circuit Pattern Jury Instructions.

**Page 33** - Plaintiff objects that this instruction does not conform with the 11th Circuit Pattern Jury Instructions. As worded, this instruction does not include the determination of whether race was a

3

substantial or a motivating factor and indicates that qualifications is the only factor which can be considered.

**Page 34** - Plaintiff objects that this proposed instruction is duplicative of other instructions submitted.

**Page 35** - Plaintiff objects. This instruction is not relevant in that the issue presented in the instruction is not an issue for the jury to determine. Thus, not only is it irrelevant but would also be confusing.

**Page 36** - Plaintiff objects on the basis that this proposed instruction is confusing as worded. The issue of damages and back-pay are better explained in other instructions including the 11th Circuit Pattern Jury Instructions.

**Page 37** - Plaintiff objects to this instruction. This instruction is duplicative of other proposed instructions and the subject matter of this instruction is not an issue for the jury to determine. As stated, the jury does not assess the shifting burdens as the Court would on summary judgment or in a motion for judgment as a matter of law. See 11th Circuit Pattern Jury Instructions.

**Page 38 -** Plaintiff objects to this instruction on the basis that it is not relevant and would thus be confusing to the jury.

**Page 39 -** Plaintiff objects to this instruction in that it is an inaccurate statement of the law and facts in this case and the subject matter of this instruction is covered by other instructions. In addition, the issue of closing of facilities and whether that act was motivated by race is not an issue in the case.

**Page 40** - Plaintiff objects. This instruction is duplicative of other instructions. See earlier objections and the 11th Circuit Pattern Jury Instructions.

**Page 41** - Plaintiff objects. See objection to instruction on page 33 and see 11th Circuit Pattern

Jury Instructions.

**Page 42 -** Plaintiff objects on the basis that this instruction is not relevant to an issue which will be before the jury and therefore, is unnecessary and confusing. The discriminatory act at issue in the case is the failure to promote. It is undisputed that a failure to promote is an adverse employment action. The issue of adverse employment action and the issue of retaliation is not before the jury.

**Page 43 -** Plaintiff objects on the basis that this instruction is not relevant, is confusing, and is a misstatement of the law and facts of this case. The discriminatory conduct in this case is a failure to promote. There is no question that a failure to promote is an adverse employment action. Moreover, defendants have not provided relief to plaintiff from such failure to promote.

**Page 44 -** Plaintiff objects on the basis that this instruction is not relevant, is confusing, and is an incomplete statement of the law. The adverse action complained of in this case is the failure to promote not retaliatory or discriminatory evaluations.

**Page 45 -** Plaintiff objects on the basis that this instruction is an inaccurate statement of the law and therefore, the jury should not be given such an instruction.

Respectfully submitted,


/s/Rocco Calamusa, Jr.
Rocco Calamusa, Jr.
Joshua D. Wilson
*Attorney for the Plaintiff*

**OF COUNSEL:**

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500


## CERTIFICATE OF SERVICE

I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax:   (334) 242-0924


This the ___18th___ Day of _February_, 2008.


/s/Rocco Calamusa, Jr.
Of Counsel

6