IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WINIFRED BLACKLEDGE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE No.: CV 2:06-CV-321-SRW |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| MENTAL HEALTH & MENTAL | ) | |
| RETARDATION & COMMISSIONER | ) | |
| JOHN HOUSTON, in his Official | ) | |
| Capacity as Commissioner. | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S OBJECTION TO DEFENDANTS' DEPOSITION DESIGNATIONS AND MOTION TO STRIKE DEPOSITION DESIGNATIONS AS IMPROPER

**COMES NOW**, Plaintiff Winnifred Blackledge, by and through the undersigned counsel, and objects to the Defendants' Deposition Designations (Dkt. # 64) as follows:

Plaintiff objects on the basis that the Federal Rules of Civil Procedure prohibit the admission of the depositions as designated by Defendants because Defendants cannot prove that the deponents are unavailable as required by Fed.R.Civ.P. 26 and 32, and Federal Rule of Evidence 804.

Specifically, each of the individuals whom Defendants have designated it will introduce testimony via deposition have not been proven to be unavailable to testify live at trial and thus, submitting deposition testimony in lieu of live testimony is not proper pursuant to Fed.R.Civ.P. 32. Each of the individuals listed by Defendants, other than Susan Stuardi, are still employed by Defendants. Defendants' attorneys have stated and did so again at the Pretrial Conference, that all employees listed as witnesses would be made

available for trial. Furthermore each of the current employees, other than Jerrylyn London, live in Montgomery area.

In order for these deposition designations to be admitted, Fed.R.Civ.P. 32(a)(3) requires that the Defendants prove a witness be either (A) "dead"; (B) "a greater distance than 100 miles from the place of the trial or hearing"; (C) "unable to attend or testify because of age, illness, infirmity, or imprisonment"; (D) "the party offering the deposition has been unable to procure the attendance of the witness by subpoena"; or (E) "exceptional circumstances exist..." As stated above, Defendants have the ability to produce each of these individuals, other than Ms. Stuardi, at the trial. Defendants have further indicated that Ms. Stuardi will be available for trial. Therefore, the deposition testimony of each of these witnesses should not be admitted. Defendants have failed to satisfy any of the provisions of Rule 32 which would warrant the admission of deposition testimony.

Generally, if Defendants cannot prove that the witness is unavailable, deposition designations should only be used "for the purpose of contradicting or impeaching the testimony of deponent as a witness..." Fed.R.Civ.P. 32(a)(1). Therefore, this Court should strike the Defendants' deposition designations.

In addition, Plaintiff objects to the designations because Defendants have not properly identified the deposition designations it wishes to use by failing to identify the page and line designation. Instead, Defendants simply lists page numbers. There are many questions and answers on a page designated generally by Defendants which are objectionable. Therefore, Plaintiff objects on the grounds of relevance, hearsay and that the introduction of the testimony would be more prejudicial, confusing, and misleading than it is probative. Federal Rules of Evidence 401, 402, 403.

Plaintiff further objects pursuant to Fed.R.Evid. 801, 802, 803, 804 and 805 in that such

designations are hearsay. The testimony offered by Defendants through depositions are statements "other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801. "Hearsay is not admissible except as provided by these rules...." Fed.R.Evid. 802. Furthermore, these statements do not qualify for any of the hearsay exceptions under Fed.R.Evid. 803. Finally, as explained above, Defendants have not met the requirements of Fed.R.Evid. 804 and Fed.R.Civ.P. 32, requiring that the Declarant be unavailable.

WHEREFORE, premises considered, Plaintiff respectfully objects to Defendants' Deposition Designations and moves that this Court strike the Defendants' Deposition Designations and prohibit Defendants from offering such testimony via deposition in violation of Rule 32. In addition, plaintiff requests that this Court enter an Order that for any deposition testimony which is admissible under Rule 32 Defendants be required to properly identify the specific deposition designations by page and line so Plaintiff can properly identify the specific testimony to be offered, respond to such testimony or object on a proper evidentiary basis.

                Respectfully submitted,

                /s/Rocco Calamusa, Jr.
                Rocco Calamusa, Jr.
                Joshua D. Wilson
                Attorney for the Plaintiff

**OF COUNSEL:**

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Phone: (205) 314-0500

## CERTIFICATE OF SERVICE

I do hereby certify that I have filed a copy of the above and foregoing by filing the same with the EC/CMF system, which will provide notification to the following:

TROY KING
ATTORNEY GENERAL

COURTNEY W. TARVER
Deputy Attorney General and General Counsel
State of Alabama Department of
Mental Health and Mental Retardation
RSA Union Building
100 N. Union Street
P.O. Box 301410
Montgomery, Alabama 36130-1410
Phone: (334) 242-3038
Fax:   (334) 242-0924

This the __18th__ Day of __February__, 2008.

/s/Rocco Calamusa, Jr.
Of Counsel