IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **WINIFRED BLACKLEDGE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ALABAMA DEPARTMENT OF MENTAL** )<br>**HEALTH AND MENTAL** )<br>**RETARDATION, and JOHN HOUSTON** )<br>**in his official capacity as Commissioner,** )<br>)<br>**Defendant.** ) | Case No. 2:06cv321-ID - SJW |

### DEFENDANTS' RESPONSE
### TO PLAINTIFF'S MOTION IN LIMINE
### REGARDING TESTIMONY, EVIDENCE OR ARGUMENT REGARDING
### LEGITIMATE NON-DISCRIMINATORY REASONS FOR OFFERING PQA II
### POSITIONS TO PERSONS OTHER THAN PLAINTIFF [DOC 67]

COME NOW, the Defendants, the Alabama Department of Mental Health and Mental Retardation, and Commissioner John Houston, in his official capacity, and respond to the "Plaintiff's Motion in Limine Regarding Testimony, Evidence or Argument Regarding Legitimate Non-Discriminatory Reasons for Offering PQA II Positions to Persons Other Than Plaintiff", and says:

1. This motion is one of two motions in limine filed by Plaintiff. This motion is Plaintiff's attempt to frustrate introduction of evidence essential to Defendants' case by misciting case law and misstating the substance and effect of Judge DeMent's summary judgment Order [DOC 46].

2. Plaintiff improperly construes Judge DeMent's Order, saying that Judge DeMent determined that the Defendants effectively waived the right to assert any articulated legitimate nondiscriminatory reasons for the selection of persons other than the Plaintiff for both of the two

PQA II positions at issue in this case, and cites Judge DeMent's summary judgment Order, DOC 46, page 23.  Page twenty-three of Judge DeMent's Order is devoted to a discussion of the limitation of issues which can be addressed in a motion for summary judgment reply brief, and Judge DeMent concluded that it is improper to raise new arguments in a reply brief.  Judge DeMent noted at his footnote 9, page 24, that the Defendants were deemed to have conceded non-discriminatory reasons "**for present purposes**."  Judge DeMent's Order [DOC 46] does **not** state that the Defendants conceded issues of non-discriminatory reasons for adverse actions for **purposes of the trial**.

3.  In this motion in limine, plaintiff's argument rests on the proposition that Defendants had a duty to produce testimony regarding a legitimate, non-discriminatory reason *from the decision-maker* for the decisions to hire individuals other than Ms. Blackledge.  Plaintiff cites *Tex. Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 255 n.9, 101 S.Ct. 1089 (1981) (*"Burdine"*), for Plaintiff's argument, as stated in Plaintiff's motion at page 3, that articulated reasons for selection decisions must come from testimony of the decision-maker.  After a complete reading and review of *Burdine* and the other cases cited by Plaintiff, *Walker v. Morthan*, 158 F.3d 1177, 1184 (11th Cir. 1998), and *Schoenfeld v. Babbitt*, 168 F.3d 1257, 1268-1269 (11th Cir. 1999), it is clear that Plaintiff's contention that these cases stand for a proposition that the decision-maker must testify is not reflective of the cases cited.  These collective cases show that the employer must simply articulate at least one legitimate non-discriminative reason for its decision for the adverse employment action to require the plaintiff to prove pretext under the *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct 1817 (1973) prima facie case burden of production shifting test.  *Walker* adds that there must be evidence that the legitimate non-discriminatory reason was a known factor in the consideration of the decision-maker.  None of

these cases suggest that evidence of the legitimate non-discriminatory reasons must have been produced before the trial of the matter, nor do any of these cases suggest that the decision-maker must testify. This theory that Plaintiff is advancing is not supported by the case law. Certainly, it would be true that if Plaintiff had brought the issue before the Court in a Motion for Summary Judgment, and then the Defendant theoretically failed to produce evidence of its legitimate non-discriminatory reasons for the adverse actions, then the Plaintiff's motion would be successful. That is not the case here. The Plaintiff did not bring a motion for summary judgment and the defendant has not, yet, incurred the burden of articulating a legitimate non-discriminatory reason for adverse actions. It is in trial that Defendants in this case will necessarily have to produce evidence of legitimate non-discriminatory reasons for actions taken adverse to Ms. Blackledge.

4. It should be noted that Plaintiff's assertions that Defendants failed to produce evidence of the successful candidates' superior qualifications and "skill sets" is not reflective of the production of evidence in this case to date. The Defendant's Exhibit List includes the Applications and other supporting work history showing qualifications of the competing candidates. These documents and the scoring by interview panel members show that a variety of persons believed that the successful candidates were the most appropriate choices. The Defendants have also included documentary evidence that the Department was undergoing a massive closure affecting positions in question in this case. This consolidation plan was approved by the Governor and met the Governor's reduction in state expenditures request. That process added additional hiring considerations, prioritizing placement for people whose jobs were at risk due to closure. It also contributed to the abnormal loss of control of file preservation for a position. In addition to the foregoing there is deposition testimony of Departmental employees supporting the determinations that the successful candidates were more qualified, or had more appropriate skill

sets for the positions in question. All of this is said, while at the same time, it is acknowledged that the Defendants have not had to produce this evidence to date.

WHEREFORE, Defendants pray this Honorable Court will deny the Plaintiff's Motion in Limine Regarding Testimony, Evidence or Argument Regarding Legitimate Non-Discriminatory Reasons for Offering PQA II Positions to Persons other than Plaintiff [DOC 67].

Respectfully submitted this, the 19th day of February, 2008.

TROY KING
ATTORNEY GENERAL

/s/: Courtney W. Tarver
Courtney W. Tarver (TAR009)
Deputy Attorney General and General Counsel
Rebecca J. Luck (ASB8253K64R)
Assistant Attorney General
Attorneys for Defendants
Alabama Department of Mental Health
 and Mental Retardation
RSA Union Building, 100 N. Union St.
          Fifth floor
P.O. Box 301410
Montgomery, Alabama 36130-1410
     (334) 242-3038
     facsimile (334) 242-0924
     rebecca.luck@mh.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION IN LIMINE REGARDING TESTIMONY, EVIDENCE OR ARGUMENT REGARDING LEGITIMATE NON-DISCRIMINATORY REASONS FOR OFFERING PQA II POSITIONS TO PERSONS OTHER THAN PLAINTIFF [DOC 67]** has been served by use of this court's electronic filing system, CM/ECF, which will provide service to the following on this the 19TH day of February, 2008:

Josh D. Wilson, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 Nineteenth Street North
Birmingham, AL   35203

/s/:  Courtney W. Tarver
COURTNEY W. TARVER