IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WINIFRED BLACKLEDGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06cv321-ID - SJW |
| ) | |
| ALABAMA DEPARTMENT OF MENTAL ) | |
|    HEALTH AND MENTAL ) | |
|    RETARDATION, and JOHN HOUSTON ) | |
|    in his official capacity as Commissioner, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY, EVIDENCE OR ARGUMENT REGARDING THE PLAINTIFF'S RETALIATION CLAIMS AND THE DISMISSAL OF PLAINTIFF'S RETALIATION CLAIMS" [DOC 66]**

COMES NOW, the Defendant, Alabama Department of Mental Health and Mental Retardation, and Commissioner John Houston, in his official capacity, by and through General Counsel and Deputy Attorney General, Courtney Tarver, attorney for the Defendants in this case, and responds to the "PLAINTIFF' MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY, EVIDENCE OR ARGUMENT REGARDING THE PLAINTIFF'S RETALIATION CLAIMS AND THE DISMISSAL OF PLAINTIFF'S RETALIATION CLAIMS" [DOC 66] filed by the Plaintiff on February 11, 2008, and says:

1. Defendants do not intend to argue retaliation claims or dismissal of the retaliation causes of action. It must be stated that the documentary evidence and facts surrounding Plaintiff's claims, past and present, are intermingled and may be expected to appear in testimony regarding related matters.

2. However, Defendants believe that fairness requires that evidence about retaliation claims remain open to review in testimony and production of documents if those issues are brought into contention by the Plaintiff or her witnesses.

3. The Defendants assert that if the Plaintiff "opens the door" to any of the issues or fact scenarios surrounding her former claims for retaliation, that those issues and fact scenarios will become legitimate objects of inquiry and production Federal Rules of Civil Procedure, Rules 106, 401 and 402.  See e.g. also Fed R. Civ. P., Rule 32 (a)(4).Defendants must be allowed to produce documents in rebuttal of any arguments or issues raised by the Plaintiff.

WHEREFORE, Defendants agree to avoid introduction of retaliation issues or causes of action except to the extent it is necessary to respond to them when the Plaintiff "opens the door" and where necessary to explain related issues where documentary evidence may cover multiple issues and facts.

Respectfully submitted this, the 19TH day of February, 2008.

        TROY KING
        ATTORNEY GENERAL

        /s/: Courtney W. Tarver
        Courtney W. Tarver (TAR009)
        Deputy Attorney General and General Counsel
        Rebecca J. Luck (ASB8253K64R)
        Assistant Attorney General
        Attorneys for Defendants
        Alabama Department of Mental Health
         and Mental Retardation
        RSA Union Building, 100 N. Union St.
                Fifth floor
        P.O. Box 301410
        Montgomery, Alabama 36130-1410
           (334) 242-3038
           facsimile (334) 242-0924
           rebecca.luck@mh.alabama.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS MOTION IN LIMINE TO EXCLUDE ANY TESTIMONY, EVIDENCE OR ARGUMENT REGARDING THE PLAINTIFF'S RETALIATION CLAIMS AND THE DISMISSAL OF PLAINTIFF'S RETALIATION CLAIMS" [DOC 66]** has been served by use of this court's electronic filing system, CM/ECF, which will provide service to the following on this the 19TH day of February, 2008:

Josh D. Wilson, Esq.
WIGGINS, CHILDS, QUINN & PANTAZIS
The Kress Building
301 Nineteenth Street North
Birmingham, AL   35203

                                            /s/: Courtney W. Tarver
                                            COURTNEY W. TARVER